UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK CLIFFORD SYKES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HENDERSON POLICE DEPARTMENT et al.,<br><br>　　　　Defendants. | Case No. 2:22-cv-00956-JAD-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION** |

　　　　This matter comes before the Court on Plaintiff's Complaint and application to proceed *in forma pauperis*. ECF Nos. 1, 1-2.

**I.**　　**IN FORMA PAUPERIS APPLICATION**

　　　　On June 16, 2022, Plaintiff, a non-inmate, filed an application to proceed *in forma pauperis*. The application is complete, and Plaintiff is granted *in forma pauperis* status.

**II.**　　**SCREENING THE COMPLAINT**

　　　　Upon granting a request to proceed *in forma pauperis,* a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id*.).

## III. DISCUSSION

### A. Plaintiff's Complaint.

Plaintiff alleges that on June 17, 2021, he was sitting in Morrell Park—located at 500 Harris Street in Henderson, Nevada—with an associate. ECF No. 1-2 at 4. The two men were approached by a pair of Henderson Police Department ("HPD") officers who were investigating a robbery that occurred in the vicinity of where Plaintiff and his associate were sitting. *Id.* Following a series of verbal exchanges among Plaintiff, the HPD officers, and a later-arriving HPD sergeant, Plaintiff was placed in handcuffs and arrested on the charge of Obstructing a Public Officer. *Id.* at 5-6. Plaintiff was later found not guilty on that charge and has now filed this civil action that springs from the June 17, 2021 events. *Id.* at 6.

Plaintiff alleges that during the interaction with the HPD officers, several of his constitutional and civil rights were violated. *Id.* at 2-3. As a result, Plaintiff states he is entitled to numerous forms of relief, including a favorable judgment, damages, attorney's fees, and mandates to the HPD regarding its policies and procedures. *Id.* at 26. Plaintiff lists the following as Defendants: Officer C. Watts (individual capacity), Officer B. Shaffer (individual capacity), Sergeant K. Abernathy (individual capacity), Chief of Police Thedrick Andres (individual capacity), "all Unknown Doe's 1-12,000 et al.," and "the State of Nevada of the Henderson Police Department of Clark County Nevada (individual and official capacities)." *Id.* at 2.

### B. The Court Recommends Dismissing Plaintiff's Claims Against the State of Nevada With Prejudice as Amendment is Futile.

The Eleventh Amendment bars citizens from suing a state. U.S. CONST. amend. XI. The United States Supreme Court holds that 42 U.S.C. § 1983 does not constitute an abrogation of a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338-40 (1979). Absent waiver, a state is not subject to suit under Section 1983. *Id.*; *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The State of Nevada has declined to waive its immunity to suit under the Eleventh Amendment. NRS 41.031(3). To the extent Plaintiff intends to seek money damages from the State of Nevada, he is constitutionally barred from doing so. Thus, claims against the State of Nevada are recommended for dismissal with prejudice.

   C. <u>The Court Recommends Dismissing all Claims Against "all Unknown Doe's 1-12,000 et al." Without Prejudice.</u>

As a general rule, pleading fictitious or doe defendants is improper in federal court. *See Bogan v. Keene Corp.*, 852 F.2d 1238, 1239 (9th Cir. 1988). This is because "[t]here is no provision in the Federal Statutes or Federal Rules of Civil Procedure for use of fictitious parties." *Fifty Associates v. Prudential Insurance Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970); *see also McMillan v. Department of the Interior*, 907 F.Supp. 322 (D. Nev. 1995). "If there are unknown persons or entities, whose role is known, that fact should be expressed in the complaint, but it is unnecessary and improper to include "Doe" parties in the pleadings." *Graziose v. American Home Products Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001).

Here, Plaintiff's Complaint pleads no allegation that any unidentified state actor (that is, a Doe Defendant) was involved in the events underlying his Complaint. There are no factual allegations at all that include a Doe Defendant as participating in or otherwise causing Plaintiff some form of harm. Rather, Plaintiff lists Doe Defendants in his caption and again in the headers of Count V alleging civil conspiracy under 42 U.S.C. § 1985(1) and (3), as well as Count VIII alleging violations of Title VI of the Civil Rights Act of 1964.

Listing a "Doe" party in the caption of a complaint or header identifying a cause of action does not state a claim against an unknown party whose role is known, but specific identity is unknown. Indeed, "a pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). Rule 8 of the Federal Rules of Civil Procedure requires a complainant to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which they rest. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). However, because Plaintiff may be able to amend his Complaint by pleading facts in which Doe Defendants were involved and therefore state a claim against such Defendants, the Court recommends dismissing Plaintiff's present claims against such Defendants without prejudice and with leave to amend.

D. **The Court Recommends Dismissing all Claims Against Chief of Police Thedrick Andres Without Prejudice.**

A defendant cannot be held liable under § 1983 solely based on supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). "Because vicarious liability is inapplicable to … § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even *pro se* plaintiffs must "allege with at least some degree of particularity overt acts which defendants engaged in" to state a claim).

Plaintiff fails to mention Chief Andres anywhere in his pleading except on the second page of his Complaint along with other listed Defendants. ECF No. 1-2 at 2. Plaintiff alleges no facts that tie Chief Andres to any conduct violative of Plaintiff's constitutional rights. Indeed, Plaintiff fails to plead that Chief Andres played any role in the events underlying his Complaint. However, the Court finds it is possible for Plaintiff to amend his Complaint to include facts necessary to state a claim against Chief Andres. Therefore, the Court recommends dismissal of claims against this Defendant without prejudice.

E. **The Court Recommends Dismissing Without Prejudice Plaintiff's Claims Asserted Under the Due Process Clause of the Fifth and Fourteenth Amendments.**

Plaintiff pleads no facts that support a cognizable claim under the Due Process Clause of either the Fifth or Fourteenth Amendments of the U.S. Constitution or any correlated provisions in the Constitution of the State of Nevada. Instead, Plaintiff's claims are properly construed under the Fourth Amendment and the Fourteenth Amendment's Equal Protection Clause as discussed below. For this reason, the Court recommends dismissing without prejudice all of these claims, but with leave to amend so that if Plaintiff believes he can state such claims, he may attempt to do so in an amended complaint.[1]

---

[1] Due Process Clause violations typically occur if law enforcement officers engage in conduct that "shocks the conscience" and is conducted with "deliberate indifference" or a "purpose to harm…unrelated to law enforcement objectives." *A.D. v. California Highway Patrol*, 712 F.3d 446, 453 (9th Cir. 2013) (internal citation omitted).

F. **The Court Orders Plaintiff's Claims of False Arrest Under the Fourth Amendment Against Officers Watts, Shaffer, and Sergeant Abernathy to proceed.**

To state a claim under Section 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To assert a valid claim for false arrest under the Fourth Amendment, Plaintiff "must plead facts that would show [defendant] ordered or otherwise procured the arrests and the arrests were without probable cause." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012); *see also Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) ("To prevail on his Section 1983 claim for false arrest ..., [Plaintiff] would have to demonstrate that there was no probable cause to arrest him."). "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe that the suspect had committed a crime." *March v. Twin Cities Police Auth.*, Case No. C 1400512 SI, 2014 WL 3725931, at *4 (N.D. Cal. July 25, 2014) (internal quotation marks and citation omitted).

In the instant case, Plaintiff alleges that following a relatively heated verbal interaction with officer Shaffer, Sergeant Abernathy appeared on the scene. ECF No. 1-2 at 5. Plaintiff contends Abernathy asked for his middle name and that Plaintiff "told him that I have a Junior that I don't want you to confuse with me so asked him to 'let me get my documents out of the car so there will be no confusion of who I am.'" *Id.* at 5-6. Plaintiff states he was then placed under arrest, and his vehicle was searched and towed. *Id.* at 6.

Taken in the light most favorable to Plaintiff, the allegations establish a basis for his Fourth Amendment claim. Plaintiff alleges his arrest was based solely on his verbal interactions with the HPD officers. The officers and sergeant—all acting under color of state law—allegedly knew that Plaintiff did not fit the description of the purported perpetrators of the robbery yet chose to arrest him anyway. Plaintiff also states, albeit not as clearly as the Court does here, that law enforcement used a pretext of verbal miscommunication as probable cause to arrest Plaintiff and search his vehicle. Thus, viewed from Plaintiff's pleading, a prudent person would not believe that Plaintiff

had committed a crime in this circumstance. For these reasons, Plaintiff's Fourth Amendment claim alleging an arrest without probable cause against Officer Shaffer, Officer Watts, and Sergeant Abernathy may proceed.

> G. **The Court Finds Plaintiff's Claims Under the Equal Protection Clause of the Fourteenth Amendment Alleging Racial Profiling May Proceed Against the Individual Officer Defendants**.

The allegations in Plaintiff's Complaint are interpreted by the Court as asserting a claim of racial profiling. The U.S. Supreme Court holds that the use of racial classification in law enforcement encounters is violative of the Fourteenth Amendment. *Whren v. United States*, 517 U.S. 806, 813 (1996) ("to the extent that … [a] false arrest claim rests on [a] … claim … [of] racial profiling, it would be cognizable under the Fourteenth Amendment, not the Fourth" amendment.).[2]

Plaintiff alleges throughout his pleading that the sole reason that he was involved in these interactions with HPD officers was due to his status as an African American man. ECF No. 1-2 at 9, 15, 16, 18, 19-20, 25-26. Plaintiff asserts that in the run-up to his encounter with Watts, Shaffer, and Abernathy, the officers were informed via dispatch that there was a description of three people suspected of being involved in the robbery: one white male, one Hispanic male, and one white female. *Id.* at 7. Plaintiff asserts that, despite this knowledge—and a witness who informed one of the officers that Plaintiff and his associate were not involved in the robbery—the HPD officers advanced on Plaintiff and began to question him. *Id.* Plaintiff claims he was ultimately arrested because he is an African American man, and this was the sole reason for the HPD officers' interrogating and accosting him, even when the three HPD officers knew that Plaintiff did not remotely fit the description of the purported robbers. *Id.*

Plaintiff's factual allegations are sufficient to state a facial violation of the Fourteenth Amendment's Equal Protection Clause against Watts, Shaffer, and Abernathy based on racial profiling. That is, based on the totality of the facts alleged including the description of the alleged

---

[2] The Fourteenth Amendment's Equal Protection Clause "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). To establish a violation of the Equal Protection Clause, one must show evidence of discriminatory intent. *Washington v. Davis*, 426 U.S. 229, 239 (1976). Establishing discriminatory intent requires a showing that a defendant acted "at least in part because of a plaintiff's protected status." *Serrano*, 345 F.3d at 1082. The plaintiff must identify to which relevant protected class he belongs. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). In this case, Plaintiff is African American. ECF No. 1-2 at 15.

perpetrators that the HPD was investigating when Plaintiff was questioned, the Court finds Plaintiff states a facially valid Fourteenth Amendment claim arising from racial profiling.

        H.        <u>Plaintiff Fails to State Fourth and Fourteenth Amendment Claims Against the HPD</u>.

To state a claim under 42 U.S.C. § 1983 against the HPD, Plaintiff must allege a constitutional violation arising out of an official department policy or custom. *Monell*, 436 U.S. at 690; *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012); *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Clouthier*, 591 F.3d at 1249 (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

Here, Plaintiff's claims against the HPD allege (1) false arrest based on violations of the Fourth and Fourteenth Amendments, and (2) that the HPD carried out a policy of what amounts to racial profiling. Plaintiff alleges that "Defendants developed, implemented, enforced, encouraged, and sanctioned a policy, practice, and custom of subjecting members of the Main Class to police stops without individualized, objective, and articulable reasonable suspicion of criminal activity … and probable cause, as required by the Fourth Amendment." *Id.* at 14. This assertion is conclusory and insufficient to establish the existence of a policy, practice or custom violative of the Constitution. The single event in which Plaintiff was involved is not evidence of an official policy. It is not evidence of a local government effectively adopting or allowing through omission a policy of racial profiling, nor is it evidence of any ratification of a subordinate's unconstitutional decision.

Accordingly, the Court finds Plaintiff's claims against the HPD under the Fourth and Fourteenth Amendments arising from racial profiling should be dismissed without prejudice but with

leave to amend. It is not impossible for Plaintiff to include in an amended complaint sufficient allegations to state such a claim.

      I.    <u>Plaintiff's Claims Under 42 U.S.C § 1986 Against Officers Watts, Shaffer, and Abernathy May Proceed.  Plaintiff's Claims Under 42 U.S.C. § 1986 Against the HPD Are Recommended for Dismissal Without Prejudice</u>.

42 U.S.C. § 1986 "authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." *Cerrato v. San Francisco Community College Distr.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994). Thus, a violation of § 1986 depends on the presence of a valid conspiracy claim under § 1985(3). To properly allege a conspiracy under 42 U.S.C. § 1985(3), a plaintiff must assert four elements: (1) a conspiracy; (2) the purpose of depriving, either directly or indirectly any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) the plaintiff is injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Broth. Of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983).

Plaintiff's conspiracy claims under § 1985 contains one conclusory statement: "Defendants … have directly or indirectly conspired together to deprive plaintiff of the equal protections of laws and the equal privileges or immunities under the laws, the constitution which is the supreme law of the land." ECF No 1-2 at 22. Nonetheless, based on the totality of the allegations made in Plaintiff's Complaint, as liberally construed by the Court, the Court finds Plaintiff states a claim of conspiracy against Watts, Shaffer, and Abernathy. This claim may proceed.

In contrast, Plaintiff's conclusory allegations, even when liberally construed, do not state a conspiracy claim that includes the HPD itself. The Court requires sufficient allegations in an amended complaint to state a conspiracy claim. Accordingly, the Court recommends dismissal of Plaintiff's § 1986 claim against the HPD without prejudice and with leave to amend.

      J.    <u>The Court Recommends Dismissing All of Plaintiff's Claims Under NRS 200.510(1) Without Prejudice</u>.

To state a claim for defamation under Nevada law, Plaintiff must allege "(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication to a

8

third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Rosen v. Tarkanian*, 453 P.3d 1220, 1225 (Nev. 2019) (quotation omitted); *see also* Nev. Rev. Stat. § 200.510(1) (defining libel). With respect to a claim of defamation arising from a police report, such an instrument may form the basis of such a claim; however, there must be a specific statement contained in the police report that Plaintiff states are false. *Sykes v. Las Vegas Metropolitan Police Department*, Case No. 2:21-cv-01479-RFB-DJA, 2021 WL 5799381, at *4 (D. Nev. December 3, 2021).

Here, Plaintiff alleges Defendants Watts, Shaffer, and Abernathy "defamed Plaintiff by intentionally and offensively expressed by print, writing, or any communication embodied in physical form injuries false statement to plaintiff's reputation, which has been done to injure plaintiff without verified authentic proof of any facts which has been tried and decided in a court via a jury trial confirming that the information contained in defendants arrest report was false and misleading as evidenced by an order dismissing the claims finding plaintiff not guilty of charges." ECF 1-2 at 21. This allegation fails for two reasons. First, it is conclusory. Plaintiff does not identify any specific statement that was placed in print, writing or communication by any of these three individuals that he states was false and made negligently. Second, Plaintiff's claims fail because he asserts no allegation that any Defendant "published" the arrest report concerning Plaintiff to a third person in the absence of privilege. In the absence of an unprivileged publication, Plaintiff fails to state a defamation claim. For these reasons, Plaintiff's defamation claim against Watts, Shaffer, and Abernathy based on the content of the police report fails to state a claim upon which relief may be granted. The Court recommends this claim be dismissed without prejudice, but with leave to amend.

Plaintiff's defamation claim asserted against HPD fails for the same reasons Plaintiff's claim against the individual officers fails, as well as because Plaintiff asserts no facts supporting liability for the HPD under respondeat superior (also known as vicarious liability). Under Nevada law, an employer may be liable for an employee's negligence or intentional torts under a theory of respondeat superior. *Brennan v. Las Vegas Metropolitan Police Department*, Case No. 2:20-cv-00662-RFB-DJA, 2022 WL 990621, at *7 (D. Nev. March 31, 2022), *citing Busch v. Flangas*, 837 P.2d 438, 440 (Nev. 1992) (negligence); *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1180 (Nev.

1996) (intentional tort). "Respondeat superior liability attaches "only when the employee is under the control of the employer and when the act is within the scope of employment." *Id*. citing *Molino v. Asher*, 618 P.2d 878, 879 (Nev. 1980). "An actionable claim on a theory of respondeat superior requires proof that (1) the actor at issue was an employee, and (2) the action complained of occurred within the scope of the actor's employment." *Id*. *Rockwell*, 925 P.2d at 1179. Plaintiff pleads no facts establishing the elements of HPD liability for the actions of the officers. For each and all of these reasons, the Court recommends Plaintiff's defamation claim against the HPD be dismissed without prejudice, but with leave to amend.

  K. <u>The Court Recommends Plaintiff's Claims of Intentional Infliction of Emotional Distress ("IIED") Against the HPD, Watts, Shaffer, and Abernathy be Dismissed Without Prejudice. The Court Orders Plaintiff's Claims of Negligent Infliction of Emotional Distress ("NIED") Against These Individual HPD Officers to Proceed. The Court Recommends the NIED Claim Against HPD be Dismissed Without Prejudice. The Court Further Recommends Dismissing Plaintiff's "Common Law Harassment" Claim With Prejudice as Amendment is Futile.</u>

To state a claim for IIED, a plaintiff must establish: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999) (internal citation and quotation marks omitted). Extreme and outrageous conduct is conduct that falls outside all possible bounds of decency and is regarded as intolerable in modern civil society. *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 953 P.2d 24 (1998). This prong is measured by the finder of fact on a sliding scale: the more extreme the conduct, the lesser need to require evidence of physical injury or illness resulting from the conduct. *Nelson v. City of Las Vegas*, 99 Nev. 548, 555 (1983).

To state a NIED claim, the Nevada Supreme Court requires Plaintiff to demonstrate some physical impact. *Sadler v. PacifiCare of Nev.*, 340 P.3d 1264, 1268 (Nev. 2014). However, and more recently, the Nevada Supreme Court cited the Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 46 (Tentative Draft No. 5, 2007) (codified as amended at § 47 (Am. Law Inst. 2012)) as follows:

> Under the Restatement, a party whose conduct causes another "serious emotional harm ... is subject to liability to the other if ... the other [is] in danger of immediate bodily harm and the emotional harm results from the danger" or the other's serious

> emotional harm "occurs in the course of specified categories of activities, undertakings, or relationships." … Physical manifestations of emotional distress are not required for a plaintiff to have suffered "serious emotional harm." *Id.* at cmt. j. Instead, a plaintiff must demonstrate that a reasonable person would suffer serious emotional harm under similar circumstances and that "there [is] credible evidence that the plaintiff has suffered such harm.

*Southern Nevada Adult Mental Health Services, Brown*, 98 P.3d 1278 (Table), 2021 WL 537082, at *5 (Nev. Nov. 17, 2021). Nevertheless, "[b]oth intentional and negligent infliction of emotional distress claims requi[r]e allegations of severe emotional distress." *Amie v. Kraft-Sussman Funeral Serv., Inc.*, Case No. 2:18-cv-02131-GMN-VCF, 2018 WL 6272889, at *2 (D. Nev. Nov. 30, 2018) (internal citations omitted). Further, as discussed above in subsection I, in order to assert either of these state law claims against the HPD, Plaintiff must aver sufficient facts to facially support liability under respondeat superior.

Here, with respect to IIED, Plaintiff alleges that the individual Defendants breached a "general duty of care" that was owed to Plaintiff and that emotional distress resulted from that breach. ECF No. 1-2 at 24. Plaintiff further alleges that as a result of this conduct, he "was caused physical and mental injury, pain and suffering, and severe emotional distress."[3] *Id*. These allegations are conclusory statements merely reciting elements of the IIED cause of action. They are, therefore, insufficient to facially plead a cause of action for intentional infliction of emotional distress claim under Nevada law. The Court recommends Plaintiff's IIED claims be dismissed without prejudice against the individual Defendants.

With respect to Plaintiff's NIED claim, Plaintiff's allegations of discrimination and deprivation of his constitutional rights by virtue of a false arrest and overnight incarceration arising from alleged racial profiling are sufficient to state a negligence claim against the individual HPD officers. Further, although the degree of emotional distress emanating from the actions of the HPD officers is questionable, this Court will allow the NIED claim against the individual officers to proceed.

---

[3] The claim of harassment is among the conduct Plaintiff may assert as part of the intentional or negligent conduct underlying Plaintiff's emotional distress claims. There is, however, no common law claim for harassment under which Plaintiff can obtain relief. Nor has Plaintiff listed any relevant federal or state statute that could entitle him to relief. The harassment allegations can be worked into potential claims for IIED and NIED but cannot stand alone. For this reason, the Court recommends dismissing Plaintiff's "Common Law Harassment" claims with prejudice.

Finally, with respect to Plaintiff's IIED and NIED claims against HPD, Plaintiff fails to plead facts sufficient to establish a facially valid cause of action based on respondeat superior liability. In fact, Plaintiff's allegations are to the contrary. Nevertheless, the Court recommends dismissal of the IIE and NIED claim against the HPD without prejudice as the Court finds it is possible for Plaintiff to plead these Nevada common law tort claims by asserting allegations in the alternative to his contention that racial profiling is a policy, practice or custom of the HPD.

L. <u>The Court Recommends Plaintiff's Claims Under Title VI of the Civil Rights Act of 1964 Against the HPD be Dismissed Without Prejudice. The Court Recommends that the Same Claims Against Watts, Shaffer, and Abernathy be Dismissed With Prejudice as Amendment Would be Futile.</u>

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a Title VI claim, "a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health System Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001) (en banc) (citations omitted).

Plaintiff's only assertions in support of these claims are conclusions. That is, Plaintiff alleges: "Defendants are recipients of substantial amounts of federal financial assistance, including financial assistance for law enforcement activities." ECF No. 1-2 at 25. Plaintiff asserts that there is a pervasive "policy, practice, and custom" of the HPD that leads to a "disparate impact on Black people and that is motivated by race and ethnicity." *Id.* at 25. Plaintiff's assertions, even when viewed in a light most favorable to him, do not state a Title VI violation. Plaintiff's claim against the HPD under Title VI is properly dismissed without prejudice and with leave to amend.

Defendants Watts, Shaffer, and Abernathy are not "entities" under Title VI that receive federal funding. Individuals cannot be held liable under Title VI. *Alexander v. Underhill*, 416 F.Supp.2d 999, 1007 (D. Nev. 2006) (internal citation omitted). Thus, the Court recommends Plaintiff's Title VI claim against the individual Defendants be dismissed with prejudice.

## IV. ORDER

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the following claims may proceed:

    a. Plaintiff's Fourth Amendment claim against Officers C. Watts, B. Shaffer, and Sergeant K. Abernathy;

    b. Plaintiff's racial profiling claim asserted under the Fourteenth Amendment against Officers C. Watts, B. Shaffer, and Sergeant K. Abernathy;

    c. Plaintiff's 42 U.S.C. § 1986 against Officers C. Watts, B. Shaffer, and Sergeant K. Abernathy; and,

    d. Plaintiff's Negligent Infliction of Emotional Distress claim against Officers C. Watts, B. Shaffer, and Sergeant K. Abernathy.

## V. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the following claims asserted by Plaintiff be dismissed with prejudice:

    a. Claims against the State of Nevada;

    b. Claim alleging common law harassment; and

    c. Claims under Title VI of the Civil Rights Act of 1964 against Officers C. Watts, B. Shaffer, and Sergeant K. Abernathy.

IT IS FURTHER RECOMMENDED that the following claims asserted by Plaintiff be dismissed without prejudice but with leave to amend because, although Plaintiff's current pleading fails to state these claims with sufficient facts to establish relief may be granted, Plaintiff may be able to amend his Complaint to do so:

    a. All claims asserted against unknown Does Defendants;

    b. All claims asserted against Chief of Police Thedrick Andres based on his supervisory capacity;

    c. Plaintiff's Due Process claims under the Fifth and Fourteenth Amendments of the U.S. Constitution, as well as under correlated provisions in the Constitution of the State of Nevada;

      d.      Plaintiff's Fourth and Fourteenth Amendment claims against the Henderson Police Department based on *Monell v. New York City Dept. of Social Services*;

      e.      Claims under 42 U.S.C. § 1986 against Henderson Police Department;

      f.      Plaintiff's defamation claims under NRS 200.510(1) against Officers C. Watts, B. Shaffer, and Sergeant K. Abernathy;

      g.      Plaintiff's defamation and negligent and intentional infliction of emotional distress claims against the Henderson Police Department, which must include allegations sufficient to establish respondeat superior liability;

      h.      Plaintiff's intentional infliction of emotional distress against Officers C. Watts, B. Shaffer, and Sergeant K. Abernathy; and,

      i.      Claims under Title VI of the Civil Rights Act of 1964 against the Henderson Police Department.

IT IS FURTHER RECOMMENDED that Plaintiff be given through and including **October 21, 2022** to file an amended complaint. Plaintiff is advised that if he chooses to file an amended complaint it must be complete in and of itself. This means all facts supporting all claims **must** be contained in the amended complaint. The Court cannot look back to Plaintiff's original Complaint for any purposes because, upon filing the amended complaint, Plaintiff's original Complaint is nullified. If Plaintiff does not file an amended complaint on or before **October 21, 2022**, it is recommended the case proceed on claims identified in the Order above.

DATED THIS 12th day of September, 2022.

                                                          ELAYNA J. YOUCHAH
                                                          UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).