**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Mark Clifford Sykes, | Case No.: 2:22-cv-00956-JAD-EJY |
| Plaintiff | |
| v. | **Order Overruling Objection, Adopting Report & Recommendation, and Giving Plaintiff until November 4, 2022, to File Amended Complaint** |
| Henderson Police Department, et al, | |
| Defendants | [ECF Nos. 3, 4] |

Plaintiff Mark Clifford Sykes sues the Henderson Police Department for civil-rights violations related to his 2021 arrest and subsequent prosecution.  The magistrate judge has screened Sykes's complaint and recommends that various claims be dismissed, some with prejudice and some with leave to amend.[1]  Sykes objects to the extent that the magistrate judge recommends dismissing his claims against the State of Nevada because they are barred by the Eleventh Amendment.[2]  He argues that "Eleventh Amendment immunity is treated as an affirmative defense and can be expressly waived or forfeited if the State fails to assert it."[3]  And since the State hasn't had an opportunity to chime in yet, the court can't dismiss the claims against it on this basis.[4]

Sykes is mistaken on the law.  The Ninth Circuit has long recognized that Eleventh Amendment immunity can be raised *either* by a state *or* by the court on its own.  In *In re Jackson*, it explained that "Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings *or by the*

---

[1] ECF No. 3.

[2] ECF No. 4.

[3] *Id*. at 2.

[4] *Id*.

*court sua sponte.*"[5]  So contrary to Sykes's assertion, the court may dismiss a claim based on Eleventh Amendment immunity without waiting for the State to raise it as a defense.

IT IS THEREFORE ORDERED that Sykes's objection **[ECF No. 4] is OVERRULED** and the magistrate judge's report and recommendation **[ECF No. 3] is ADOPTED** in its entirety.

**These claims are dismissed with prejudice** and without leave to amend:

a.  Claims against the State of Nevada;

b.  Claim alleging common-law harassment; and

c.  Claims under Title VI of the Civil Rights Act of 1964 against Officers C. Watts, B. Shaffer, and Sergeant K. Abernathy;

**These claims are dismissed without prejudice and with leave to amend by November 4, 2022**:

a.  All claims asserted against unknown Does Defendants;

b.  All claims asserted against Chief of Police Thedrick Andres based on his supervisory capacity;

c.  Plaintiff's due-process claims under the Fifth and Fourteenth Amendments of the U.S. Constitution and correlating provisions in the Nevada Constitution;

d.  Plaintiff's Fourth and Fourteenth Amendment claims against the Henderson Police Department based on *Monell v. New York City Dept. of Social Services*;

e.  Claims under 42 U.S.C. § 1986 against the Henderson Police Department;

f.  Plaintiff's defamation claims under NRS 200.510(1) against Officers C. Watts, B. Shaffer, and Sergeant K. Abernathy;

---

[5] *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999) (emphasis added).

g.   Plaintiff's claims for defamation and negligent and intentional infliction of emotional distress against the Henderson Police Department, which must include allegations sufficient to establish respondeat superior liability;

h.   Plaintiff's claim for intentional infliction of emotional distress against Officers C. Watts, B. Shaffer, and Sergeant K. Abernathy; and

i.   Claims under Title VI of the Civil Rights Act of 1964 against the Henderson Police Department.

Plaintiff is advised that if he chooses to file an amended complaint, it must be complete in and of itself.  This means that all facts supporting all claims must be contained in the amended complaint.  The Court cannot look back to plaintiff's original complaint for any purposes because, upon filing the amended complaint, plaintiff's original complaint is nullified.  **If plaintiff does not file an amended complaint by November 4, 2022, this case will proceed on these claims only:**

a.   Plaintiff's Fourth Amendment claim against Officers C. Watts, B. Shaffer, and Sergeant K. Abernathy;

b.   Plaintiff's racial-profiling claim asserted under the Fourteenth Amendment against Officers C. Watts, B. Shaffer, and Sergeant K. Abernathy;

c.   Plaintiff's 42 U.S.C. § 1986 claim against Officers C. Watts, B. Shaffer, and Sergeant K. Abernathy; and

    d.      Plaintiff's claim for negligent infliction of emotional distress against Officers C. Watts, B. Shaffer, and Sergeant K. Abernathy.

_____
U.S. District Judge Jennifer A. Dorsey
October 14, 2022