**NICHOLAS G. VASKOV**
City Attorney
Nevada Bar No. 8298
**NANCY D. SAVAGE**
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
nancy.savage@cityofhenderson.com

Attorneys for Defendants
City of Henderson, Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK CLIFFORD SYKES,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF HENDERSON (A.K.A.) HENDERSON POLICE DEPARTMENT of CLARK COUNTY NEVADA, OFFICER C. WATTS P#2171, OFFICER B. SHAFFER P#2237, SERGEANT K. ABERNATHY P#1207 in their individual capacity, et.al.,<br><br>        Defendants. | CASE NO.: 2:22-cv-00956-JAD-EJY<br><br>**DEFENDANTS CITY OF HENDERSON, OFFICER C. WATTS, OFFICER B. SHAFFER AND SGT K. ABERNATHY'S REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (ECF 18)** |

Defendants City of Henderson, Officer C. Watts, Officer B. Shaffer and Sgt. K. Abernathy, by and through their attorney Nancy D. Savage, Esq. Assistant City Attorney for the City of Henderson, submit this Reply in support of their Motion to Dismiss (ECF 18).

This Reply is made and based upon the Memorandum of Points and Authorities, the pleadings and papers, and any oral argument allowed by counsel at the time of hearing.

# POINTS AND AUTHORITIES

## I.

## PLAINTIFF HAS FAILED TO ESTABLISH PLAUSIBLE CLAIMS FOR ANY OF HIS REMAINING CLAIMS

In his Opposition Plaintiff fails to offer any factual clarification or additions or applicable law that would establish the plausibility of any of his remaining claims. Instead, he doubles down on his speculative, conjectural and conclusory assertion and offers further unwarranted inferences which are insufficient to defeat a motion to dismiss. *Associated Gen. Contractors v. Met. Water Dist. of S. Cal.*, 159 F.3d 1178, 1181 (9th Cir. 1998). Dismissal of all of Plaintiff's claims should be granted due to his failure to state a plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under the circumstances it is not necessary to reiterate the deficits in Plaintiff's Complaint and repeat that which is already set forth in the Defendants' original Motion to Dismiss. Based upon Plaintiff's Opposition, a few specific points that further establish that dismissal of Plaintiff's remaining claims is appropriate are set forth below.

Plaintiff has already amended his Complaint and his request to further amend his Complaint should be denied.

## II.

## PLAINTIFF HAS FAILED TO SHOW THAT HE HAS ANY POSSIBILITY OF ESTABLISHING A NEGLIEGENT INFLICTION OF EMOTIONAL DISTRESS (NEID) CLAIM

Plaintiff contends in his Opposition that *Grotts v. Zahner*, 115 Nev. 339, 989 P. 2d 415 (Nev. 1999) does not apply to him because the plaintiff was not involved in the *Grotts* case. (Oppo. P. 13) He also seems to imply that *Grotts* does not apply because it is an "older Supreme Court decision." Ultimately, he contends that *Southern Nevada Adult Mental Health Services v. Brown,* 498 P. 3d 1278 (Nev. 2021) "supersedes *Grotts*." Contrary to Plaintiff's assertion, Grotts is still the applicable

precedent in the State of Nevada concerning the elements that are required to state a claim for NEID. Plaintiff has not alleged the facts necessary to state a plausible claim for NEID.

In *Shoen v. Amerco, Inc.,* 111 Nev. 735, 748, 896 P.2d 469, 477 (Nev. 1995) the court recognized that a direct victim of a *negligent* act may "be able to assert a negligence claim that includes emotional distress as part of the damage suffered." *Ibid* p. 748, 477. The court further stated "the negligent infliction of emotional distress can be an element of the damage sustained by the negligent acts committed directly against the victim-plaintiff." *Id.* To establish a cause of action for negligence, the plaintiff must show duty, breach, causation, and damages. *Turner v. Mandalay Sports Entm't, LLC,* 124 Nev. 213, 217, 180 P.3d 1172, 1175 (2008).

In *Doe v. Roman Catholic Bishop of Las Vegas and His Successors*, 526 P 3d 1109 (Nev. App. 2023), unpublished, Doe argued that the district court erred in granting summary judgment on his negligent infliction of emotional distress claim, because evidence supported that he had suffered emotional distress as a result of the Diocese's negligent acts. Because Doe's claim for negligent infliction of emotional distress was not a separate claim, but a claim for damages that may be recovered for negligence, Doe was required to bring a negligence claim and establish the elements of the claim. *See also Shoen, supra* at 477. The court held that Doe failed to establish the elements of a separate claim of NIED and the lower court's entry of summary judgment on the NEID claim was affirmed.

The court in *Grotts* made clear that an NIED claim may **only** be brought by a bystander who witnesses an accident in limited situations. To recover on a claim of NIED, a witness-plaintiff must prove that he or she (1) was located near the scene; (2) was emotionally injured by the contemporaneous sensory observance of the accident; and (3) was closely related to the victim. *Grotts* at 341, 415.  Standing to bring an NIED claim, concerning the closeness of the relationship to the victim should be determined based upon family relationship, either blood or marriage.  Immediate

3

family members qualify to bring an NIED claim as a matter of law, and non-family "relationship" fails to qualify for standing as a matter of law. *Grotts* at 341, 416.

Plaintiff has failed to allege facts which if accepted as true, would state a plausible claim for relief under an NEID claim and his NEID claim should be dismissed.

### III.

### PLAINTIFF'S RACIAL PROFILING CLAIM FAILS TO STATE A PLAUSIBLE CLAIM FOR RELIEF AND SHOULD BE DISMISSED

Plaintiff's racial profile claim is entirely based upon Plaintiff's conjecture and speculation about what the Defendant Officers thought or why they did what they did. To establish a claim of racial profiling, the plaintiff must establish that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose." *James v. City of Seattle*, No. C10-1612JLR, 2011 WL 6150567, at *13 (W.D. Wash. Dec. 12, 2011)

Defendant Police Officers were looking for suspects to the robbery and following up based upon developing information. That the officers approached Plaintiff and Mr. Love in the area they observed crouching in a perceived attempt to conceal themselves behind two cars near where the robbery occurred (ECF 6, p.39), does not even plausibly establish the Defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose. Plaintiff disregards the circumstances surrounding the officers' approaching him, including that officers had been told that two silver cars in the parking lot "were involved" and that he and Mr. Love appeared to be trying to hide behind their cars. Plaintiff contends that it was racially motivated because nobody with other racial characteristics was treated the same way. Nobody else seemed to be hiding in the area where the robbery had occurred. Nobody else was crouching behind their cars, or any other objects. Under the circumstances, Plaintiff has not even plausibly alleged facts sufficient to state a racial profiling claim. His factual allegations, if taken as true, would not establish that the actions of Defendants, or any of them, had a discriminatory effect and were motivated by a discriminatory purpose.

The Plaintiff's racial profiling claim should be dismissed.

## IV.

## CONCLUSION

For the foregoing reasons, and those contained in Defendants' Motion to Dismiss (ECF 18), Defendants respectfully request this Honorable Court to dismiss all of Plaintiff's remaining claims.

DATED this 4th day of December 2023.

        CITY OF HENDERSON

        /s/ Nancy D. Savage
        NANCY D. SAVAGE
        Assistant City Attorney
        Nevada Bar No. 392
        240 Water Street, MSC 144
        Henderson, Nevada 89015

        Attorney for Defendant
        City of Henderson, Officer C. Watts,
        Officer B. Shaffer, Sgt. K. Abernathy

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December 2023, I served the above and foregoing **DEFENDANTS CITY OF HENDERSON, OFFICER C. WATTS, OFFICER B. SHAFFER AND SGT K. ABERNATHY'S REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**, through the Court's electronic filing system addressed to the following:

Mark Clifford Sykes
P.O. Box 91614
Henderson, NV 89009

/s/ Michelle Harrell
Employee of the Henderson City Attorney's Office



CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015