**NICHOLAS G. VASKOV**
City Attorney
Nevada Bar No. 8298
**NANCY D. SAVAGE**
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
nancy.savage@cityofhenderson.com

Attorneys for Defendants
City of Henderson, Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARK CLIFFORD SYKES, | CASE NO.: 2:22-cv-00956-JAD-EJY |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| CITY OF HENDERSON (A.K.A.) HENDERSON POLICE DEPARTMENT of CLARK COUNTY NEVADA, OFFICER C. WATTS P#2171, OFFICER B. SHAFFER P#2237, SERGEANT K. ABERNATHY P#1207 in their individual capacity, et.al., | |
| Defendants. | |

Plaintiff, Mark Clifford Sykes ("Sykes") and Defendants City of Henderson, Henderson Police Department, Officer C. Watts, Officer B. Shaffer and Sergeant K. Abernathy ("Defendants"), by and through their counsel, hereby stipulate and agree as follows:

1. In the course of this litigation, the parties have produced and/or will produce documents, some of which the parties claim to contain confidential information.

//

///

2. That confidential information includes but is not limited to documents and things, and copies thereof, including, but not limited to, police training materials and personnel and internal investigative files.

3. With respect to any documents which the parties wish to remain confidential, the party may designate (the "Designating Party") as "Confidential Information" all those documents that it/he/she reasonably believes in good faith to contain confidential financial information, proprietary information, and/or other sensitive information.

4. All the documents identified as confidential by a party pursuant to the preceding paragraphs of this Stipulated Protective Order are hereinafter referred to as "Confidential Information."

5. The parties agree that the Confidential Information shall be used solely for the purposes of this pending Litigation, and shall not be used for any commercial, litigation or other purpose apart from this litigation. "Litigation" for purposes of this Stipulated Protective Order is defined to include the claims, causes of action or defenses asserted by either party in this action.

6. The parties agree that they will not disseminate or disclose any of the information contained or learned from the Confidential Information to persons other than their attorneys, designated expert witnesses or other consultants employed for the purpose of this Litigation, or any third-party witness with knowledge of the Confidential Information to be disclosed to them. The parties agree that disclosure of the Confidential Information to expert witnesses or other consultants shall solely be for evaluation, testing, testimony, preparation for trial, or other services related to this Litigation, and agree to require the expert to agree, in writing, to the confidentiality and non-disclosure requirements of this Stipulation by executing a copy of Exhibit A attached hereto. The designation of information as "Confidential Information" pursuant to this Stipulated Protective Order shall not preclude any party from disclosing that information to any person who, in the case of a document, appears as the author or as a recipient thereof on the face of the document, or from disclosing that information to any person who has been identified by the Designating Party as having previously been provided with, or having had access to, the document or the information therein.

7. If at any time during the pendency or trial of this action, any Party claims that another Party has unreasonably designated Information as "Confidential Information" the objecting Party may, after a good faith attempt to resolve the dispute with such other Party, make an appropriate application to this Court, requesting that specifically identified Confidential Information be re-designated or excluded from the provisions of this Protective Order. If the Court makes a determination as to confidentiality as a result of a Motion, brought by any Party, the Court shall have the discretion to award reasonable attorney's fees and costs to the prevailing party in such Motion. The burden of proof with respect to the upholding the designation shall be on the Party designating the information as "Confidential Information."

8. Notwithstanding any other provision hereof, this Stipulated Protective Order shall not apply to any Confidential Information that: (a) is or becomes generally available to the public from a source other than unauthorized disclosure by the Parties or their counsel, or (b) becomes available to the Parties or their counsel on a non-confidential basis from a source other than the Parties or their counsel. Nothing in this Stipulated Protective Order shall restrict the use of disclosure by a party of information that it alone has designated confidential. Nothing in this Stipulated Protective Order shall make any documents designated as Confidential Information by a party privileged or either inadmissible in evidence in any law and motion matter or at trial or precluded from production of the confidential documents in formal discovery, or otherwise alter the obligation of parties to comply with discovery pursuant to the Federal Rules of Civil Procedure, and any Local Rules of the Court.

9. The entry of this Stipulated Protective Order shall neither constitute, nor be used as a basis for, a finding that any Party has waived any objections that it may have to the use, relevance, or admissibility of any Confidential Information

10. The parties agree that within thirty (30) days of the conclusion of the Litigation, copies of all documents, which qualify as the Confidential Information, shall either be destroyed or returned to the producing party. If the returning party elects to destroy the documents instead of returning them, then the returning party shall attest by affidavit or declaration as to the destruction, including the manner in which the Confidential Information has been destroyed.

11. Any Party seeking to submit "Confidential Information" to the Court shall comply with Fed.R.Civ.P. 5.2 and other applicable rules governing the filing and consideration of motions.

12. In the event of a disclosure of any of the Confidential Information by any party (or the party's employees, representatives, agents, or experts) to a person not authorized to have had such disclosures made to him or her under the provisions of this Stipulation, the party's counsel shall immediately undertake reasonable efforts to procure the return of the information and inform the producing party's counsel of all relevant information concerning the nature and circumstances of such disclosure. The party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the confidential information occurs.

13. The parties agree and acknowledge that a material and willful violation of this Stipulation by any party or any of it/he/she employees, representatives, agents or experts may result in irreparable harm to the producing party, and the parties therefore consent to the issuance of any injunction to stop any further improper disclosure and any use by the party to whom the documents have been disclosed, and other appropriate relief as may be ordered by the Court upon motion by a party. Nothing in this Stipulation shall preclude a party from pursuing an action for damages based on the violation of the terms of this Stipulation.

///
///
///
///
///
///
///
///
///
//
///

14. No Confidential Information shall be disclosed to any person or entity that becomes a party to this case after execution of this Stipulation, until after the party executes an amendment to this Stipulation thereby agreeing to the terms contained herein.

_Sykes, Mark C/agent_
~~MARK CLIFFORD SYKES~~
~~P.O. Box 91614~~
~~Henderson, Nevada 89009~~
~~Attorneys for Plaintiff~~

PO Box 674
Russellville Ark.
72811

Dated: 5/31/2024

CITY ATTORNEYS' OFFICE

_/s/ Nancy D. Savage_
NANCY D. SAVAGE, ESQ.
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, Nevada 89015
*Attorneys for Defendants*
City of Henderson, Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

Dated: 6/3/2024

**ORDER**

IT IS SO ORDERED.

Dated: June 5, 2024

_/s/ Elayna J. Youchah_
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted by:

CITY ATTORNEYS' OFFICE

_/s/ Nancy D. Savage_
NANCY D. SAVAGE, ESQ.
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, Nevada 89015
*Attorneys for Defendants*
City of Henderson, Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

5

# EXHIBIT A

I, the undersigned, hereby acknowledge that I have read the Stipulated Protective Order entered in <u>Mark Clifford Sykes v. City of Henderson</u>, et al., Case No.: 2:22-cv-00956-JAD-EJY, pending in the United States District Court for the District of Nevada, and I understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to disclose to any person or entity not authorized to receive such "Confidential Information," pursuant to the terms of said Stipulated Protective Order and any document or any information designated as "Confidential Information" or any copies or extracts or information derived there from, which have been disclosed to me. I further agree to use any information disclosed to me in connection with the above-mentioned case solely for the purpose of this case and not for other purposes.

The undersigned hereby irrevocably submits his/her person to the jurisdiction of United States District Court for the District of Nevada with respect to any matter relating to or arising out of the Stipulated Protective Order, for the purpose of enforcing said Stipulated Protective Order.

Date: 5/31/2024

Signature: Sykes, Mark-C /agent

Type or Print Name: Sykes mark-c /agent