**NICHOLAS G. VASKOV**
City Attorney
Nevada Bar No. 8298
**NANCY D. SAVAGE**
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
nancy.savage@cityofhenderson.com

Attorneys for Defendants
City of Henderson, Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK CLIFFORD SYKES,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF HENDERSON (A.K.A.) HENDERSON POLICE DEPARTMENT of CLARK COUNTY NEVADA, OFFICER C. WATTS P#2171, OFFICER B. SHAFFER P#2237, SERGEANT K. ABERNATHY P#1207 in their individual capacity, et.al.,<br><br>                    Defendants. | CASE NO.: 2:22-cv-00956-JAD-EJY<br><br><br>**EMERGENCY MOTION TO DISMISS THE REMAINING CLAIMS FROM PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR PLAINTIFF'S FAILURE TO APPEAR FOR HIS DEPOSITION AND FOR AN AWARD OF COSTS**<br><br>**EMERGENCY MOTION ON SHORTENED TIME** |

Defendants City of Henderson, Officer C. Watts, Officer B. Shaffer, and Sgt. K. Abernathy (collectively referred to as "Defendants") by and through their attorney Nancy D. Savage, Esq., Assistant City Attorney for the City of Henderson, submit their Emergency Motion to Dismiss the Claims Remaining From Plaintiff's First Amended Verified Complaint for Plaintiff's Failure to Attend his Deposition, and to Recover Costs, pursuant to Fed. R. Civ. P. 37, Fed. R. Civ. P. 16,  and

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

1

LR 7- 4, for the reasons set forth herein and in  the attached Declaration of Counsel, Nancy D. Savage, in support of this motion being decided as an Emergency Motion on Shortened Time.

This motion is made and based on the attached Declaration of Nancy D. Savage, pursuant to LR 7-4, the pleadings and papers on file herein, the points and authorities and exhibits attached hereto and the oral argument of counsel, at the time of hearing, if any.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### RELEVANT BACKGROUND

**A.  BRIEF PROCEDURAL HISTORY**

Plaintiff Mark Clifford Sykes, representing himself, initiated this action against the Defendants by filing a Verified Complaint on June 16, 2022.  ECF 1-2.  Plaintiff also sought forma pauperis status on the same date. ECF 1.  The Complaint alleged claims arising from events alleged to have occurred on June 17, 2021, at Morrell Park in Henderson, Nevada during the Henderson Police Department's response to a 911 call concerning a carjacking.

Because Plaintiff was appearing pro se, his Complaint was screened by the court pursuant to 18 USC §1915(e)(2). During the screening process, Plaintiff was ordered to file an amended complaint, which he filed on November 3, 2022.  ECF 6. The First Amended Complaint then went through the screening process.  At the conclusion of the court's screening process, the court entered its Order Resolving Objections to Report and Recommendations, Dismissing Some Claims, and Directing Service of Process on the Defendants. ECF 10.  The Summonses were issued by the court at the end of September 2023 and served in October of 2023.  Defendants responded with a Motion to Dismiss filed on November 9, 2023. ECF 18.  The Order Granting in Part, the Defendants' Motion to Dismiss was entered on June 28, 2024. (ECF 32)

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

Pursuant to the court's order, the parties held a conference and agreed upon a Stipulated Discovery Plan and Scheduling Order that was entered by the court on December 27, 2023. The close of discovery was set for June 26, 2024. ECF 26. On June 5, 2024, the court entered its order entering the parties' Stipulation to Extend Discovery, First Request, which extended discovery to August 26, 2024. ECF 30. After the court ruled upon the Defendants' Motion to Dismiss, the parties were directed to meet and confer and submit a revised Discovery Plan and Scheduling Order. The revised Discovery Plan and Scheduling Order agreed upon by the parties was entered on August 8, 2024 and extended discovery to March 13, 2025. ECF 36. Dispositive motions are currently due on May 1, 2025.

**A. DISCOVERY SCHEDULING**

The parties engaged in written discovery over the course of 2024 with Plaintiff serving final sets of interrogatories to the City and two of the defendant officers in early February of 2025.

In December 2024, Defendants' counsel requested that the Plaintiff provide dates in January and/or February when he could be available for deposition. Plaintiff had moved out of Nevada to Arkansas earlier in 2024, and Defendants' counsel advised that she was willing to take the deposition remotely but needed information concerning his location so that a court reporter facility could be located for the deposition location in Arkansas.

On February 6, 2025, with discovery cutoff approaching and no response from Plaintiff, Defendants served a Notice of Taking Plaintiffs' Videotaped Deposition. **Exhibit A**. On February 11, 2025, counsel followed up with an email to Plaintiff, providing another copy of the Notice of Taking Plaintiff's Videotaped Deposition, and advised that Mr. Sykes' deposition could, in the alternative, go forward remotely, on March 5, 2025, at a court reporter's facility in Little Rock, Arkansas. Little Rock, Arkansas was the closest facility to Plaintiff's residence that the defense had been able to locate. A copy of the February 11, 2025, email is attached as **Exhibit B.** Plaintiff agreed

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

3

to have his deposition be taken remotely from Little Rock. Plaintiff's confirming email of February 12, 2025, is attached as **Exhibit C**, at pg. 1. The Amended Notice of Plaintiff's Deposition setting Plaintiff's deposition to go forward in Little Rock Arkansas on March 5, 2025, was served by mail and email upon Mr. Sykes on February 18, 2025. The Amended Notice of Taking Plaintiff's Videotaped Deposition is attached as **Exhibit D**. The email also transmitting the Amended Notice of Taking Plaintiff's Videotaped Deposition to Plaintiff on February 18, 2025, is attached as **Exhibit E,** at pg. 1.

As stated in the Declaration of Counsel, Nancy D. Savage ("Declaration of Counsel") attached hereto, in February 2025 in the same time frame that arrangements were being made for Mr. Sykes' deposition, defense counsel was also trying to set up a meet and confer to address issues with Plaintiff's Answers to Defendants' Interrogatories and Responses to Defendants' Requests for Production. Dates in February were proposed, see **Exhibit A**, but based upon Mr. Sykes' availability, the meet and confer was not scheduled until March 3, 2025, two days before Mr. Sykes' deposition.

On March 3, 2025, prior to the time set for the meet and confer, Mr. Sykes provided multiple emails with supplemental information to his discovery responses. There was enough provided that counsel did not have time to thoroughly review it before the scheduled meet and confer. It appeared that some of what was in issue had been provided by Plaintiff, and some had not. Since Plaintiff's deposition was only two days away, Defendants' counsel decided that discussion of the areas still in issue could be covered at Plaintiff's deposition. On that basis, the March 3, 2025, meet and confer was cancelled. See Declaration of Counsel.

## B. PLAINTIFF'S DEPOSITION

Mr. Sykes had agreed that his deposition would start at 12:30 pm PST on March 5, 2025. Defendants had arranged for a court reporter, and videographer, and had reserved a room at the court reporter's facility in Little Rock Arkansas for the deposition. Approximately three hours before the

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

4

deposition was set to start, Defendants' attorney received a letter by email from an attorney, Ariel E. Mitchell, stating that her Miami, Florida firm had been retained to represent Mr. Sykes in the above-referenced case.  Ms. Mitchell further stated that, "Mr. Sykes has informed us that there was a deposition scheduled today in Little Rock, AR which obviously must be rescheduled given the present circumstances." Ms. Mitchell also stated that over the next week she and her local counsel would file their appearances in the case.  A copy of Ms. Mitchell's letter, and transmittal email dated March 5, 2025, are attached as **Exhibit F**.

### C.  LACK OF COMMUNICATION FROM PLAINTIFF OR HIS COUNSEL AFTER CANCELLATOIN OF DEPOSITION

Defendants' counsel acknowledged Ms. Mitchell's correspondence and advised that it was expected that Ms. Mitchell would reimburse the cancellation fees that the City would incur due to the last-minute cancellation of the deposition. Ms. Mitchell was also advised that Defendants expected to serve supplemental discovery responses later in the week, and would serve them on her, based upon her representation that she had been retained as Mr. Sykes' attorney.  Ms. Mitchell was advised that the current deadlines in the case remained in effect. Defense counsel's letter to Ms. Mitchell with the transmittal email is attached as **Exhibit G**.  Supplemental discovery was served upon Mark Sykes, c/o Ms. Mitchell on March 13, 2025.

By March 31, 2025, over three weeks after Ms. Mitchell advised that she had been retained to represent Mr. Sykes and that she would be entering an appearance within the week in this case, there had still not been an appearance by any attorney for Mr. Sykes.  There had been no further communication from Plaintiff's purported attorneys.  On March 31, 2025, Defendants' counsel emailed another letter to Ms. Mitchell asking whether she is still representing Mr. Sykes in this case and advising that Defendants were considering bringing a motion concerning Mr. Sykes' non-appearance at his deposition. ***A meet and confer was requested with dates and times of availability provided***.  Reimbursement for the $550.00 cancellation fees incurred by the City as a result of the

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

late cancellation of Plaintiff's deposition was also requested, and a copy of the invoice was provided. The letter, invoice attachment and email transmittal are attached as **Exhibit H.**

There has been no response to Defendants' counsel's March 31, 2025, correspondence from Ms. Mitchell or any other attorney. An appearance in the case has not been made in this case by Ms. Mitchell or any other attorney. Due to Ms. Mitchell's asserted representation of Mr. Sykes, counsel for Defendants is in a position where she cannot contact Mr. Sykes directly. There has not been any further contact from Mr. Sykes in his *pro se* capacity since March 3, 2025, two days before his deposition was set to proceed. Discovery closed on March 13, 2025.

## II.

## LEGAL ARGUMENT

### A. STANDARDS

The Court may impose sanctions for the failure of a party to appear for a properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). The sanctions that may be imposed include those listed in Rule 37(b)(2)(A)(i)-(vi), some of which contemplate severe sanctions such as striking the pleadings or dismissal. *See* Fed. R. Civ. P. 37(d)(3). Case-dispositive sanctions are warranted only in "extreme circumstances." *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1338 (9th Cir. 1985).

Instead of or in addition to these sanctions, the court *must* require the party and/or its attorney to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

### B. PLAINTIFF'S CASE SHOULD BE DISMISSED FOR FAILING TO APPEAR FOR HIS DEPOSITION AND FAILING TO RESPOND OR PARTICIPATE IN EFFORTS TO RESCHEDULE IT

In analyzing a request for case-dispositive sanctions, the Court considers (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

prejudice to the opposing party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004); *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012). Although it is preferred, it is not required that the district court make explicit findings that it has considered these factors. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). These factors are tools of analysis, not "conditions precedent" to the district court's imposition of such sanctions. *Allen v. Bayer Corp. (In re PPA)*, 460 F.3d 1217, 1226 (9th Cir. 2006)

Plaintiff failed to appear for his deposition at the properly noticed time and location. Pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i) the Court may order sanctions if a person who is served with proper notice fails to appear for their deposition. Courts within the Ninth Circuit have repeatedly recognized that a party fails to appear for a deposition within the meaning of Rule 37(d) when the party unilaterally cancels the deposition shortly before it is set to take place, as Mr. Sykes did here. See, e.g., *Elizando v. SeaWorld Parks & Entm't, Inc.*, Case No.: 20-cv-00829-GPC-BGS, 2021 WL 1923287, at *9 (S.D. Cal. May 13, 2021) (citing *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)) (simply informing opposing counsel deposition that the party would not appear for a noticed deposition was insufficient to relieve the party of the duty to appear).

A proposed deponent and their counsel have a duty to appear at the properly noticed deposition, unless they have obtained a court order that postpones or dispenses with their duty to appear. *Elizondo*, *supra*.

The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "Orderly and expeditious resolution of disputes" is of utmost importance in the rule of law. *Phenylpropanolamine Prods. Liab. Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006) "[D]elay in

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Id.*

Plaintiff failed to appear for his deposition after agreeing to the date, time and location. Defendants made arrangements for Plaintiff's deposition to be taken in Little Rock, Arkansas reasonably close to the location in Arkansas where he currently resides. Defendants did considerable work, compared with what would have been necessary had Mr. Sykes' deposition been noticed to be taken at defense counsel's office.  It was necessary to locate an appropriate court reporting facility where Plaintiff could appear to be deposed remotely. Costs were incurred due to last-minute cancellation of the facility, the court reporter and the videographer in the sum of $550.00.  See Invoice attached to Letter to Ariel Mitchell, Esq. as **Exhibit H**.

Plaintiff initiated this action approximately three years ago, in June of 2022.  Due to the court's thorough screening process, Defendants' first notice of the lawsuit did not occur until they were served with Plaintiff's Amended Complaint approximately a year and a half later in October 2023. Mr. Sykes had years to seek and retain counsel, but literally did not do so until the day of, or the day before his deposition. Mr. Sykes did not respond to Defendants' request for earlier availability dates, so there was delay in setting his deposition.

It is notable that the only communication that Defendants' attorney has **ever** received from the attorney purportedly retained to represent Plaintiff, occurred three hours before Mr. Sykes' deposition was set to start, and a week before discovery cutoff.  Ms. Mitchell's only involvement in this action was to insist that Mr. Sykes' deposition be delayed despite the fact  Mr. Sykes had agreed to the scheduled time and place for his deposition and had agreed to the discovery cutoff deadline in the last Stipulated Discovery Plan and Scheduling Order (ECF 36). Mr. Sykes' deposition had been properly noticed.  In light of Ms. Mitchell's failure to formally appear as Mr. Sykes' counsel, or to respond to defense counsel's communications, it appears that the "retention" was no more than a

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

delaying tactic by Plaintiff or on Plaintiff's behalf.  It has been seven weeks since Ms. Mitchell's only communication on March 5, 2025. No attorney having appeared on Plaintiff's behalf to date, Plaintiff continues to represent himself in this case.  Ms. Mitchell has failed to respond to subsequent communications from defense counsel and has failed to appear as Mr. Sykes' attorney in this case. However, pursuant to the Nevada Rules of Professional Conduct, counsel for Defendants believes that under the circumstances, she is precluded from contacting Mr. Sykes.

Rule 4.2 provides as follows:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

This factor weighs in favor of dismissal.

### 1.  Management of the Court's Docket

Federal Rule of Civil Procedure 16 is the central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Specifically, Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.* Rule16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney ... fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). *Reid v. Portfolio Recovery Associates*, 2016 WL 6652465 (D. Nev. 2016).

Plaintiff has violated the final Stipulated Discovery Plan and Scheduling Orde. ECF 36r. He did not appear for his duly noticed deposition with the implicit intent of delaying Defendants' ability to complete discovery needed before bringing their dispositive motions at the conclusion of discovery.

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

Plaintiff individually and through his retained attorney refused to proceed with his deposition as noticed and subsequently has refused to engage in efforts to reschedule the deposition after Plaintiff unilaterally canceled the March 5, 2025 deposition.

Plaintiff's failure to appear for his deposition followed by complete stonewalling of any effort to try to get the deposition rescheduled has made it impossible for the case to move forward and for the court to effectively manage its docket.

This factor weighs in favor of dismissal.

### 2. Prejudice to Defendant

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990). Plaintiff's deposition is an important element of the Defendants' discovery. The Defendants requested Plaintiff's availability a few months before the deposition was finally set. Plaintiff did not communicate dates of availability as requested, and Defendants ultimately selected a date about a month away and noticed the Plaintiff's deposition.

Plaintiff's failure to appear for his deposition and continuing delays afterwards, in an apparent attempt to "run out the clock", is highly prejudicial to Defendants, who are entitled to conduct discovery, and to file dispositive motions for the court's consideration before a case proceeds to trial. At this juncture the dispositive motions deadline is rapidly approaching on May 1, 2025. Plaintiff's deposition cannot feasibly be taken before the deadline, and the Defendants cannot submit a complete and comprehensive motion(s) to the court without the information that would be expected to be obtained through Plaintiff's deposition.

This factor weighs in favor of dismissal.

### 3.  Disposition of Case on its Merits

The public policy favoring disposition of cases on the merits weighs against dismissal of a case. *Phenylpropanolamine*, 460 F.3d at 1228. Nevertheless, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impeded progress in that direction." *Id.* (quotation omitted).  Plaintiff is the party responsible for moving his case forward, his failure to do so has caused delay and thwarted progress of the case. *Reid*, *supra*. Plaintiff's delays and  ultimately his  refusal to be deposed have caused this case to come to a standstill and has prejudiced the Defendants' ability(ies) to complete the discovery necessary to fully defend the case and to have the information needed for dispositive motions and/or trial.

Under the circumstances, this factor weighs in favor of dismissal sanctions.

### 4.  Less Drastic Sanctions

Plaintiff has delayed and refused to participate in his deposition.  Discovery has closed, and the dispositive motions deadline is a little over a week away. A less drastic sanction would require discovery to be reopened for the limited purpose of providing additional time for the Plaintiff to be deposed.  However, Plaintiff's deposition may lead to additional information or assertions concerning possible evidence that would require further motions or stipulations to extend discovery for additional specific limited purposes if such information or new witness identities are uncovered. This would cause additional extensions of time and delays.  Plaintiff's dilatory conduct should not be rewarded and allowed to prolong the case further.

In the event that this Court considers "less drastic" sanctions instead of dismissal, discovery should be reopened for the very limited purpose of allowing the Defendants to take the Plaintiff's deposition, and for that deposition to be taken in Clark County, Nevada where the Plaintiff filed his lawsuit.  At the conclusion of the 60 – 90 day period during which the deposition is required to go forward, the order should provide for 60 days for the filing of dispositive motions, which is the

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

amount of time from the close of discovery contained in the parties' most recent stipulation and scheduling order (ECF 36).

### 5. Bad Faith

A court may impose the extreme sanction of dismissal if there has been "flagrant, bad faith disregard of discovery duties." *Wanderer v. Johnston*, 910 F.2d 652, 655–56 (9th Cir. 1990) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976). In this matter it appears from Plaintiff's tactics that the intention was to avoid and prevent his duly noticed deposition from going forward to the prejudice of Defendants and the sanction of dismissal is appropriate.

### 6. Bad Faith Not Required

A court need not find bad faith before imposing sanctions for violations of Rule 37" (*Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 545 (N.D. Cal. 2009)), so long as the sanctions imposed are "just" and "specifically relate to the particular claim at issue in the order" (*United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 910 (9th Cir. 1986)). Any burden to establish that noncompliance with the requirements of Rule 37 was substantially justified, or that special circumstances would render the imposition of sanctions inappropriate, is on the party facing sanctions. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994); *see also, Choudhuri v. Wells Fargo Bank, N.A.*, No. 15-CV-03608-VC (KAW), 2017 WL 5598685, at *5 (N.D. Cal. Nov. 21, 2017)

The sanctions sought here are just and specifically related to the circumstances that exist as the result of Plaintiff's refusal to proceed with his properly noticed deposition. A sanction of dismissal is appropriate under the circumstances.

### 7. Analysis of the Factors in this Case Favor Dismissal

The above factors "are not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

F.3d 1051, 1057 (9th Cir. 1998). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a ... dismissal sanction. Thus[,] the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir. 1990); see also *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir. 1990).

Prejudice to the Defendants has been established in the instant case. The potential "less drastic sanctions" reward the Plaintiff's avoidance tactics and prejudice the Defendants with even further delay.

## C. PLAINTIFF SHOULD BE ORDERED TO REIMBURSE THE CITY OF HENDERSON FOR THE COSTS INCURRED DUE TO THE LAST-MINUTE CANCELLATION OF PLAINTIFF'S DEPOSITION

Instead of or in addition to the other enumerated sanctions, courts finding a Rule 37(d) violation must award reasonable expenses, including attorneys' fees, unless the failure to appear was substantially justified or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(d)(3). The party facing an award of expenses bears the burden of establishing substantial justification or circumstances making an award of expenses unjust. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). In the instant case, as evidenced by Ariel Mitchell's March 5, 2025 letter (**Exhibit G**) Plaintiff did not plan to appear for his deposition, and, in fact, did not appear. As described above, the City of Henderson incurred cancellation fees for the court reporter, the videographer and the facility that had been reserved in the sum of $550.00.

In addition to any sanctions that the Court imposes upon Plaintiff, Plaintiff should be required to reimburse $550.00 to the City of Henderson within 30 days of the Court's order.

### III.

### CONCLUSION

For the foregoing reasons, Defendants City of Henderson, Officer C. Watts, Officer B. Shaffer, and Sgt. K. Abernathy, respectfully request this Honorable Court to the above-entitled

motion as an emergency motion on shortened time pursuant to LR 7-4, and to enter its order

dismissing all of the Plaintiff's remaining claims in this action and requiring Plaintiff to reimburse

the City of Henderson the sum of $550.00 for the costs that it has incurred due to the last minute

cancellation of Plaintiff's March 5, 2025 deposition.

      DATED this 22nd day of April 2025.

                  CITY OF HENDERSON

                  */s/ Nancy D. Savage*
                  NANCY D. SAVAGE
                  Assistant City Attorney
                  Nevada Bar No. 392
                  240 Water Street, MSC 144
                  Henderson, Nevada 89015

                  Attorney for Defendants
                  "Henderson Police Department," Officer C. Watts,
                  Officer B. Shaffer, Sgt. K. Abernathy

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET, MSC 144
HENDERSON, NV 89015

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April 2025, I served the above and foregoing **IEMERGENCY MOTION TO DISMISS THE REMAINING CLAIMS FROM PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR PLAINTIFF'S FAILURE TO APPEAR FOR  HIS DEPOSITION AND FOR AN AWARD OF COSTS**, through the Court's electronic filing system and by depositing a true and correct copy thereof in the United States Mail, postage fully prepaid thereon, and addressed to the following:

Mark Clifford Sykes
c/o Ariel E. Mitchell, Esq.
P.O. Box 12864
Miami, Florida 33101

Mark Clifford Sykes
P.O. Box 674
Russellville, Arkansas 72811

*/s/  Laura Kopanski*
Employee of the Henderson City Attorney's Office

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

## DECLARATION OF NANCY D. SAVAGE IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION PURSUANT TO LR 7-4 and MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 37 and Fed. R. Civ. P. 16

Nancy D. Savage declares, and states as follows:

1.      I am an attorney duly licensed and practicing law in the State of Nevada, County of Clark, and am a member of the Nevada State Bar in good standing.  I am currently employed as an Assistant City Attorney by the City of Henderson at 240 Water Street, Henderson, Nevada 89015 and represent the Defendants City of Henderson, Officer C. Watts, Officer B. Shaffer, and Sgt. K. Abernathy in the above-entitled case.

2.      I am over the age of 18 years and have personal knowledge of the facts stated herein, except for those stated on information and belief, and as to those, I believe them to be true. I am competent to testify to the facts set forth herein and will so testify if called.

### SUPPORT FOR EMERGENCY MOTION PURSUANT TO LR 7-4

3.      I submit this Declaration in compliance with **LR 7-4** and in support of Defendants' Emergency Motion to Dismiss the Remaining Claims from Plaintiff's First Amended Verified Complaint for Plaintiff's Failure to Appear for his Deposition and for an Award of Costs to be considered by the court on an emergency basis and in support state as follows:

(a)  **The nature of the emergency** is the impending dispositive motions deadline, May 1, 2025, in conjunction with the Declarant's inability to reschedule and take Plaintiff's deposition, after Plaintiff unilaterally cancelled his deposition, 3 hours before its scheduled commencement.  Plaintiff has subsequent failed to engage in any effort to have the deposition rescheduled. The motion needs to be decided before the dispositive motion deadline on May 1, 2025, as scheduled by the Stipulated Revised Discovery Plan and Scheduling Order entered on August 8, 2024 (ECF 36). Otherwise, there is not enough time to have the motion heard in the ordinary course.

1

Plaintiff has represented himself pro se throughout this action. In December of 2024, Declarant sought dates of availability from Plaintiff for setting his deposition in early 2025. After Plaintiff failed to respond, Defendants properly served a Notice of Taking Plaintiff's Videotaped Deposition on February 6, 2025 upon Plaintiff setting his deposition on March 5, 2025. Attached as **Exhibit A.** On February 11, 2025, Declarant followed up with an email to Plaintiff, providing another copy of the Notice of Taking Plaintiff's Videotaped Deposition, and advised that Mr. Sykes' that his deposition could, in the alternative, go forward remotely, on March 5, 2025 at a court reporter's facility in Little Rock, Arkansas if he consented. See **Exhibit B**. Plaintiff agreed to have his deposition be taken remotely from Little Rock and agreed to the time for the deposition to proceed on that date. See **Exhibit C.** An Amended Notice of Taking Plaintiff's Videotaped Deposition was duly served by mail on February 18, 2025. **Exhibit D.** A copy of the Amended Notice of Taking Plaintiff's Videotaped Deposition was also emailed to Plaintiff on February 18, 2025. **Exhibit E, pg. 1.**

In the same time frame that Plaintiff's deposition was in the process of being scheduled, Declarant was also trying to schedule a meet and confer with Plaintiff concerning his written discovery responses. Plaintiff was not willing to set a date for the meet and confer until March 3, 2025, two days before his deposition. On March 3, 2025, Plaintiff emailed additional information to supplement his discovery responses in issue. Due to the manner or format in which some of the additional was provided, additional time was needed to review it. Although it was clear that some of the discovery in issue had not been supplemented or responded to, Declarant determined that the issues remaining with Plaintiff's discovery responses could better be addressed during Plaintiff's deposition, and the meet and confer was cancelled. During

2

the several communications received from Plaintiff on March 3, 2025, Plaintiff provided no indication that there was any reason that his deposition would or could not proceed as scheduled on March 5, 2025.

On March 5, 2025, three hours before Plaintiff's deposition was scheduled to start, Declarant received a letter from a Miami, Florida attorney named Ariel Mitchell stating that she had been retained to represent the Plaintiff in this case and that the Plaintiff's deposition would have to be rescheduled. Ms. Mitchell further advised that she and her local counsel would be entering appearances in the case "over the next week." **Exhibit F.**

On March 13, 2025, Declarant served Supplemental discovery responses upon Ms. Mitchell in her capacity as Plaintiff's retained attorney in the case. Ms. Mitchell had not formally appeared in the case at that point.

On March 31, 2025, Declarant sent a letter to Ms. Mitchell asking whether she was still representing Plaintiff and provided proposed dates and times for a meet and confer to address rescheduling Plaintiff's deposition. **Exhibit H.** No response has been received. To date neither Ms. Mitchell nor any other attorney has entered an appearance in this case to represent Plaintiff. There have also been no further communications from Plaintiff, who pursuant to the court's records, currently continues to represent himself.

Although Declarant's March 31, 2025 letter to Ms. Mitchell advised that if I did not receive a response by the Wednesday following the date the letter was emailed to Ms. Mitchell, it would be assumed that she was not representing the Plaintiff, Declarant has been hesitant to contact the Plaintiff directly because Ms. Mitchell has

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

3

not retracted the statement in her March 5, 2025 letter that she is representing the Plaintiff, Mark Sykes in this matter.

The Nevada Rules of Professional Conduct, Rule 4.2 expressly precludes an attorney from contacting a person that the attorney knows to be represented by another lawyer in the in case. As a result, Declarant did not contact Plaintiff directly to try to have a meet and confer. Plaintiff is on the court's electronic service list and should receive this motion through the court that way, when this motion is filed.

(b)    **A meet and confer was not able to be held due to the lack of response from Plaintiff's purported attorney and a lack clarity about whether Plaintiff has counsel representing him regarding this case.**

I certify that I attempted to set up a meet and confer with Plaintiff's purported attorney and received no response. Almost two months after her letter stating that she is representing Plaintiff, that attorney has not appeared in this case, has not responded to Declarant's letters/emails seeking a meet and confer, or made a definitive statement about whether she still represents Plaintiff, and ,if so, when she will be appearing in the case. Although Plaintiff remains in the court's record as acting pro se, Declarant did not want to violate the Nevada Rules of Professional Conduct by contacting Plaintiff directly under the circumstances present here.

(c)    An emergency exists due to the short time before the dispositive motions deadline of May 1, 2025, the Plaintiff's unilateral cancellation of his deposition, and his and/or his "representative's" ongoing failure to address or engage in any effort to get Plaintiff's deposition rescheduled. Under the circumstances the Defendants' current Motion to Dismiss and for an award of the costs incurred due to Plaintiff's failure to appear for his deposition is appropriate. There is not enough time to have

this said motion heard and decided in the ordinary course before the May 1, 2025, dispositive motions deadline.

  Declarant represents the moving Defendants.  My contact information is as follows:

    Nancy D. Savage, Esq.
    Henderson City Attorney's Office
    240 Water Street, MSC 144
    Henderson, Nevada 89015
    nancy.savage@cityofhenderson.com
    (702) 267-1237

Plaintiff, Mark Clifford Sykes is representing himself and his contact information is as follows:

    Mark Clifford Sykes
    P.O. Box 674
    Russellville, Arkansas 72811
    (725) 254-0279

Plaintiff receives electronic filings and will receive the motion when it is filed.

A copy of Defendants' Emergency Motion to Dismiss the Remaining  Claims from Plaintiff's First Amended Verified Complaint for Plaintiff's Failure to Appear for his Deposition and for an Award of Costs  is also being sent by mail,  and by email, upon filing  to:

    Ariel E. Mitchell, Esq.
    P.O. Box 12864
    Miami, Florida 33101
    (305) 903-5835
    ariel@arielesq.com

There are no other parties involved in this action.

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

**IN SUPPORT OF EMERGENCY MOTION TO DISMISS AND FOR AWARD OF COSTS**

4.      The Exhibits attached hereto and referenced within the Emergency Motion to Dismiss the Remaining Claims from Plaintiff's First Amended Complaint for Plaintiff's Failure to Appear for his Deposition and for an Award of Costs, are as follows:

Exhibit A is a true and accurate copy of the Notice of Taking Plaintiff's Videotaped Deposition served upon Plaintiff on March 6, 2025.

Exhibit B is a true and accurate copy of an email sent from Nancy Savage to Mark Sykes dated February 11, 2025.

Exhibit C is a true and accurate copy of an email sent from Mark Sykes to Nancy Savage on February 12, 2025.

Exhibit D is a true and accurate copy of the Amended Notice of Taking Plaintiff's Videotaped Deposition served upon Plaintiff on March 18, 2025.

Exhibit E is a true and accurate copy of an email from Nancy Savage to Mark Sykes dated February 18, 2025.

Exhibit F is a true and accurate copy of the letter of representation received by Declarant from Ariel E. Mitchell on March 5, 2025.

Exhibit G is a true and accurate copy of a letter from Nancy Savage to Ariel Mitchell dated March 5, 2025.

Exhibit H is a true and accurate copy of a letter from Nancy Savage to Ariel Mitchelle dated March 31, 2025.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 22nd day of April 2025

/s/  Nancy D. Savage
NANCY D. SAVAGE

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015