## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA
### SOUTHERN DIVISION

| | |
|---|---|
| Mark Clifford Sykes,<br><br>                    Plaintiff(s),<br><br>v.<br><br>CITY OF HENDERSON, OFFICER C.<br>WATTS, OFFICER B. SHAFFER,<br>SERGEANT K. ABERNATHY, et al.<br><br>                    Defendant(s). | Case No.: 2:22-cv-00956-JAD-EJY<br><br>PLAINTIFF'S OPPOSITION TO<br>DEFENDANTS' EMERGENCY MOTION<br>TO DISMISS REMAINING CLAIMS AND<br>REQUEST FOR SANCTIONS,<br>PLAINTIFF'S OPPOSITION TO<br>DEFENDNATS' EMERGENCY MOTION<br>ON SHORTENED TIME |



### INTRODUCTION

Plaintiff MARK CLIFFORD SYKES ("Plaintiff"), proceeding in Sui Juris and relying in good faith upon legal advice received, respectfully presents this Opposition to Defendants' Emergency Motion to Dismiss and their associated Emergency Motion for Shortened Time. Defendants' request for dismissal and expedited consideration is procedurally defective, substantively unwarranted, and contrary to the strong judicial preference for resolving cases on their merits. For the reasons stated herein, Plaintiff respectfully requests the Court DENY Defendants' Emergency Motion to Dismiss and deny the request for Emergency Shortened Time consideration.

### STATEMENT OF RELEVANT FACTS

1. On March 5, 2025, Plaintiff was directed by attorney Ariel E. Mitchell not to attend the scheduled deposition. (See Exhibit 1).

2. Plaintiff reasonably and in good faith relied on Ms. Mitchell's directive.

3. On April 2, 2025, Ms. Mitchell confirmed that she had not formally entered into an engagement agreement with Plaintiff. (See Exhibit 2).

4. Plaintiff has no knowledge of any communications made by Ms. Mitchell to defense counsel and has not received forwarded communications. See…DECLARATION OF MARK CLIFFORD SYKES" which is hereby incorporated by reference as Exhibit 3.

5. Plaintiff has diligently pursued this case and consistently complied with his obligations.

## LEGAL ARGUMENT

### I. DEFENDANTS' REQUEST FOR EMERGENCY RELIEF IS PROCEDURALLY AND SUBSTANTIVELY DEFECTIVE.

Emergency motions are reserved for circumstances where immediate action is necessary to prevent irreparable harm. Defendants have not demonstrated any genuine emergency justifying expedited relief. Mere inconvenience or additional cost associated with rescheduling a deposition does not meet the high standard for emergency relief.

### II. DISMISSAL IS RESERVED FOR EXTREME, WILLFUL, BAD-FAITH CONDUCT, WHICH IS NOT PRESENT HERE.

Dismissal under Fed. R. Civ. P. 37(b) is an extreme sanction reserved only for "willfulness, bad faith, or fault." *Henry v. Gill Indus., Inc.*, **983 F.2d 943, 946 (9th Cir. 1993).** Plaintiff relied on legal instruction in good faith and at no time willfully or deliberately disobeyed any Court order or discovery obligation.

### III. PLAINTIFF'S RELIANCE ON COUNSEL CONSTITUTES "EXCUSABLE NEGLECT" UNDER PIONEER.

Reliance upon the advice of legal counsel, even absent a formal representation agreement, constitutes "excusable neglect" sufficient to excuse procedural missteps. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, **507 U.S. 380, 392 (1993).** Plaintiff's reliance was reasonable and excusable.

### IV. DEFENDANTS' FAILURE TO FILE A MOTION TO COMPEL PRECLUDES DISMISSAL.

Before seeking dismissal, Defendants were obligated to first file a Motion to Compel under Fed. R. Civ. P. 37(a). Defendants' failure to pursue lesser remedies before moving for the harshest sanction renders their motion procedurally defective. **Under *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998)**, dismissal is proper only after lesser sanctions have been considered and found ineffective. Here, Defendants failed to seek a Motion to Compel or request lesser remedies before moving directly for dismissal, the harshest sanction, renders their Emergency Motion fatally premature and procedurally defective.

## V.    APPLICATION OF THE MALONE FACTORS FAVORS DENIAL OF DISMISSAL.

Applying *Malone v. U.S. Postal Serv.*, 833 F.2d 128 (9th Cir. 1987):

- (1) Public interest in expeditious litigation: Minimal, non-prejudicial delay (Plaintiff caused no significant delay).

- (2) Court's docket management: No significant burden on Court resources (No ongoing abuse, no clogging of docket).

- (3) Prejudice to Defendants: Curable by rescheduling Plaintiff's deposition.

- (4) Availability of lesser sanctions: Monetary sanctions, rescheduling, or short discovery extensions suffice.

- (5) Disposition on the merits: Strong public policy preference favors adjudication.

## VI.    DEFENDANTS' CLAIMS OF PREJUDICE ARE CURABLE, NOT GROUNDS FOR DISMISSAL.

Defendants allege costs and inconvenience, not irreparable prejudice. Preparation costs are foreseeable in litigation and do not justify dismissal. ***Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).** Under ***Wanderer v. Johnston*,** courts must consider whether lesser sanctions than dismissal would be sufficient. Plaintiff respectfully presents that rescheduling the deposition and, if necessary, post-trial cost offsets are fully adequate remedies here, making dismissal inappropriate."

## VII.    DUE PROCESS DEMANDS CASES BE DECIDED ON THEIR MERITS.

Dismissal would violate Plaintiff's constitutional right of access to the courts. ***Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429 (1982);** In keeping with the Ninth Circuit's strong public policy favoring resolution on the merits, as reaffirmed in ***Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir. 1986),** Plaintiff respectfully requests that this Court deny the extreme remedy of dismissal and allow the matter to proceed to full adjudication. Further, Fed. R. Civ. P. 1 mandates that courts administer proceedings to ensure "the just, speedy, and inexpensive determination of every action."

## VIII.   ALTERNATIVE SANCTIONS ARE AVAILABLE.

Should the Court deem any sanction appropriate, Plaintiff respectfully proposes rescheduling the deposition or imposing a limited monetary sanction as alternatives to dismissal. That any monetary sanctions awarded, it should be applied after the judgment to end the case and or after trial to offset any monetary judgments awarded to the plaintiff.

## IX.    REQUEST TO REOPEN DISCOVERY AND EXTEND DEADLINES

In fairness to all parties, Plaintiff respectfully requests:

1.  Reopening of discovery for thirty (30) days, through and including June 2, 2025.
2.  Extending related deadlines, as set forth in the attached Proposed Order.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court DENY Defendants' Emergency Motion to Dismiss and Emergency Motion for Shortened Time, reopen discovery for thirty (30) days, extend related deadlines, and allow this case to proceed on its merits. "Granting Defendants' Motion would unjustly deny Plaintiff his fundamental right to a full and fair adjudication on the merits, in contravention of constitutional guarantees and the

orderly administration of justice."

**Dated this ___ day of April, 2025.**

RESPECTFULLY PRESENTED,

Mark Clifford Sykes, Sui Juris
All Natural Rights/ Constitutional Rights "explicitly" Reserved and Retained
With prejudice in perpetuity
c/o P.O. Box # 674, Russellville, Arkansas Zip Exempt [72811]
email: windsorsykes@yahoo.com
ph. 725-254-0279

# EXHIBIT 1

**From:** Ariel Mitchell <ariel@arielesq.com>
**To:** Mark Sykes <windsorsykes@yahoo.com>
**Cc:** Shawn Perez <shawn711@msn.com>
**Sent:** Wednesday, March 5, 2025 at 10:20:08 AM CST
**Subject:** Re: Subject: Legal Representation Inquiry – Civil Rights Lawsuits Against Las Vegas and Henderson PD

Yes I am writing the email. You don't have to go now. Don't worry about it consider it cancelled.

Namaste,

Ariel E. Mitchell, Esq.
500 NW 2nd Ave.
#12864
Miami, FL 33101
305-903-5835

On Mar 5, 2025, at 11:16 AM, Mark Sykes <windsorsykes@yahoo.com> wrote:

Hello again,
Can you let me know if the Deposition has been canceled before 12pm Arkansas time so I won't have to get on the road.
Thanks in Advance

We opted out of any attempt by you to contract by electronic communication unless specifically agreed upon!
------------
Best regards, Mark Sykes
Direct Line: 725-254-0279  Private Correspondence to intended party from: Mark Sykes.
windsorsykes@yahoo.com
Confidentiality Notice: "All Rights Reserved - Without Prejudice - Without Recourse -
Non-Assumpsit Errors & Omissions Excepted"

Notice of Confidentiality - This message and any files or attachments transmitted with it are CONFIDENTIAL and intended only for the addressee(s) only. Both the email message and any attachments have been transmitted based on a reasonable expectation of privacy. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you are not the named addressee, you must not use, disclose, disseminate, distribute, copy, print or reply to this email. Access to this document by any other person or entity is

# EXHIBIT 2

**From:** Ariel Mitchell <ariel@arielesq.com>
**To:** windsorsykes@yahoo.com <windsorsykes@yahoo.com>
**Cc:** Shawn Perez <shawn711@msn.com>
**Sent:** Wednesday, April 2, 2025 at 11:12:29 AM CDT
**Subject:** Re: Sykes v. City of Henderson, et al., Case No. 2:22-cv-00956-JAD-EJY

Mr. Sykes-

First, we are still looking into this matter to determine if we will engage in representation. You had a deposition scheduled that would not have been to your benefit at that time, which is why I temporarily stepped in. We have not sent you an engagement letter and no formal engagement has commenced.

As you know I am not a licensed attorney in Nevada and require local counsel. Once we decide if and how we can move forward we will be in contact soon.

Namaste,

Ariel E. Mitchell, Esq.
500 NW 2nd Ave.
#12864
Miami, FL 33101
305-903-5835


> On Apr 2, 2025, at 11:36 AM, Mark Sykes <windsorsykes@yahoo.com> wrote:
>
> Dear Ms. Mitchell and Mr. Perez,
>
> I hope this message finds you well.
>
> I am writing to respectfully request a status update regarding your representation of me in the matter of Sykes v. City of Henderson, et al., Case No. 2:22-cv-00956-JAD-EJY, pending in the District of Nevada.
>
> As you confirmed via your March 5, 2025 correspondence to Ms. Nancy Savage (Assistant City Attorney for the City of Henderson), (see attached PDF) your firm accepted representation on my behalf and advised that the deposition scheduled that day in Little Rock, Arkansas, would be postponed. You also indicated that local counsel would file an appearance and a meet and confer would be arranged.
>
> To date, I have not received any follow-up confirming:
>
> Whether appearances have been formally filed with the court;
>
> Whether a new deposition date or discovery schedule has been discussed;
>
> What the next steps in the case will be and how I should be preparing.
>
> Please kindly advise me on the current posture of the case, your firm's involvement going forward, and what, if anything, is needed from me at this time. I remain fully cooperative and available to support the case however necessary.
>
> Thank you in advance for your time and attention to this matter. I greatly appreciate your advocacy and assistance.
>
> Warm regards,
> Mark Clifford Sykes
> P.O. Box 674
> Russellville, AR 72811

# EXHIBIT 3

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA
SOUTHERN DIVISION

| | |
|---|---|
| Mark Clifford Sykes,<br><br>                    Plaintiff(s),<br><br>v.<br><br>CITY OF HENDERSON, OFFICER C.<br>WATTS, OFFICER B. SHAFFER,<br>SERGEANT K. ABERNATHY, et al.<br><br>                    Defendant(s). | Case No.: 2:22-cv-00956-JAD-EJY<br><br>**DECLARATION OF MARK CLIFFORD<br>SYKES IN SUPPORT OF OPPOSITION<br>TO DEFENDANTS EMERGCY<br>MOTION TO DISMISS AND<br>EMERGENCY MOTION ON<br>SHORTENED TIME** |

I, MARK CLIFFORD SYKES, declare as follows:

1. I am the Plaintiff in the above-captioned case.

2. On March 5, 2025, attorney Ariel E. Mitchell instructed me not to attend the scheduled deposition.

3. I relied on Ms. Mitchell's advice in good faith.

4. On April 2, 2025, Ms. Mitchell confirmed no formal representation existed.

5. I have not received any additional communications from Ms. Mitchell regarding this case.

6. I have acted diligently and in good faith in prosecuting my claims.

7. I did not willfully or deliberately disobey any order of this Court.

I declare under penalty of law of the United States of America that the foregoing is true and correct to the best of my belief.

Executed this 2𝟡 day of **April, 2025**.

MARK CLIFFORD SYKES

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA
## SOUTHERN DIVISION

| | |
|---|---|
| Mark Clifford Sykes,<br><br>               Plaintiff(s),<br><br>v.<br><br>CITY OF HENDERSON, OFFICER C. WATTS, OFFICER B. SHAFFER, SERGEANT K. ABERNATHY, et al.<br><br>               Defendant(s). | Case No.: 2:22-cv-00956-JAD-EJY<br><br><br><br>**[PROPOSED ORDER]** |

This matter having come before the Court on Defendants' Emergency Motion to Dismiss the Remaining Claims (ECF No. 37) and Plaintiff's Opposition thereto, and the Court having reviewed the motion, opposition, replies, declarations, exhibits, and the record, and being fully informed,

IT IS HEREBY ORDERED:

1. Defendants' Emergency Motion to Dismiss (ECF No. 37) is DENIED.

2. Discovery is reopened through and including June 2, 2025.

3. Deadlines are extended as follows:

   - Discovery cutoff: **June 2, 2025**

   - Dispositive motions deadline: **July 1, 2025**

   - Joint Pretrial Order deadline: **July 31, 2025**

IT IS SO ORDERED.

**DATED this ___ day of _____, 2025.**

_____
HON. RICHARD F. BOULWARE, II
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28 day of *April*, 2025, I mailed a true and correct copy of the foregoing:

- Proposed Order Denying Defendants' Emergency Motion to Dismiss, and
- Opposition to Defendants' Emergency Motion to Dismiss,

by depositing same in the United States Mail, first-class postage prepaid, Priority Mail Flat Rate, addressed to:

**Clerk of the Court**
United States District Court
District of Nevada, Southern Division
333 Las Vegas Blvd South
Las Vegas, Nevada 89101

Dated this 28 day of *April*, 2025.

**Mark Clifford Sykes**
Plaintiff, In Propria Persona (Pro Se)
P.O. Box 674
Russellville, Arkansas
72811