UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK CLIFFORD SYKES,<br><br>    Plaintiff,<br><br>  v.<br><br>HENDERSON POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 2:22-cv-00956-JAD-EJY<br><br>**ORDER** |

Pending before the Court is the Emergency Motion to Dismiss the Remaining Claims in Plaintiff's First Amended Complaint in which Defendants primarily argue Plaintiff failed to appear for his deposition on an agreed upon date. ECF No. 37. Plaintiff's non-appearance came after an attorney contacted defense counsel stating she had been retained by Plaintiff and that Plaintiff would not appear for deposition. However, as of the date Defendants filed their Motion to Dismiss there had been no subsequent communication from Plaintiff's putative counsel and, because of the stated representation, Defendants felt they could not contact Plaintiff directly. Of course, Defendants could have reached out to Plaintiff asking if he was, in fact, represented. Defendants could also have attempted to contact Plaintiff's putative counsel. Defendants did neither; yet Defendants accuse Plaintiff of bad faith for failing to contact them to reschedule his deposition.

Following a Court Order, Plaintiff filed an Opposition to Defendants' Motion to Dismiss. ECF No. 40. He appeared *pro se*. Plaintiff explains that he relied on the attorney he sought to retain when he failed to appear for the previously agreed upon deposition. In fact, Plaintiff provides the Court with correspondence from his putative attorney confirming he did not need to appear.

The Court may impose sanctions for the failure of a party to appear for deposition, Fed. R. Civ. P. 37(d)(1)(A)(i), or to respond to written discovery, Fed. R. Civ. P. 37(d)(1)(A)(ii). The sanctions that may be imposed include those listed in Rule 37(b)(2)(A)(i)-(vi), some of which contemplate severe sanctions such as dismissal, which is sought here. Fed. R. Civ. P. 37(d)(3). Case dispositive sanctions are warranted only in "extreme circumstances." *Fjelstad v. Am. Honda Motor*

*Co.*, 762 F.2d 1334, 1338 (9th Cir. 1985). When analyzing a request for case-dispositive sanctions, the Court considers (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the opposing party, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012). The Court must also consider whether the misconduct involved willfulness, fault, or bad faith. *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). The Court has "great latitude" in imposing sanctions under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

Here, the Court is sympathetic to Defendants' position; however, under the circumstances and evidence presented (despite Defendants' view of that evidence), the Court finds insufficient support for dismissal of Plaintiff's operative Complaint. Plaintiff mistakenly, but nonetheless in apparent good faith, relied on counsel to form a reasonable belief that he did not need to appear for his deposition. There is no evidence of Plaintiff's fault, bad faith or willfulness with respect to his nonappearance. While Plaintiff may have litigated previously, and is certainly bound by the same rules of procedure as represented parties, the Court's review of the evidence does not support the conclusion that Plaintiff intended to misrepresent or does misrepresent the circumstances of his effort to obtain counsel or his understanding of his need to appear for deposition. The Court further finds the delay to allow Defendants to take Plaintiff's deposition is not so great as to impact the resolution of this litigation; the Court's docket is not disadvantaged by allowing Defendants to depose Plaintiff; allowing Plaintiff to be deposed promotes a decision on the merits; and less drastic sanctions are available as discussed below.

The Court nonetheless concludes it is appropriate to sanction Plaintiff and not relieve him of the repercussions arising from his failure to appear for deposition when notice of his non-appearance was provided to Defendants on the same day as the deposition by simply informing Defendants that Plaintiff would not appear. *E.g.*, *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 337 n.8 (D. Nev. 2016). Plaintiff is further warned that failure to appear at his duly notice deposition will not be excused a second time absent advanced agreement by Defendants.

Accordingly, IT IS HEREBY ORDERED that Defendants' Emergency Motion to Dismiss the Remaining Claims in Plaintiff's First Amended Complaint (ECF No. 37) is DENIED.

IT IS FURTHER ORDERED that discovery is reopened for a period of 45 days (that is, through **June 26, 2025**) for the **sole purpose** of allowing Defendants to take Plaintiff's deposition. No other discovery is to occur during this period.

IT IS FURTHER ORDERED that Plaintiff **must** cooperate with Defendants in selecting a new date for his appearance at deposition, which appearance may be remote. Plaintiff's failure to appear at the newly selected date for deposition will result in sanctions up to and including dismissal of his case unless his appearance is excused by agreement with Defendants in advance of the date selected.

IT IS FURTHER ORDERED that the deadline for filing dispositive motions is reset to **August 7, 2025**.

IT IS FURTHER ORDERED that the proposed joint pretrial order due date is **September 9, 2025**; provided, however, that if one or more dispositive motion is pending on this date, the due date for the proposed joint pretrial order is automatically vacated and reset for thirty (30) days after all dispositive motions are resolved.

IT IS FURTHER ORDERED that monetary sanctions in the form of repayment of costs associated with same day cancellation of Plaintiff's deposition are deferred until this case is resolved. If this matter is resolved through motion practice or trial and Defendants prevail on all counts, Defendants are entitled to seek reimbursement of the costs associated with the cancelled deposition from Plaintiff by filing a motion seeking such reimbursement. If Plaintiff prevails on one or more claims for which damages are awarded, then the costs due Defendants arising from the cancelled deposition must be offset against that damages award. If settlement is reached, the costs must be accounted for in that settlement through an offset against amounts, if any, Defendants agree to pay Plaintiff in resolution.

Dated this 13th day of May, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE