**NICHOLAS G. VASKOV**
City Attorney
Nevada Bar No. 8298
**NANCY D. SAVAGE**
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
nancy.savage@cityofhenderson.com

Attorneys for Defendants
City of Henderson, Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK CLIFFORD SYKES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HENDERSON (A.K.A.) HENDERSON POLICE DEPARTMENT of CLARK COUNTY NEVADA, OFFICER C. WATTS P#2171, OFFICER B. SHAFFER P#2237, SERGEANT K. ABERNATHY P#1207 in their individual capacity, et.al.,<br><br>Defendants. | CASE NO.: 2:22-cv-00956-JAD-EJY<br><br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S PETITION FOR PROTECTIVE ORDER (ECF 44); PLAINTIFF'S REQUEST TO CONDUCT PLAINTIFF'S DEPOSITION BY REMOTE MEANS (ECF 45); AND PLAINTIFF'S REQUEST TO OPEN DISCOVERY TO PLAINTIFF'S SECOND AND THIRD SETS OF DISCOVERY (ECF 46)** |

Defendants City of Henderson ("City"), Officer C. Watts, Officer B. Shaffer and Sgt. K. Abernathy (collectively referred to as "Defendants"), by and through their attorney Nancy D. Savage, Esq., Assistant City Attorney for the City of Henderson, hereby submit their Opposition to Plaintiff's Petition for Protective Order (ECF 44), Plaintiff's Request to Conduct Plaintiff's Deposition by

1

Remote Means (ECF 45), and Plaintiff's Request to Open Discovery to Plaintiff's Second and Third Sets of Discovery (ECF 46).

This Opposition is made and is based upon the pleadings and papers on file herein, the points and authorities, exhibits attached hereto, the attached Declaration of Nancy D. Savage, and the oral argument of counsel at the time of hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### RELEVANT BACKGROUND

The following description contains an abridged version of the background and the supporting documents attached as exhibits to the Defendants' Emergency Motion to Dismiss (ECF 37) filed on April 22, 2025, as well as the Plaintiff's Opposition and the attached exhibits filed on May 5, 2025. (ECF 41). The background is provided to give the events in issue in the current opposition context. The exhibits to ECF 37 and ECF 41 are not being attached to this Opposition but are incorporated by reference as though fully set forth. Any documents/exhibits supporting the portions of the background that have occurred since the Court entered its order on May 12, 2025 (ECF 43) ruling upon Defendants' Motion to Dismiss.

On August 8, 2024, the parties to this action entered into a stipulated, revised Discovery Plan and Scheduling Order that extended discovery to March 13, 2025 (ECF 36). In December 2024, Defendants' counsel sought dates in January or February 2025 when Plaintiff had availability, so that his deposition could be set. At that juncture, Counsel believed that Plaintiff's deposition could be taken remotely and offered to proceed with a remote deposition. Plaintiff did not respond to provide dates or the offer to take his deposition remotely. See attached Declaration of Counsel.

On February 6, 2025, with discovery cutoff approaching and no response from Plaintiff, Defendants served a Notice of Taking Plaintiffs' Videotaped Deposition. Exhibit A attached to

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

Defendants' Emergency Motion to Dismiss (ECF 37). On February 11, 2025, counsel followed up with an email to Plaintiff, providing another copy of the Notice of Taking Plaintiff's Videotaped Deposition, and advised that Mr. Sykes' deposition could, in the alternative, go forward remotely, on March 5, 2025, at a court reporter's facility in Little Rock, Arkansas. Little Rock, Arkansas was the closest facility to Plaintiff's residence that the defense had been able to locate. On February 12, 2025, Plaintiff agreed to have his deposition be taken remotely from Little Rock on March 5, 2025 and a Notice of Deposition for that date was served.

In February 2025 in the same time frame that arrangements were being made for Mr. Sykes' deposition, defense counsel was also trying to set up a meet and confer to address issues with Plaintiff's Answers to Defendants' Interrogatories and Responses to Defendants' Requests for Production. Defendants proposed dates in February, but Plaintiff insisted that the soonest that he was available for a meet and confer was two (2) days before his deposition was scheduled.

On March 3, 2025, prior to the time set for the meet and confer, Mr. Sykes provided multiple emails with supplemental information to his discovery responses. There was enough provided, some of which was received shortly before the meet and confer was set to go forward, that counsel did not have time to thoroughly review it before the scheduled meet and confer. It appeared that some of what was in issue had been provided by Plaintiff, and some had not. Since Plaintiff's deposition was only two days away, Defendants' counsel decided to try to flesh out the areas still in issue at Plaintiff's deposition, and the March 3, 2025, meet and confer was cancelled.

Plaintiff had agreed that his deposition would start at 12:30 pm PST on March 5, 2025. Defendants had arranged for a court reporter, and videographer, and had reserved a room at the court reporter's facility in Little Rock Arkansas for the deposition. Approximately three hours before the deposition was set to start, Defendants' attorney received a letter by email from an attorney, Ariel E. Mitchell, stating that her Miami, Florida firm had been retained to represent Mr. Sykes in the above-

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

referenced case.  Ms. Mitchell further stated that, "Mr. Sykes has informed us that there was a deposition scheduled today in Little Rock, AR which obviously must be rescheduled given the present circumstances." Ms. Mitchell also stated that over the next week she and her local counsel would file their appearances in the case.

Defendants' counsel acknowledged Ms. Mitchell's correspondence and advised that it was expected that Ms. Mitchell would reimburse the cancellation fees that the City would incur due to the last-minute cancellation of the deposition. Ms. Mitchell was also advised that Defendants expected to serve supplemental discovery responses later in the week, and would serve them on her, based upon her representation that she had been retained as Mr. Sykes' attorney.  Ms. Mitchell was advised that the current deadlines in the case remained in effect.  Supplemental witness and document lists were similarly served upon Mark Sykes, c/o Ms. Mitchell on March 13, 2025.

Defendants had responses to discovery that were due to be served after Ms. Mitchell advised that she was representing Plaintiff.  Since Ms. Mitchell's had advised that she had been retained to represent Plaintiff in this case, Defendants' discovery responses served after March 5, 2025 were served upon Ms. Mitchell.

By March 31, 2025, over three weeks after Ms. Mitchell advised that she had been retained to represent Mr. Sykes and that she would be entering an appearance within the week in this case, there had still not been an appearance by any attorney for Mr. Sykes.  There had been no further communication from Plaintiff's purported attorneys.  On March 31, 2025, Defendants' counsel emailed another letter to Ms. Mitchell asking whether she is still representing Mr. Sykes in this case and advising that Defendants were considering bringing a motion concerning Mr. Sykes' non-appearance at his deposition. A meet and confer was requested with dates and times of availability provided.  Reimbursement for the $550.00 cancellation fees incurred by the City as a result of the unilateral cancellation of Plaintiff's deposition.

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

In Plaintiff's Opposition to the Defendants' Motion to Dismiss (ECF 41), Plaintiff stated that he learned on April 2, 2025 that Ms. Mitchell was not representing him in this case. Although he was aware, as evidenced by statements in his Opposition, that Ms. Mitchell had advised defense counsel that she had been retained to represent him in this case. However, there were no communications from Mr. Sykes advising defense counsel that he was representing himself. There was no contact from Mr. Sykes or indication that Ms. Mitchell was no longer involved in his representation until Plaintiff filed his Opposition to Defendants' Motion to Dismiss (ECF 40 and ECF 41) filed respectively on May 1, 2025 and May 5, 2025, essentially a month after Plaintiff knew that he was not being represented by counsel.

On May 13, 2025, this Court entered its order denying the Defendants' Motion to Dismiss (ECF 43) and reopening discovery for 45 days, through June 26, 2025, for the sole purpose of allowing Defendants to take Plaintiff's deposition. On May 15, 2025, Defendants served their Second Amended Notice of Plaintiff's Deposition and provided a courtesy copy by email. Plaintiff filed motion(s) being opposed her on June 2, 2025. Due to uncertainty about when a decision would be made, Defendants served a Third Amended Notice of Plaintiff's Deposition on June 2, 2025, setting the Plaintiff's in person deposition to take place on June 18, 2025.

## II.

## PLAINTIFF'S "EMERGENCY MOTION" SHOULD BE DENIED IN FULL FOR HIS COMPLETE FAILURE TO COMPLY WITH THE REQUIREMENTS OF LR-4

LR 7-4(a) governs "Emergency Motions" in this District and requires that such motions "must . . . be accompanied by a declaration setting forth:"

(1) The nature of the emergency;

(2) The office addresses and telephone numbers of movant and all affected parties;

(3) A statement of movant certifying that, after participation in a meet and confer process to resolve the dispute, the movant has been unable to resolve the matter without court

5

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

action. The statement must also state when and how the other affected people or entities were notified . . . . If the nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was precluded.

LR-4(c) provides that failure to comply with the requirements for submitting an emergency motion may result in the denial of the motion.

Plaintiff's Declaration attached to his "emergency motion" does not comply with the requirements of LR-4(a), nor does it contain a reasonable explanation of how the rulings that he seeks constitute "emergencies." The rulings which he seeks from the court include: (1) a change of the location of his deposition; (2) a change of the manner for the taking of his deposition, from in person to remote; (3) a ruling that he cannot be questioned at his deposition concerning his prior felony convictions; and (4) a request to reopen discovery so that Plaintiff can bring motions to compel responses to written discovery that he contends he did not receive.

The Plaintiff's emergency motion(s) should all be denied due to the absence of an articulated emergency. **Exhibit A** contains the only communications between Plaintiff and Defendants' counsel concerning any of the issues that Plaintiff seeks to have this court address on an emergency basis. Notably, the email thread in **Exhibit A** only addresses Plaintiff's desire to have his deposition taken remotely from Arkansas, instead of in person in Nevada as it has been noticed. Currently, Plaintiff's Deposition is noticed to be taken on June 18, 2025 in Henderson, Nevada. **Exhibit B** is the Third Amended Notice of Taking Plaintiff's Videotaped Deposition.

Before Plaintiff filed his emergency motion, he had never indicated that he had not received the written discovery responses which are the basis of his request to reopen discovery. Plaintiff had never requested a meet and confer concerning any of the requests. Likewise, there had been no previous communication from Plaintiff concerning questioning about his past felony convictions.

Plaintiff has failed to establish the existence of a requisite emergency and his "emergency motion"

should be denied

III.

### PLAINTIFF SHOULD BE REQUIRED TO APPEAR FOR HIS DEPOSITION IN CLARK COUNTY, NEVADA AND HIS MOTION FOR PROTECTIVE ORDER SHOULD BE DENIED

Federal Rule of Civil Procedure 26(c) provides that a party may seek an order for protection.

(c) Protective Orders

(1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending .  .  .  . the motion must include a certification that the movement has in good faith confirmed or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses including one or more of the following:

(A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters  .  .  .  . See Fed. R. Civ. P. 26(c).

A party from whom discovery is sought may move for a protective order to prevent annoyance, embarrassment, oppression or undue burden or expense. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order bears the burden of persuasion. *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (citation omitted). To carry this burden, the movant must demonstrate a particular need for protection supported by specific facts. *Id.* "[C]ourts insist on a particular and specific demonstration of fact, as distinguished from conclusory statements." *Swenson v. GEICO Casualty Co.*, 336 F.R.D. 206, 209 (D. Nev. 2020) (cleaned up). A showing of "some inconvenience or expense" is insufficient. *Id.* Such a burden is carried by demonstrating a particular need for protection supported by particular facts. *Id.* To that end, courts "insist on a particular and specific demonstration of fact as distinguished from conclusory statements," to issue a protective

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

order. *Twin City Fire Ins. Co. v. Employers Ins. Of Wausau,* 124 F.R.D. 652, 653 (D. Nev. 1989). A showing that discovery may involve some inconvenience or expense is likewise insufficient to obtain a protective order. *Turner Broad Sys., Inc. v. Tracinda Corp.,* 175 F.R.D. 554, 556 (D. Nev. 1997) or for a plaintiff to avoid being deposed.

Plaintiff contends that he does not have the financial means to travel to Clark County, Nevada for a deposition. He claims, without any specificity that, *". . .* the estimated cost of round-trip travel, hotel stay, food and missed work would exceed $1,000.00 which I cannot afford." See Plaintiff's Exhibit A-7, at no. 2 of his declaration (ECF 46, pg. 76).

Plaintiff's assertion that he will "miss work" contradicts his supplemental answers to Defendant Sgt. Abernathy's Interrogatory No. 6 wherein he states that he is not employed and is on SSI and SSDI. Plaintiff's Supplemental Answers to Sgt. Abernathy's Interrogatories are attached as **Exhibit C.** In determining whether a protective order should be issued, the court must determine whether the party seeking the order of protection has demonstrated good cause. *Foltz v. State Farm Mut. Auto Ins. Co*., 331 F. 3d 1122 (9th Cir. 2003).

In *Nefferitti Dieng v. Hilton Grand Vacations Co. LLC*., et al., 2011 WL 812165 (D. Nev. 2011) plaintiff sought a protective order seeking to have her deposition taken in Massachusetts instead of Nevada, because she was a full-time student with limited financial means. In the alternative, she requested that her deposition be taken telephonically. The court stated that in the absence of a showing of good cause, a plaintiff is required to make herself available for a deposition in the district in which the suit was filed. *See United States v. Rock Springs Vista Dev.,* 185 F.R.D. 603, 604 (D.Nev.1999) (relying on *Clem v. Allied Van Lines Internat'l Corp.,* 102 F.R.D. 938 (S.D.N.Y.1984), which held that absent extreme hardship, a non-resident plaintiff should appear for her deposition in the chosen forum). In *Rock Springs,* the court noted that the issue of taking the

deposition of a witness is different from the issue of taking the deposition of a plaintiff because the plaintiff has,

> not only taken the volitional step of initiating the lawsuit or claim, [but also] he or she stands to gain a substantial monetary sum and/or beneficial relief as a result of suing a defendant.... A plaintiff, therefore, cannot invoke the mere fact of inconvenience or expense as a legitimate reason to refuse to appear and submit himself or herself to questioning by the defendant regarding the basis for the claim. *Id.* (emphasis added).

*Dieng, supra,* stated that telephonic depositions, "are not recommended for obtaining controversial testimony, such as from a plaintiff, because the inquirer cannot observe the impact of his or her questions, evaluate a witness' nonverbal responses, or be able to ascertain whether anyone is listening in or coaching the witness. The court found that the plaintiff's did not show good cause for having her deposition taken in a jurisdiction outside of Nevada. She only made conclusory statements that she had "limited financial means to cover airfare, hotel, car rental, meals, parking, and other miscellaneous expenses," and provided no supporting evidence. Dieng's motion to have her deposition taken outside the state of Nevada or telephonically was denied.

The basis for Plaintiff's effort to seek a remote deposition from Arkansas in this matter is similar to the circumstances in the *Dieng* case. Defendants seek to have Plaintiff's deposition taken in person for the reasons enunciated by the court in *Dieng,* as well as being more expeditious for the use of exhibits, and to be able to control the flow of the deposition and get it completed more efficiently. It is more difficult and more time consuming to take a deposition remotely.

None of the cases cited by Plaintiff in support of his contention that his deposition should be taken remotely involved plaintiff's depositions. Most involved Fed. R. Civ. P. 30(b)(6) depositions which are distinguishable from a plaintiff's deposition. In *U.S. v. Rock Springs Vista Development*, *et.al.*, 185 F.R.D. 603 (D. Nev. 603, 1999), the court distinguished taking a plaintiff's deposition from taking a witnesses deposition, stating:

> [T]he issue of taking the deposition of a witness is different from the issue of taking the deposition of a plaintiff. A witness is not responsible for and has not made the election to be involved in the litigation. Therefore, there are limits to the imposition that the judicial system should impose on such a person.

In *Pirtle v. Netflix, Inc.,* 2024 WL 990072 (C.D. Cal. 2024), found that taking depositions in person, particularly when the deposition is of the plaintiff, is preferable, routine and presumed.  See *Fenerjian v. Nong Shim Co.*, No. 13-cv-04115-WHO (DMR), 2016 WL 1019669, at *2-5 (N.D. Cal. Mar. 15, 2016) (ordering out of state plaintiff to appear in person for deposition in San Francisco because they failed to show undue hardship and courts ordinarily presume plaintiff may be deposed in judicial district where action is pending); *Vasquez v. Draper & Kramer Mortg. Corp.*, No. 20-cv-06635-YGR, 2021 WL 229313, at *5 n.4 (N.D. Cal. Jan. 22, 2021) (noting that "[i]n-person depositions are the preferred course" and that the pandemic did not "change the analysis"). For all of the reasons articulated by the court decisions above, Plaintiff's deposition should be taken in person in Clark County, Nevada, where he filed his complaint in the above-referenced matter.

Mr. Sykes' claim concerning the expenses that he speculates he might incur travelling to Clark County, Nevada, is substantially the same as the situation in which the court in *Dieng* denied the plaintiff's request for a remote deposition to be taken from another state.  Plaintiff's deposition should be taken in Clark County, Nevada, in person.

**IV.**

**PLAINTIFF'S REQUEST TO NOT BE REQUIRED TO PROVIDE AND DISCUSS HIS PRIOR FELONY CONVICTIONS SHOULD BE DENIED**

Plaintiff contends, without any meaningful support, that his prior felony convictions are not relevant and that he should not be questioned about them at his deposition. It is well established that Plaintiff's felony and misdemeanor conviction history is relevant for impeachment purposes. Fed. R. Evid. 609,  *See also Del Campo v. Am. Corrective Counseling Svcs.,* No. C 01–21151, 2008 WL

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

2038047, at *5 (N.D.Cal. May 12, 2008); *Wyatt v. City of Richland Police Dep't,* No. CV–05–5013, 2005 WL3118123, at *1 (E.D.Wash. Nov. 22, 2005). Fed. R. Civ. P. provides that: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ..."

Plaintiff's request to preclude the Defendants from conducting discovery concerning Plaintiff's prior conviction, and to question him about them during his deposition should be denied.

## V.

### PLAINTIFF'S REQUEST TO REOPEN DISCOVERY SO THAT HE CAN BRING A MOTION TO COMPEL WRITTEN DISCOVERY RESPONSESSHOULD BE DENIED

Plaintiff's request to reopen discovery so that he can move to compel written discovery should not be considered upon an "emergency motion." Prior to bringing his "request," Plaintiff failed to comply with LR-26-6. LR 26-6(c) provides as follows:

> [d]iscovery motions **will not be considered** unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet and confer conference about each disputed discovery request. Emphasis added.

Plaintiff has not complied with either of the requirements of LR-26-6(c). The requirements are mandatory and upon that basis alone, Plaintiff's request should be denied.

Plaintiff indicates that he wants to reopen discovery to bring a motion to compel the written discovery that he claims Defendants Shaffer and the City of Henderson did not respond to. Before bringing this issue before the Court as an "emergency motion," Plaintiff took no action to determine whether responses had been made. It is expected that a meet and confer would have resolved the issue.

As discussed in the Defendants' Emergency Motion to Dismiss (ECF 37) and the Plaintiff's Opposition to said motion (ECF 41), Plaintiff's deposition scheduled for March 5, 2025 was cancelled by an attorney, Ariel Mitchell, who advised Defendants' counsel that she had been retained to

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

represent Plaintiff in this case.  Once the Plaintiff was represented by an attorney, Defendants' counsel was ethically precluded from contacting Plaintiff directly and was required to communicate with Ms. Mitchell.

The deadline for Defendants Shaffer and City of Henderson to serve their responses was after Ms. Mitchell advised that she would be representing Plaintiff.  Because the responses in issue were served while Ms. Mitchell was allegedly representing Plaintiff, but while had not yet appeared in the case, the written discovery responses were addressed to Plaintiff c/o Ms. Mitchell at the address that she had provided in her initial letter of representation.

Plaintiff was advised by Ms. Mitchell on April 2, 2025, that she was not representing him in this case.  See **Exhibit D.**  Plaintiff delayed for 2 months to try to find out whether or not there had been responses served to the discovery in issue.

The following discovery responses were served upon Ms. Mitchell on March 6, 2025:

**Exhibit  E**: Defendant City of Henderson's Answers to Plaintiff's Third Set of Interrogatories;

**Exhibit F:**    Defendant City of Henderson's Responses to Plaintiff's Third Set of Requests for Production;

**Exhibit G:**   Defendant Officer B. Shaffer's Answers to Plaintiff's Second Set of Interrogatories;

**Exhibit H**: Defendant Officer B. Shaffer's Responses to Plaintiff's Second Set of Requests for Production;

The provision of Exhibits E through H to Plaintiff with this Opposition to his Motion, should cause Plaintiff's request to reopen discovery to be moot.

**VI.**

**CONCLUSION**

For the foregoing reasons, Defendants City of Henderson, Officer C. Watts, Officer B. Shaffer, and Sgt. Abernathy respectfully request this Honorable Court to enter its order DENYING,

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

in whole, Plaintiff's Emergency Petition for Protective Order, Request to Conduct Plaintiff's Deposition by Remote Means, and Request to Reopen Discovery to Plaintiff's Second and Third Set of Discovery Requests to Defendants (ECF 44, ECF 45, and ECF 46).

DATED this 5th day of June 2025.

CITY OF HENDERSON

*/s/ Nancy Savage*
NANCY D. SAVAGE
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, Nevada 89015

Attorney for Defendants
"Henderson Police Department," Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June 2025, I served the above and foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S PETITION FOR PROTECTIVE ORDER (ECF 44); PLAINTIFF'S REQUEST TO CONDUCT PLAINTIFF'S DEPOSITION BY REMOTE MEANS (ECF 45); AND PLAINTIFF'S REQUEST TO OPEN DISCOVERY TO PLAINTIFF'S SECOND AND THIRD SETS OF DISCOVERY (ECF 46)**, through the Court's electronic filing system and by depositing a true and correct copy thereof in the United States Mail, postage fully prepaid thereon, and addressed to the following:

Mark Clifford Sykes
P.O. Box 674
Russellville, Arkansas 72811

*/s/ Laura Kopanski*
Employee of the Henderson City Attorney's Office

**DECLARATION OF NANCY D. SAVAGE IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFF'S PETITION FOR PROTECTIVE ORDER (ECF 44);
PLAINTIFF'S REQUEST TO CONDUCT PLAINTIFF'S DEPOSITION BY REMOTE
MEANS (ECF 45); AND PLAINTIFF'S REQUEST TO OPEN DISCOVERY TO
PLAINTIFF'S SECOND AND THIRD SETS OF DISCOVERY (ECF 46)**

Nancy D. Savage declares, and states as follows:

1.      I am an attorney duly licensed and practicing law in the State of Nevada, County of Clark, and am a member of the Nevada State Bar in good standing.  I am currently employed as an Assistant City Attorney by the City of Henderson at 240 Water Street, Henderson, Nevada 89015 and represent the Defendants City of Henderson, Officer C. Watts, Officer B. Shaffer, and Sgt. K. Abernathy in the above-entitled case.

2.      I am over the age of 18 years and have personal knowledge of the facts stated herein, except for those stated on information and belief, and as to those, I believe them to be true. I am competent to testify to the facts set forth herein and will so testify if called.

3.      Before Plaintiff filed the above-referenced emergency motion he had not ever communicated that he had not received the discovery responses that were served upon Ms. Mitchell while she represented him or requested a meet and confer concerning such responses.

4.      Before Plaintiff filed the above-referenced emergency motion he had not ever communicated an objection to discussing his prior criminal convictions or requested a meet and confer concerning that topic.

5.      An Amended Notice of Plaintiff's Deposition, a copy of which is attached as Exhibit B setting Plaintiff deposition to be taken in person in Henderson, Nevada, was served on June 3, 2025 moving the date of the Plaintiff's deposition to June 18, 2025 to allow for some additional time for Plaintiff's current motion(s) to be resolved.

6.       The Exhibits attached hereto and referenced within the Defendants Opposition to Plaintiff's Petition for Protective Order (ECF 44); Plaintiff's Request to Conduct Plaintiff's

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Deposition by Remote Means (ECF 45); and Plaintiff's Request to Open Discovery to Plaintiff's Second and Third Sets of Discovery (ECF 46), are as follows:

Exhibit A is a true and accurate copy of an email thread between Plaintiff and Defendants' counsel dated May 15, 2025 – May 28, 2025.

Exhibit B is a true and accurate copy of the Third Amended Notice of Taking Plaintiff's Videotaped Deposition dated June 3, 2025.

Exhibit C is a true and accurate copy of Plaintiff's Supplemental Answers to Sgt. Abernathy's Interrogatories dated March 3, 2025.

Exhibit D is a true and accurate copy of an email thread between Plaintiff and Ariel Mitchell, Esq., dated April 2, 2025, provided by Plaintiff to Defendants.

Exhibit E is a true and accurate copy of Defendant City of Henderson's Answers to Plaintiff's Third Set of Interrogatories dated March 6, 2025.

Exhibit F is a true and accurate copy of Defendant City of Henderson's Responses to Plaintiff's Third Set of Requests for Production of Documents dated March 6, 2025.

Exhibit G is a true and accurate copy of Defendant Officer B. Shaffer's Answer to Plaintiff's Second Set of Interrogatories dated March 6, 2025.

Exhibit H is a true and accurate copy of Defendant Officer B. Shaffer's Responses to Plaintiff's Second Set of Requests for Production of Documents dated March 6, 2025.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 5th day of June 2025

/s/ Nancy D. Savage
NANCY D. SAVAGE

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

# EXHIBIT A

**Nancy Savage**

| | |
|---|---|
| **From:** | Nancy Savage |
| **Sent:** | Wednesday, May 28, 2025 4:12 PM |
| **To:** | Mark Sykes |
| **Cc:** | Laura Kopanski |
| **Subject:** | RE: Subject: Re: Availability for Deposition and Location – Objection and Request for Accommodation |

Mr. Sykes,

Upon receipt of your email, I looked at the issue you raised again. After that further consideration, I still cannot agree to the change of location and mode of taking your deposition that you have requested. I continue to believe that an in person deposition will be more effective, efficient and will provide a clearer record than a remote deposition in this case.

If you are going to file a motion for protective order, I would request that it be submitted in a manner that allows the Court to address it quickly, so that your deposition can still take place within the deadline previously ordered by the Court without further delay.

Thank you,

*Nancy D. Savage*

Nancy D. Savage
Assistant City Attorney

HENDERSON

---

**From:** Mark Sykes <windsorsykes@yahoo.com>
**Sent:** Tuesday, May 27, 2025 11:09 AM
**To:** Nancy Savage <Nancy.Savage@cityofhenderson.com>
**Cc:** Laura Kopanski <Laura.Kopanski@cityofhenderson.com>
**Subject:** Subject: Re: Availability for Deposition and Location – Objection and Request for Accommodation

EXTERNAL EMAIL – USE CAUTION
_____

Dear Ms. Savage,

Thank you for your email.

I understand your position regarding the deposition format and location. However, I must respectfully advise that due to significant and unavoidable personal and logistical constraints, I am unable to travel to Clark County, Nevada for an in-person deposition on June 12 or on any of the alternative dates you have proposed. I currently reside in **Russellville, Arkansas**, and traveling to Nevada would present an undue burden, both financially and practically.

Given the federal court's increasing acceptance of remote depositions under Rule 30(b), particularly when parties are located out-of-state and no prejudice has been shown, I respectfully request that the deposition proceed remotely via Zoom or comparable platform. Remote depositions are routinely used and are recognized as effective in preserving a clear and complete record, particularly when counsel and parties are cooperating in good faith.

Should you maintain your refusal to accommodate a remote deposition, I will have no choice but to seek a protective order or other relief from the Court to prevent an undue burden under Rule 26(c). My intention is not to delay discovery, but to ensure it proceeds in a fair and accessible manner for all parties.

Please let me know if you are willing to reconsider your position and proceed with a remote deposition. I am prepared to be fully available and cooperative on any of the proposed dates, provided the deposition is conducted remotely.

Respectfully,

Best regards, Mark Sykes
Direct Line: 725-254-0279  Private Correspondence to intended party from: Mark Sykes.
windsorsykes@yahoo.com
Confidentiality Notice: "All Rights Reserved - Without Prejudice - Without Recourse - Non-Assumpsit Errors & Omissions Excepted"

Notice of Confidentiality - This message and any files or attachments transmitted with it are CONFIDENTIAL and intended only for the addressee(s) only. Both the email message and any attachments have been transmitted based on a reasonable expectation of privacy. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you are not the named addressee, you must not use, disclose, disseminate, distribute, copy, print or reply to this email. Access to this document by any other person or entity is unauthorized. Any actions contrary to the intent of this NOTICE confirms that you accept liability for a minimum $500,000.00 civil penalty. "All rights are reserved."

NOTICE: For this PRIVATE-EMAIL is without the subjection of the monitoring. I, the living man, am fully aware that any/all claims made concerning a CROWN CORPORATION OWNED NAME is, in fact, an admission of FRAUD where FALSE IMPERSONATION is concerned and is a CAPITAL CRIME to do so. This private email message, including any attachment(s) is limited to the sole use of the intended recipient and may contain Privileged and/or Confidential Information.  Any and All Political, Private or Public Entities, Federal, State, or Local Corporate Government(s), Municipality(ies), International Organizations, Corporation(s), agent(s), investigator(s), or informant(s), et. al., and/or Third Party(ies) working in collusion by collecting and/or monitoring My email(s),and any other means of spying and collecting these Communications Without my Exclusive Permission are Barred from Any and All Unauthorized Review, Use, Disclosure or Distribution.  With

Explicit Reservation of All My Rights, Without Prejudice and Without Recourse to Me. Any omission does not constitute a waiver of any and/or ALL
Intellectual Property Rights or Reserved Rights U.C.C.1-207/1-308, 1-103.6.
ARBITRATION CLAUSE: The intended party and non-intended party mutually agree not to use, disclose, disseminate, distribute, copy, or print this email without the authorized consent of the individual sending the email.This constitutes an agreement of all interested parties in this email and acceptance through silence/failure to reject this Arbitration Clause within 48 hours from receipt (where and such silence and or failure equates action('s) to act('s), conduct, performance, forbearance, inaction, equating to assent) documenting the parties consent (whether directly and/or indirectly related, third party, interested party and/or otherwise) agreeing to settle any and all disputes by arbitration. The intended party and/or non-intended party mutually agree to pay a fee of $500,000 per disclosure, dissemination, distribution, coping, and printing of this email without the authorized consent of the individual sending the email to Mark C. Sykes (A.K.A. Mark Sykes).  This entire agreement is governed under the Federal Arbitration Act ("FAA") and this agreement expires on December 31, 2114.  In accordance with and pursuant to this agreement; a contractually (consensual) mutual irrevocable binding agreement coupled with interests between the parties to this email whom represents/serves; as well as, ALL officers, agents, employees, assigns, and the like in service to the parties to this email or who the parties represent agree and affirm under penalty of contempt that they will not argue, controvert, oppose, or otherwise protest any claims related to this agreement in ANY future remedial proceeding(s)/action(s), including binding arbitration and confirmation of the award in the District Court of the United States, the state supreme court, the U.S. Supreme Court, the district court, or any other venue the party bring the claim may determine. Should the court and or arbitrator alleged that a signature of both parties is required to be binding, it is mutually agreed, consented to and assented by the parties to this agreement that my electronic communication constitutes as my signature agreeing to this agreement by the failure to reject the arbitration clause in the timeframe allowed. The parties agree that the policies and procedures of AAA (AMERICAN ARBITRATION ASSOCIATION) whereas a designated arbitrator shall be chosen at random, who is duly authorized or any other arbitration association chosen by the claimant, and in the event of any physical or mental incapacity to act as arbitrator or to accept to be arbitrate the matter, the claimant shall retain the authority to select any neutral(s)/arbitrator(s) that qualify pursuant to the common law right to arbitration, as the arbitration process is a private remedy decided upon between the parties, and with respects this agreement, the defaulting party waives any and all rights, services, notices, and consents to the undersigned and or the undersigned's representative selection of the arbitrator thereby constituting agreement, and any controversy or claim arising out of or relating in any way to this Agreement or with regard to its formation, interpretation or breach, and any issues of substantive or procedural arbitrability shall be settled by arbitration, and the arbitrator may hear and decide the controversy upon evidence produced, and not based on personal opinion, legalese, legal terminology, legal technicalities, statutes, codes, ordinances, regulations, but within the scope of this herein agreement according to its terms and conditions, and must do so even if and or although a party who was duly notified of the arbitration proceeding did not appear; that the Undersigned deems necessary to enforce the "good faith" of ALL parties hereto within without respect to venue, jurisdiction, law, and forum the Undersigned deems appropriate. "All rights are reserved."
LEGAL NOTICE TO AGENTS IS LEGAL NOTICE TO PRINCIPALS.  LEGAL NOTICE TO PRINCIPALS IS LEGAL NOTICE TO AGENTS.


On Tuesday, May 27, 2025 at 10:41:25 AM CDT, Nancy Savage <nancy.savage@cityofhenderson.com> wrote:


Mr. Sykes,

As I prepared to take your deposition, previously scheduled for March 5, 2025, it became clear that an in person deposition is the best way for your deposition to be taken in this case. I anticipate that taking your deposition in person will be more efficient, and will result in a much clearer record than a remote deposition would. As a result, I cannot agree to proceed with a remote deposition at this juncture. Your lawsuit was filed in the U.S. District Court located in Clark County Nevada, and Clark County is the appropriate location for your deposition to be taken.

Your deposition is currently noticed to proceed on June 12, which was the earliest date that I was available to take it when the court's order was received. If you want to change the date of your deposition, the dates that I am currently available to take it, within the deadline ordered by the court, are the following: Wednesday June 18, Wednesday June 25, or Thursday June 26, 2025. On any of those dates the deposition would be scheduled to start at 1:30 pm PDT at the location stated on our Second Amended Notice of your deposition.

If you want your deposition rescheduled to one of the alternative dates listed above, please let me know which date, at your earliest convenience, but no later than Monday June 3, 2025. If you request that your deposition be set on one of the alternative dates listed above, we will issue an amended deposition notice scheduling it for the alternative date that you select.

Thank you for your attention to this matter.

Nancy D.Savage

Nancy D. Savage

Assistant City Attorney

# HENDERSON

---

**From:** Mark Sykes <windsorsykes@yahoo.com>
**Sent:** Wednesday, May 21, 2025 7:46 AM
**To:** Nancy Savage <Nancy.Savage@cityofhenderson.com>
**Cc:** Mark Sykes <windsorsykes@yahoo.com>
**Subject:** Re: Availability for Deposition and Location Little Rock Arkansas

EXTERNAL EMAIL – USE CAUTION

_____

Top of the Morning Ms. Savage,


I am writing to confirm my availability for deposition on **June 3rd, 4th,or 5th**. I would respectfully request that the deposition be conducted at the same location as before, as I am currently based in **Russellville, Arkansas**, and will be unable to travel to Nevada.

If a change of venue is necessary, I am willing to make arrangements to appear in **Little Rock, Arkansas**, which is approximately two hours from my location. While that would present some logistical challenges, I am prepared to accommodate such a rescheduling if needed.

Please let me know how you wish to proceed.

Thanks in advance



We opted out of any attempt by you to contract by electronic communication unless specifically agreed upon!

------------

Best regards, Mark Sykes
Direct Line: 725-254-0279  Private Correspondence to intended party from: Mark Sykes.
windsorsykes@yahoo.com
Confidentiality Notice: "All Rights Reserved - Without Prejudice - Without Recourse -
Non-Assumpsit Errors & Omissions Excepted"

Notice of Confidentiality - This message and any files or attachments transmitted with it are CONFIDENTIAL and intended only for the addressee(s) only. Both the email message and any attachments have been transmitted based on a reasonable expectation of privacy. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you are not the named addressee, you must not use, disclose, disseminate, distribute, copy, print or reply to this email. Access to this document by any other person or entity is unauthorized. Any actions contrary to the intent of this
NOTICE confirms that you accept liability for a minimum $500,000.00 civil penalty. "All rights are reserved."

NOTICE: For this PRIVATE-EMAIL is without the subjection of the monitoring. I, the living man, am fully aware that any/all claims made concerning a CROWN CORPORATION OWNED NAME is, in fact, an admission of FRAUD where FALSE IMPERSONATION is concerned and is a CAPITAL CRIME to do so. This private email message, including any attachment(s) is limited to the

sole use of the intended recipient and may contain Privileged and/or Confidential Information.  Any and All Political, Private or Public Entities, Federal, State, or Local Corporate Government(s),

Municipality(ies), International Organizations, Corporation(s),

agent(s), investigator(s), or informant(s), et. al., and/or Third

Party(ies) working in collusion by collecting and/or monitoring My email(s),and any other means of spying and collecting these Communications Without my Exclusive Permission are Barred from Any and All Unauthorized Review, Use, Disclosure or Distribution.  With Explicit Reservation of All My Rights, Without Prejudice and Without Recourse to Me. Any omission does not constitute a waiver of any and/or ALL

Intellectual Property Rights or Reserved Rights U.C.C.1-207/1-308, 1-103.6.

ARBITRATION CLAUSE: The intended party and non-intended party mutually agree not to use, disclose, disseminate, distribute, copy, or print this email without the authorized consent of the individual sending the email.This constitutes an agreement of all interested parties in this email and acceptance through silence/failure to reject this Arbitration Clause within 48 hours from receipt (where and such silence and or failure equates action('s) to act('s), conduct, performance, forbearance, inaction, equating to assent) documenting the parties consent (whether directly and/or indirectly related, third party, interested party and/or otherwise) agreeing to settle any and all disputes by arbitration. The intended party and/or non-intended party mutually agree to pay a fee of $500,000 per disclosure, dissemination, distribution, coping, and printing of this email without the authorized consent of the individual sending the email to Mark C. Sykes (A.K.A. Mark Sykes).  This entire agreement is governed under the Federal Arbitration Act ("FAA") and this agreement expires on December 31, 2114.  In accordance with and pursuant to this agreement; a contractually (consensual) mutual irrevocable binding agreement coupled with interests between the parties to this email whom represents/serves; as well as, ALL officers, agents, employees, assigns, and the like in service to the parties to this email or who the parties represent agree and affirm under penalty of contempt that they will not argue, controvert, oppose, or otherwise protest any claims related to this agreement in ANY future remedial proceeding(s)/action(s), including binding arbitration and confirmation of the award in the District Court of the United States, the state supreme court, the U.S. Supreme Court, the district court, or any other venue the party bring the claim may determine. Should the court and or arbitrator alleged that a signature of both parties is required to be binding, it is mutually agreed, consented to and assented by the parties to this agreement that my electronic communication constitutes as my signature agreeing to this agreement by the failure to reject the arbitration clause in the timeframe allowed. The parties agree that the policies and procedures of AAA (AMERICAN ARBITRATION ASSOCIATION) whereas a designated arbitrator shall be chosen at random, who is duly authorized or any other arbitration association chosen by the claimant, and in the event of any physical or mental incapacity to act as arbitrator or to accept to be arbitrate the matter, the claimant shall retain the authority to select any neutral(s)/arbitrator(s) that qualify pursuant to the common law right to arbitration, as the arbitration process is a private remedy decided upon between the parties, and with respects this agreement, the defaulting party waives any and all rights, services, notices, and consents to the undersigned and or the undersigned's representative selection of the arbitrator thereby constituting agreement, and any controversy or claim arising out of or relating in any way to this Agreement or with regard to its formation, interpretation or breach, and any issues of substantive or procedural arbitrability shall be settled by arbitration, and the arbitrator may hear and decide the controversy upon evidence produced, and not based on personal opinion, legalese, legal terminology, legal technicalities, statutes, codes, ordinances, regulations, but within the scope of this herein agreement according to its terms and conditions, and must do so even if and or although a party who was duly notified of the arbitration proceeding did not appear; that the Undersigned deems necessary to enforce the "good faith" of ALL parties hereto within without respect to venue, jurisdiction, law, and forum the Undersigned deems appropriate. "All rights are reserved."

LEGAL NOTICE TO AGENTS IS LEGAL NOTICE TO PRINCIPALS.  LEGAL NOTICE TO

PRINCIPALS IS LEGAL NOTICE TO AGENTS.

On Thursday, May 15, 2025 at 07:19:15 PM CDT, Nancy Savage <nancy.savage@cityofhenderson.com> wrote:

Mr. Sykes,

Attached, please find our Second Amended Notice for Taking your Deposition that is also being served by mail today.

We have scheduled your deposition for 1:30 pm on June 12, 2025 to be taken at my office at the Henderson City Hall.

If you are not available at the time and/or date that is currently scheduled, please provide me with multiple alternative dates and times when you have availability in June 2025, before June 26, 2025, and I will try to coordinate a new date/time that works for both of us.

If you want your deposition to be rescheduled, please provide me with your alternative dates and times no later than May 27, 2025. At that point I will not be inclined to make changes. I will not agree to changes that may cause the City to incur additional costs.

Thank you,

**Nancy D.Savage**

Nancy D. Savage

Assistant City Attorney





PUBLIC RECORDS NOTICE: In accordance with NRS Chapter 239, this email and responses, unless otherwise made confidential by law, may be subject to the Nevada Public Records laws and may be disclosed to the public upon request.

# EXHIBIT B

**NICHOLAS G. VASKOV**
City Attorney
Nevada Bar No. 8298
**NANCY D. SAVAGE**
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
nancy.savage@cityofhenderson.com

Attorneys for Defendants
City of Henderson, Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK CLIFFORD SYKES, | CASE NO.: 2:22-cv-00956-JAD-EJY |
| Plaintiff, | |
| v. | **THIRD AMENDED NOTICE OF TAKING PLAINTIFF'S VIDEOTAPED DEPOSITION** |
| CITY OF HENDERSON (A.K.A.) HENDERSON POLICE DEPARTMENT of CLARK COUNTY NEVADA, OFFICER C. WATTS P#2171, OFFICER B. SHAFFER P#2237, SERGEANT K. ABERNATHY P#1207 in their individual capacity, et.al., | |
| Defendants. | |

TO:    Mark Clifford Sykes, Plaintiff

PLEASE TAKE NOTICE THAT Defendants will take the videotaped deposition of Plaintiff, Mark Clifford Sykes on **June 18, 2025, at 1:30 p.m.,** upon oral examination pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, before a Notary Public, or before some other officer authorized by law to administer oaths.  The deposition will take place at the Henderson City Attorney's Office – Civil Division, Henderson City Hall, Fourth Floor, 240 Water Street, Henderson, Nevada 89015.

1

Visitor parking is available in the parking garage on Basic Road between Water Street and Lead Street, next to the City Hall building. For access to the Fourth Floor of City Hall, you will need to check in at the Security Desk or Information Desk inside the City Hall entry facing Basic Road, next to the parking garage described above.

PLEASE TAKE FURTHER NOTICE that should the deponent require the assistance of an interpreter at the time of the deposition, deposing counsel should be notified at least seven (7) business days prior to the deposition, identifying the language and dialect, if any. If the deposition is suspended due to the need for an interpreter, the deponent shall bear the costs of such failed deposition.

You are invited to attend and cross-examine.

DATED this 3rd day of June 2025.

CITY OF HENDERSON

NANCY D. SAVAGE
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, Nevada 89015
Attorneys for Defendants
City of Henderson, Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

2

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of the CITY OF HENDERSON, and that on the 3rd day of June 2025, I served by depositing the same in the United States Mail, postage fully prepaid thereon, a true and correct copy of the foregoing **THIRD AMENDED NOTICE OF TAKING PLAINTIFF'S VIDEOTAPED DEPOSITION**, addressed as follows:

MARK CLIFFORD SYKES
P.O. Box 674
Russellville, Arkansas 72811

Employee of the Henderson City Attorney's Office

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

3

# EXHIBIT C

**Nancy Savage**

| | |
|---|---|
| **From:** | Mark Sykes <windsorsykes@yahoo.com> |
| **Sent:** | Monday, March 3, 2025 8:25 AM |
| **To:** | Nancy Savage |
| **Cc:** | Laura Kopanski; Mark Sykes |
| **Subject:** | Re: Discovery responses |
| **Attachments:** | TOW FEE'S - EXHIBIT C.pdf |

EXTERNAL EMAIL – USE CAUTION

# PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION AND INTERROGATORIES

## RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**
Produce all photographs, videos, or depictions of injuries, Defendants, the scene, or events related to the incident.

**RESPONSE:**
After diligent search, Plaintiff has no additional photographs, videos, or depictions in Plaintiff's possession, custody, or control, beyond what has already been disclosed or is in Defendants' possession.

**REQUEST NO. 3:**
Produce all medical records for the past ten (10) years related to care or treatment.

**RESPONSE:**
Plaintiff has not sought, received, or undergone any medical treatment, diagnostic testing, or imaging related to the injuries alleged in this case, either before or after the incident. Therefore, Plaintiff has no records responsive to this request and objects to signing a HIPAA release, as there are no records to obtain.

**REQUEST NO. 4:**
Produce all records of any disability you allege to have had.

1

**RESPONSE:**
Plaintiff has not been evaluated or diagnosed with any disability related to the claims in this matter. Plaintiff has no such records to produce and objects to signing a HIPAA release as there are no records to obtain.

**REQUEST NO. 5:**
Produce all written or recorded statements related to the incident.

**RESPONSE:**
After diligent search, Plaintiff has no additional written or recorded statements beyond those already in Defendants' possession.

**REQUEST NO. 6:**
Produce all documents identified in your interrogatory answers.

**RESPONSE:**
Plaintiff has no additional documents, records, or writings responsive to this request beyond what has already been disclosed.

**REQUEST NO. 7:**
Produce all documents supporting your interrogatory answers.

**RESPONSE:**
Plaintiff has no additional documents, records, or writings responsive to this request beyond what has already been disclosed.

**REQUEST NO. 10:**
Produce all documents evidencing damages sustained from the incident.

**RESPONSE:**
Plaintiff is not claiming loss of income. Plaintiff did incur a towing fee (Attached) of approximately $$268.81 and a headlight inspection fee of $____. Receipts and documentation are being collected and will be produced if located.

**REQUEST NO. 18:**
Missing page 19 of your responses.

**RESPONSE:**
Plaintiff will provide page 19 of 24 upon locating it.

## RESPONSES TO DEFENDANTS' INTERROGATORIES

**CITY OF HENDERSON'S INTERROGATORIES**

**INTERROGATORY NO. 9:**
Identify all photographs, videos, or recordings of the incident.

**RESPONSE:**
After reasonable inquiry, Plaintiff is not aware of any additional photographs, videos, or recordings beyond what has already been disclosed or is in Defendants' possession.

**INTERROGATORY NO. 10:**
Identify all witnesses expected to support your claims.

**RESPONSE:**
Plaintiff is not aware of any additional witnesses beyond those already disclosed in Henderson Police Department Incident Report (Exhibit B) Incident Number: 21-11045 (HP210617000843), all individuals are listed in the report..

**INTERROGATORY NO. 11:**
Identify any unknown witnesses who may have relevant testimony.

**RESPONSE:**
At this time, Plaintiff does not have the names of any unknown witnesses beyond those already disclosed in Henderson Police Department Incident Report (Exhibit B) Incident Number: 21-11045 (HP210617000843), all individuals are listed in the report, but reserves the right to supplement this response if such information becomes available.

**INTERROGATORY NO. 12:**
Identify all persons present at Morrell Park on June 17, 2021.

**RESPONSE:**
Plaintiff is not aware of any additional individuals who may have knowledge of the incident beyond those already disclosed in Henderson Police Department Incident Report (Exhibit B) Incident Number: 21-11045 (HP210617000843), all individuals are listed in the report.

## SGT. ABERNATHY'S INTERROGATORIES

**INTERROGATORY NO. 4:**
Have you ever been convicted of a felony or crime involving dishonesty?

**RESPONSE:**
Plaintiff admits to having a prior felony conviction but does not have knowledge or understanding as to whether the offense legally qualifies as a crime involving dishonesty as defined by law. Plaintiff reserves the right to object to the characterization of any prior conviction as a crime involving dishonesty pending proper legal determination.

**INTERROGATORY NO. 5:**
List all addresses lived at in the last five (5) years.

**RESPONSE:**
Plaintiff has resided at the following addresses for the last five (5) years before the incident to present:

- 448 Hundter Dr Henderson, NV 89011— 2017-2020
- 2095 ANGEL FALLS DR. HENDERSON, NEVADA 89074 — 2020-2024

**INTERROGATORY NO. 6:**
List all employers from the last five (5) years.

**RESPONSE:**

Plaintiff's employment for the past five (5) years is as follows:

- SSI and SSDI (NOT EMPLOYED) I'm 63

**INTERROGATORY NO. 7:**

List all lawsuits you have been a party to.

**RESPONSE:**

Plaintiff was previously involved in litigation against Metro and its officers as follows:

- Case Name: MARK CLIFFORD SYKES Sui Juris vs. LAS VEGAS METROPOLITAN POLICE DEPARTMENT OF CLARK COUNTY NEVADA, et al.,
- Court: UNITED STATES DISTRICT COURT DISTRICT OF NEVADA
- Filing Date: Around November, 2022
- Claims Made: 1 st Amended Verified - Civil Suit at Common-Law, Verified Civil Rights Complaint for Violations of U.S. Constitution, 4th , & 14th Amendments and the Bill of rights, 42 U.S.C. § 1983 & 1988, 42 USC § 1986, 42 USC § 1985, Claim For Relief Negligent Infliction Of Emotional Distress And Intentional Infliction Of Emotional Distress
- Case Outcome: ON GOING

**OFFICER WATTS' INTERROGATORY**

**INTERROGATORY NO. 8:**

List all costs and expenses incurred from the incident.

**RESPONSE:**

Plaintiff incurred the following expenses:

- Towing Fee: $ $268.81 (Paid to: B&E, Inc. dba SNAP Towing 06/18/2021 03:23 PM (Attachment included to this email)
- Headlight Inspection Fee: $____ (Paid to: [Company Name])

Receipts and documentation are being collected and will be produced if located.

On Thursday, February 27, 2025 at 01:56:09 PM CST, Nancy Savage <nancy.savage@cityofhenderson.com> wrote:

Let's set it for 3:00 pm Pacific time on 3/3. I will call you.

Thanks

**From:** Mark Sykes <windsorsykes@yahoo.com>
**Sent:** Thursday, February 27, 2025 10:15 AM
**To:** Nancy Savage <Nancy.Savage@cityofhenderson.com>
**Cc:** Laura Kopanski <Laura.Kopanski@cityofhenderson.com>; Mark Sykes <windsorsykes@yahoo.com>
**Subject:** Discovery responses to be discussed at Meet and Confer [COHCAO-LEGAL.FIDX79753]

EXTERNAL EMAIL – USE CAUTION

_____

Hello all

Monday (3/3) afternoon starting anytime from 2:00 pm will be fine

We opted out of any attempt by you to contract by electronic communication unless specifically agreed upon!

------------

Best regards, Mark Sykes
Direct Line: 725-254-0279  Private Correspondence to intended party from: Mark Sykes.
windsorsykes@yahoo.com
Confidentiality Notice: "All Rights Reserved - Without Prejudice - Without Recourse -
Non-Assumpsit Errors & Omissions Excepted"

Notice of Confidentiality - This message and any files or attachments transmitted with it are CONFIDENTIAL and intended only for the addressee(s) only. Both the email message and any attachments have been transmitted based on a reasonable expectation of privacy. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you are not the named addressee, you must not use, disclose, disseminate, distribute, copy, print or reply to this email. Access to this document by any other person or entity is unauthorized. Any actions contrary to the intent of this
NOTICE confirms that you accept liability for a minimum $500,000.00 civil penalty. "All rights are reserved."

NOTICE: For this PRIVATE-EMAIL is without the subjection of the monitoring. I, the living man, am fully aware that any/all claims made concerning a CROWN CORPORATION OWNED NAME is, in fact, an admission of FRAUD where FALSE IMPERSONATION is concerned and is a CAPITAL CRIME to do so. This private email message, including any attachment(s) is limited to the

sole use of the intended recipient and may contain Privileged and/or Confidential Information.  Any and All Political, Private or Public Entities, Federal, State, or Local Corporate Government(s),

Municipality(ies), International Organizations, Corporation(s),

agent(s), investigator(s), or informant(s), et. al., and/or Third

Party(ies) working in collusion by collecting and/or monitoring My email(s),and any other means of spying and collecting these Communications Without my Exclusive Permission are Barred from Any and All Unauthorized Review, Use, Disclosure or Distribution.  With Explicit Reservation of All My Rights, Without Prejudice and Without Recourse to Me. Any omission does not constitute a waiver of any and/or ALL

Intellectual Property Rights or Reserved Rights U.C.C.1-207/1-308, 1-103.6.

ARBITRATION CLAUSE: The intended party and non-intended party mutually agree not to use, disclose, disseminate, distribute, copy, or print this email without the authorized consent of the individual sending the email.This constitutes an agreement of all interested parties in this email and acceptance through silence/failure to reject this Arbitration Clause within 48 hours from receipt (where and such silence and or failure equates action('s) to act('s), conduct, performance, forbearance, inaction, equating to assent) documenting the parties consent (whether directly and/or indirectly related, third party, interested party and/or otherwise) agreeing to settle any and all disputes by arbitration. The intended party and/or non-intended party mutually agree to pay a fee of $500,000 per disclosure, dissemination, distribution, coping, and printing of this email without the authorized consent of the individual sending the email to Mark C. Sykes (A.K.A. Mark Sykes).  This entire agreement is governed under the Federal Arbitration Act ("FAA") and this agreement expires on December 31, 2114.  In accordance with and pursuant to this agreement; a contractually (consensual) mutual irrevocable binding agreement coupled with interests between the parties to this email whom represents/serves; as well as, ALL officers, agents, employees, assigns, and the like in service to the parties to this email or who the parties represent agree and affirm under penalty of contempt that they will not argue, controvert, oppose, or otherwise protest any claims related to this agreement in ANY future remedial proceeding(s)/action(s), including binding arbitration and confirmation of the award in the District Court of the United States, the state supreme court, the U.S. Supreme Court, the district court, or any other venue the party bring the claim may determine. Should the court and or arbitrator alleged that a signature of both parties is required to be binding, it is mutually agreed, consented to and assented by the parties to this agreement that my electronic communication constitutes as my signature agreeing to this agreement by the failure to reject the arbitration clause in the timeframe allowed. The parties agree that the policies and procedures of AAA (AMERICAN ARBITRATION ASSOCIATION) whereas a designated arbitrator shall be chosen at random, who is duly authorized or any other arbitration association chosen by the claimant, and in the event of any physical or mental incapacity to act as arbitrator or to accept to be arbitrate the matter, the claimant shall retain the authority to select any neutral(s)/arbitrator(s) that qualify pursuant to the common law right to arbitration, as the arbitration process is a private remedy decided upon between the parties, and with respects this agreement, the defaulting party waives any and all rights, services, notices, and consents to the undersigned and or the undersigned's representative selection of the arbitrator thereby constituting agreement, and any controversy or claim arising out of or relating in any way to this Agreement or with regard to its formation, interpretation or breach, and any issues of substantive or procedural arbitrability shall be settled by arbitration, and the arbitrator may hear and decide the controversy upon evidence produced, and not based on personal opinion, legalese, legal terminology, legal technicalities, statutes, codes, ordinances, regulations, but within the scope of this herein agreement according to its terms and conditions, and must do so even if and or although a party who was duly notified of the arbitration proceeding did not appear; that the Undersigned deems necessary to enforce the "good faith" of ALL parties hereto within without respect to venue, jurisdiction, law, and forum the Undersigned deems appropriate. "All rights are reserved."

LEGAL NOTICE TO AGENTS IS LEGAL NOTICE TO PRINCIPALS.  LEGAL NOTICE TO

PRINCIPALS IS LEGAL NOTICE TO AGENTS.

On Thursday, February 27, 2025 at 01:15:25 AM CST, Nancy Savage <nancy.savage@cityofhenderson.com> wrote:

Mr. Sykes.

Below find the Requests for Production and the Interrogatories to be discussed at our meet and confer tomorrow (Thursday) afternoon.

I am quoting the Defendants' original Requests and Interrogatories before my comments about them to make it easier to go through the issues during the meet and confer. After the quotes, I put a description of issues that I have with your responses. If I have a proposed resolution, I put that after my description of issues that I have with your response.

This turned out to be longer than I initially expected, though a lot of the issues that I have apply to multiple responses, and I think a lot of the length is due to including the text of most of the original Interrogatories and Requests for Production. However, if you don't feel like you have enough time to go through this before our meet and confer as currently scheduled, I could be available if we move it to Monday (3/3) afternoon starting anytime from 1:30 to 4:00 pm. Let me know.

Your **RESPONSES TO THE CITY OF HENDERSON'S REQUESTS FOR PRODUCTION**

## <u>REQUEST NO. 3</u>

If you allege that you sustained injuries (physical, mental, and/or emotional) as a result of the Incident, produce all medical records, reports, and documentation of any kind concerning any and all care, treatment or diagnostic tests or imaging that you had during the (10) years preceding the subject Incident up to and including the present.

In lieu of providing such records, reports and documentation, sign and return the attached HIPAA authorization. Do not fill in the section that says "To" – which will be filled in with the medical provider's name.

## <u>REQUEST NO. 4</u>

Produce any and all records, documents or writings of any kind, establishing and concerning any disability that you allege to have had on or before the date of the Incident, including any and all disability evaluations, apportionments or reports of any kind which have been done at any time, including those completed any time before the Incident and any time after the Incident.

**My Issues with your Responses to Request Nos. 3 and 4:**

You have objected on the following bases:

1.  That it seeks disclosure of private confidential health information: You have put your health in issue by filing this lawsuit and claiming the damages/injuries that you have. By filing the law suit you have waived your privacy as to the records containing information concerning your health, medical treatment and information concerning the nature, status and treatment of any disabilities that you had on or before the date of the incident. All of the records and documents that were requested in these Requests for Production are highly relevant to your damage and injury claims in this lawsuit.

2.  HIPAA does not protect you from the responsibility of producing the highly relevant documents requested.

3.  The court will not prevent us from obtaining your social security number to use to obtain your relevant medical and disability records in this case.

**Proposed resolution:**

The court usually requires Plaintiffs, in cases alleging emotional and/or physical injury or damages, to sign a HIPAA release directing the relevant people or entities with your records to provide them to the Defendants' attorney, and to provide a list of

the people and entities, with their addresses and contact information who have such records and documents. Then, in this case, my office provides your HIPAA release to your past and present providers and obtains your records and documents. You are provided with copies of whatever we get.

I am willing to agree to reduce the amount of time covered in Request No. 3 above by changing it to 7 years before the incident instead of ten. We previously sent you a HIPAA to sign pursuant to the instructions in Request No.4 above. If you agree with the proposed resolution, please sign the HIPAA release as described in Request No. 4 and email it to me.

## REQUEST NO. 1

Produce all photographs, videos, film, digital image(s) and any other depiction of your injuries, the Defendants, or any of them, the Incident scene, and any depictions of the events which are the subject of your First Amended Verified Complaint and/or related to the Incident or your alleged damages in any manner.

## REQUEST NO. 5

Identify and produce any and all written or recorded statements taken or obtained from any individuals concerning the Incident which is the subject of your First Amended Verified Complaint, including, but not limited to any that you made or gave.

## REQUEST NO. 6

Any and all documents, records and/or writings identified in your Answers to Defendants, City of Henderson's, Sgt. Abernathy's, Officer Watts' and Officer Shaffer's First Set of Interrogatories, served in conjunction with these Requests for Production.

## REQUEST NO. 7

Any and all documents, records and writings that support your Answers to Defendants, City of Henderson's, Sgt. Abernathy's, Officer Watts' and Officer Shaffer's First Set of Interrogatories, served in conjunction with these Requests for Production.

**My Issues with your Responses to Request Nos. 1, 5, 6, and 7:**

Your response to Request Nos. 1, 5, 6, and 7, is "[t}he request seeks information that you already possess."

This not responsive to the Request. The Defendants are entitled to a response to each of the Requests. Your response does not identify what "information" you are referring to. The Defendants do not have to guess what documents you contend support your answers to each Defendant Officer's Interrogatories.

If your response is intended to indicate that the responsive materials have already been produced by the Defendants, or any of them, you still need to identify what materials you are referring to in response to each of the three Requests. If what you list has already been produced by the defense, you still need to reasonably describe whatever you are referring to. For example, if it's a document give state what the document is and descriptive information such as the date. If whatever you list has been produced by a Defendant and has a COH number on it include the COH page numbers for each document.

## REQUEST NO. 10

Produce any and all documents which evidence the amounts of damages that you allege you have sustained as a result of the Incident.

**My question regarding your Responses to Request No. 10:**

Your response states: "I do not claim a loss I'm on disability, a fixed income." The Request asks for any documents that evidence or support any amounts that you are claiming for damages, not just amounts for loss of income. It looks like you might just be referring to loss of income. If that is the case you need to supplement your response to provide any documents that support any other monetary damages that you are seeking to recover in this case.

<u>**REQUEST NO. 18**</u>

I am not going to copy the original Request here because the issue that I have on this response is that there appears to be a page missing. We got page 18/24 and the next page is 20/24.

Please provide me with the missing page 19/24.

Your **ANSWERS TO THE CITY OF HENDERSON'S INTERROGATORIES**

**INTERROGATORY NOS. 9, 10, 11, and 12**

<u>**INTERROGATORY NO. 9**</u>

Identify each and every photograph, film, video, digital or other image or graphic depiction of any kind, and each any every audio recording of any kind known to you which shows, depicts or provides an auditory record of any aspect or portion of the occurrences, events, location(s) and/or individuals involved in or related in any manner to the incident, events and/or occurrences alleged in your First Amended Verified Complaint that are described in your answers to Interrogatories, and for each, state the type of depiction or recording, the substance, an identification of the individual(s) or subject-matter depicted or recorded and the identity of each individual who has custody of the original or a copy including name, address and telephone number.

<u>**INTERROGATORY NO. 10**</u>

State the identity (including full name, address and phone number), and of each and every witness that you are aware of whose testimony is expected to support your claims, or any of them, alleged in the above-entitled action, and for each such witness state the substance of the testimony the witness is expected to provide.

<u>**INTERROGATORY NO. 11**</u>

For each and every witnesses whose name is unknown to you, but you believe would provide testimony that would support your claims alleged in the above-entitled action, or any of them, describe the witness and the circumstances or the position that the witness was which would have given the witness the opportunity to have information concerning your claims, or any of them, and for each such witness state the substance of the testimony they would be expected to provide.

## INTERROGATORY NO. 12

State the identity (including full name, address and phone number), or if a name is not known, a physical description of each and every witness that you are aware of who was present at or near Morrell Park on June 17, 2021 who may have knowledge of the Incident or matters related to it.

**My Issues with your Answers to the City of Henderson's Interrogatories 9, 10, 11, and 12:**

First it should be noted that you did not include the full text of the original Interrogatory with your answers, you and rephrased each of them. If you had answered them, you would not have been responding to the full scope of the Interrogatories. The Rules require that you set forth the Interrogatory as posed to you before your answer. You did not do that here.

I also have an issue with your refusal to answer these interrogatories which are appropriate to this case. Instead of answering, you gave a similar response to the one that you gave to in your responses to the City of Henderson's Request Nos. 1, 5, 6, and 7.

For the same reasons that I gave you above concerning your failure to respond to Request Nos. 1, 5, 6, and 7, your answers to Interrogatories 9, 10, 11, and 12 are improper, and you need to provide answers.

## Your **ANSWERS TO SGT. ABERNATHY's INTERROGATORIES**

## INTERROGATORY NO. 4

If you have ever been convicted of a felony or of a crime involving dishonesty, please state for each such conviction: the date of conviction, the name and address of the court in which you were convicted, the offense, and the penalty imposed.

## INTERROGATORY NO. 5

List in chronological order each and every address where you have lived during the past 10 years, including the full address, the full names of any other people who lived at that address at any time with you, and the dates that you lived at each such address.

## INTERROGATORY NO. 6

Identify each of your employers for the past 10 years, and for each, state: the name of the employer, the address of the employer, the telephone number of the employer, your job title, the dates that you were employed, the name and job title of your supervisor, and reason that you left the employment (including whether you were involuntarily terminated by the employer, and if so state the reason that you were involuntarily terminated).

## INTERROGATORY NO. 7

Identify each and every lawsuit in which you have ever been a party, including, for each, the names of the parties to the lawsuit, and whether those parties were plaintiffs, defendants or another designation, the date the lawsuit was filed and the name and address of the court in which it was filed, whether you were a plaintiff or defendant, and the  claims that you made or were made against you (if you were a defendant), whether the case was settled or tried and the outcome of the case.

**My Issues with your Answers to Sgt. Abernathy's Interrogatories 4, 5, 6, and 7:**

It is  noted that you again did not include the full text of the original Interrogatory with your answers, you and rephrased each of them.  You answered your version of Interrogatory No. 7, not the one that was served upon you, so that answer is incomplete.  Interrogatories 4,5, and 6 were not answered at all. You asserted some different objections and some common objections in responses, including that the information sought is irrelevant, not calculated to lead to the discovery of admissible evidence, are overly broad (without specificity), and are unduly burdensome (without specificity).

The interrogatories as originally written and served are all valid background interrogatories that are clearly relevant and permissible.

**Proposed resolution:**

I am willing to pare down the scope of some of these with your answer to be made to the Interrogatories as we served them, not your altered versions.

**Interrogatory No.4**  as written and served specifically refers to whether you "have ever been convicted of a felony or of a crime involving dishonesty".  It does not ask about "any criminal convictions" as your revised version alleges. Would you be willing to Answer the original more limited version of the Interrogatory?

**Interrogatories Nos. 5 and 6** asks for your addresses and employment, respectively,  for the last 10 years.  I would be willing to narrow the time frame from 10 years to from five years before the incident to the present in conjunction with you answering the interrogatory as it was originally served, and not your shortened version.

**Interrogatory No. 7** asks about your prior lawsuits in more detail than your revised version of the Interrogatory contains.  I am willing to limit the scope to get the information sought in the original Interrogatory as it was served just concerning the lawsuit that you had against Metro and its officers.

Your **ANSWERS TO OFFICER WATTS's INTERROGATORIES**

## <u>INTERROGATORY NO. 8</u>

Identify each and every cost and expense which you claim you incurred as a result of the incident which is the subject of this litigation, including the amount, a description of the purpose for each such cost or expense claimed, the name of the person(s) and/or entity(ies) to whom each amount was paid (or is owed) and the amount of each item listed in dollars and cents.

**My Issues with your Answers to Officer Watts' Interrogatory No. :**

In your Answer you say that there was a towing fee and cost for having your headlights checked. You do not provide the amounts or the other information including to whom the amounts were paid. That is clearly relevant and discoverable in this case. You also have not produced the receipts which are requested in the Requests for Production.

Thank you for your continuing cooperation and attention to this matter. If I do not hear otherwise from you, I will call you at 3:00 pm tomorrow (Thursday).

Regards,

**Nancy D.Savage**

Nancy D. Savage

Assistant City Attorney

HENDERSON™



PUBLIC RECORDS NOTICE: In accordance with NRS Chapter 239, this email and responses, unless otherwise made confidential by law, may be subject to the Nevada Public Records laws and may be disclosed to the public upon request.

# EXHIBIT D

**From:** Ariel Mitchell <ariel@arielesq.com>
**To:** windsorsykes@yahoo.com <windsorsykes@yahoo.com>
**Cc:** Shawn Perez <shawn711@msn.com>
**Sent:** Wednesday, April 2, 2025 at 11:12:29 AM CDT
**Subject:** Re: Sykes v. City of Henderson, et al., Case No. 2:22-cv-00956-JAD-EJY

Mr. Sykes-

First, we are still looking into this matter to determine if we will engage in representation. You had a deposition scheduled that would not have been to your benefit at that time, which is why I temporarily stepped in. We have not sent you an engagement letter and no formal engagement has commenced.

As you know I am not a licensed attorney in Nevada and require local counsel. Once we decide if and how we can move forward we will be in contact soon.

Namaste,

Ariel E. Mitchell, Esq.
500 NW 2nd Ave.
#12864
Miami, FL 33101
305-903-5835

> On Apr 2, 2025, at 11:36 AM, Mark Sykes <windsorsykes@yahoo.com> wrote:
>
> Dear Ms. Mitchell and Mr. Perez,
>
> I hope this message finds you well.
>
> I am writing to respectfully request a status update regarding your representation of me in the matter of Sykes v. City of Henderson, et al., Case No. 2:22-cv-00956-JAD-EJY, pending in the District of Nevada.
>
> As you confirmed via your March 5, 2025 correspondence to Ms. Nancy Savage (Assistant City Attorney for the City of Henderson), (see attached PDF) your firm accepted representation on my behalf and advised that the deposition scheduled that day in Little Rock, Arkansas, would be postponed. You also indicated that local counsel would file an appearance and a meet and confer would be arranged.
>
> To date, I have not received any follow-up confirming:
>
> Whether appearances have been formally filed with the court;
>
> Whether a new deposition date or discovery schedule has been discussed;
>
> What the next steps in the case will be and how I should be preparing.
>
> Please kindly advise me on the current posture of the case, your firm's involvement going forward, and what, if anything, is needed from me at this time. I remain fully cooperative and available to support the case however necessary.
>
> Thank you in advance for your time and attention to this matter. I greatly appreciate your advocacy and assistance.
>
> Warm regards,
> Mark Clifford Sykes
> P.O. Box 674
> Russellville, AR 72811

# EXHIBIT E

1   **NICHOLAS G. VASKOV**
    City Attorney
2   Nevada Bar No. 8298
    **NANCY D. SAVAGE**
3   Assistant City Attorney
    Nevada Bar No. 392
4   240 Water Street, MSC 144
    Henderson, NV 89015
5   (702) 267-1200 Telephone
    (702) 267-1201 Facsimile
6   nancy.savage@cityofhenderson.com
7
8   Attorneys for Defendants
    City of Henderson, Officer C. Watts,
9   Officer B. Shaffer, Sgt. K. Abernathy

10                  **UNITED STATES DISTRICT COURT**

11                      **DISTRICT OF NEVADA**

12
    MARK CLIFFORD SYKES,                    CASE NO.: 2:22-cv-00956-JAD-EJY
13
                        Plaintiff,
14
    v.
15                                          **DEFENDANT CITY OF**
                                            **HENDERSON'S ANSWERS TO**
16  CITY OF HENDERSON (A.K.A.)              **PLAINTIFF'S THIRD SET OF**
    HENDERSON POLICE DEPARTMENT of          **INTERROGATORIES**
17  CLARK COUNTY NEVADA, OFFICER C.
    WATTS P#2171, OFFICER B. SHAFFER
18  P#2237, SERGEANT K. ABERNATHY
    P#1207 in their individual capacity, et.al.,
19
20                      Defendants.

21  TO:    Mark Clifford Sykes, Plaintiff

22          Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant the City of Henderson

23  ("Defendant") responds to Plaintiff Mark Clifford Sykes' Third Set of Interrogatories, as follows:

24          The following definitions apply to Defendant's objections:

25          A.      "Nondiscoverable/Irrelevant" – The interrogatory in question concerns a matter that

26  is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the

27  discovery of admissible evidence.

28
                                    1

*(left margin, vertical text)* CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

B.    "Unduly burdensome" – The interrogatory in question seeks discovery which is unduly burdensome or expensive, taking into account the needs of the case, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

C.    "Vague" – The interrogatory in question contains a word or phrase which is not adequately defined, or the overall request is confusing or ambiguous within the context that it is used, and Defendant is unable to reasonably ascertain what information or documents Plaintiff seeks in the request.

D.    "Overly broad" – The request seeks information beyond the scope of, or beyond the time period relevant to, the subject matter of this litigation and, accordingly, seeks information which is non-discoverable/irrelevant and is unduly burdensome.

## GENERAL OBJECTIONS

Defendant City of Henderson objects to Plaintiff's interrogatories on the following grounds:

A.    Defendant objects to Plaintiff's interrogatories to the extent that they seek any information protected by any absolute or qualified privilege or exemption, including, but not limited to the attorney-client privilege, the attorney work-product exemption, statutory exemption and/or the consulting expert exemption.

B.    Defendant objects to Plaintiff's interrogatories to the extent they seek trade secrets, commercially sensitive information, or confidential proprietary data entitled to protection under FRCP 26.

C.    Defendant objects to Plaintiff's interrogatories to the extent they purport to impose obligations that are greater than or inconsistent with those set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Nevada.

D.    Answers will be made on the basis of information and writings available to and located by the Defendant at this time. There may be other and further information respecting the

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

2

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

interrogatories propounded by Plaintiff which the Defendant, despite its reasonable investigation and inquiry, is currently unaware. The Defendant reserves the right to modify or enlarge any answer with such pertinent additional information as it may subsequently discover.

E.      No incidental or implied admissions will be made by the responses to interrogatories. The fact that Defendant may respond or object to any interrogatory or part thereof, shall not be deemed an admission that it accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence. The fact that the Defendant responds to part of any interrogatory is not to be deemed a waiver by the Defendant of its objections, including privilege, to other parts of such interrogatory.

F.      The Defendant objects to any instruction or interrogatory to the extent that it would impose upon Defendant greater duties than are set forth under the Federal Rules of Civil Procedure. Defendant will supplement its responses to certain requests as required by Rule 26(e) of the Federal Rules of Civil Procedure.

G.      Each response will be subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any ground which would require the exclusion from evidence of any statement herein if any such statements were made by a witness present and testifying at trial, all of which objections and grounds are expressly reserved and may be interposed at such hearings.

**INTERROGATORY NO. 9:**

Please explain in full complete detail all of the exact information provided to dispatch, the time that was provided to dispatch that was used to allegedly confirm any alleged warrants related to the Plaintiff as presented in Brian Shaffer "Narratives Original Report" dated 6-17-2021 at Morrell Park before Plaintiff was arrested.

3

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET, MSC 144
HENDERSON, NV 89015

**ANSWER TO INTERROGATORY NO. 9:**

Objection, this interrogatory is unintelligible, vague and overly broad as to scope, context, time, and as to the use of the following terms and phrases: "full complete detail," "all of the exact information," "provided to dispatch," "the time that was provided to dispatch," "any alleged warrants related to the Plaintiff as presented," "Narratives Original Report" and "before Plaintiff's was arrested." Further, this Interrogatory is unduly burdensome in that it seeks information that is beyond the personal knowledge of this answering Defendant, and is duplicative of information previously produced in this litigation, including, but not limited to the previous production of the following: Henderson Police Department Reports DR#s 21-11044 and 21-11045, the Bench Warrant 20M06162, the Henderson Police Department's CAD Incident Recall records related to DR#s 21-11044 and 21-11045 concerning the events and investigation that occurred at Morrell Park in Henderson on or about June 17, 2021 ("Incident"). The audio and video recordings from the MAV and BWC systems worn by the Henderson Police Officers who responded to Morrell Park related to the Incident have also been produced in this litigation.

This Interrogatory is further objected to as beyond the scope of discovery permitted by FRCP 26 and is not proportional to the needs of the case.

DATED this 6th day of March 2025.

CITY OF HENDERSON

NANCY D. SAVAGE
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, Nevada 89015
Attorneys for Defendants
City of Henderson, Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

1

## CERTIFICATE OF SERVICE

2

Pursuant to FRCP 5(b), I hereby certify that I am an employee of the CITY OF

3

HENDERSON, and that on the 6th day of March 2025, I served by depositing the same in the United

4

States Mail, postage fully prepaid thereon, a true and correct copy of the foregoing **DEFENDANT**

5

**CITY OF HENDERSON'S ANSWERS TO PLAINTIFF'S THIRD SET OF**

6

**INTERROGATORIES**, addressed as follows:

7

8

Mark Clifford Sykes
c/o Ariel E. Mitchell, Esq.

9

P.O. Box 12864
Miami, Florida 33101

10

11

Employee of the Henderson City Attorney's Office

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

5

# EXHIBIT F

**NICHOLAS G. VASKOV**
City Attorney
Nevada Bar No. 8298
**NANCY D. SAVAGE**
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
nancy.savage@cityofhenderson.com

Attorneys for Defendants
City of Henderson, Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET, MSC 144
HENDERSON, NV 89015

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| MARK CLIFFORD SYKES,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF HENDERSON (A.K.A.)<br>HENDERSON POLICE DEPARTMENT of<br>CLARK COUNTY NEVADA, OFFICER C.<br>WATTS P#2171, OFFICER B. SHAFFER<br>P#2237, SERGEANT K. ABERNATHY<br>P#1207 in their individual capacity, et.al.,<br><br>                    Defendants. | CASE NO.: 2:22-cv-00956-JAD-EJY<br><br><br>**DEFENDANT CITY OF**<br>**HENDERSON'S RESPONSES TO**<br>**PLAINTIFF'S THIRD SET OF**<br>**REQUESTS FOR PRODUCTION OF**<br>**DOCUMENTS** |

TO:    Mark Clifford Sykes, Plaintiff

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the City of Henderson

("Defendant"), hereby submits its Responses to Plaintiff's Third Set of Requests for Production of

Documents, as follows:

### DEFINITIONS

      The following definitions apply to City of Henderson's objections:

      A.    "Nondiscoverable/Irrelevant" – The request in question concerns a matter that is not

1

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

B.    "Unduly burdensome" – The request in question seeks discovery which is unduly burdensome or expensive, taking into account the needs of the case, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

C.    "Vague" – The request in question contains a word or phrase which is not adequately defined, or the overall request is confusing or ambiguous, and City of Henderson is unable to reasonably ascertain what information or documents Plaintiff, Mark Clifford Sykes ("Plaintiff") seeks in the request.

D.    "Overly broad" – The request seeks information or documents beyond the scope of, or beyond the time period relevant to, the subject matter of this litigation and, accordingly, seeks information or documents which are non-discoverable/irrelevant and is unduly burdensome.

## GENERAL OBJECTIONS

City of Henderson objects to Plaintiff's First Set of Requests for Production of Documents ("Requests") on the following grounds:

A.    City of Henderson objects to Plaintiff's Requests to the extent that they seek any information protected by any absolute or qualified privilege or exemption, including, but not limited to the attorney-client privilege, the attorney work-product exemption, statutory exemption and/or the consulting expert exemption.

B.    City of Henderson objects to Plaintiff's Requests to the extent they seek documents or disclosure of information that is protected from disclosure by the work-product exemption in accordance with Rule 26 of the Federal Rules of Civil Procedure and applicable case law.

C.    City of Henderson objects to Plaintiff's Requests to the extent they seek documents or information protected from the disclosure pursuant to the consultant-expert exemption in accordance

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

1   with Rule 26 of the Federal Rules of Civil Procedure and applicable case law.

2       D.      City of Henderson objects to Plaintiff's Requests to the extent they seek trade secrets,

3   commercially sensitive information, or confidential information or proprietary data entitled to

4   protection under Rule 26 of the Federal Rules of Civil Procedure and section 49.325 of the Nevada

5   Revised Statutes or other applicable law.

6

7       E.      City of Henderson objects to Plaintiff's Requests to the extent they purport to impose

8   obligations that are greater than or inconsistent with those set forth in the Federal Rules of Civil

9   Procedure and the Local Rules of the United States District Court for the District of Nevada.

10      F.      City of Henderson objects to Plaintiff's Requests to the extent they are excessively

11  burdensome and that much of the information requested may be obtained by Defendant from other

12  sources more conveniently, less expensively, and with less burden.

13
        G.      City of Henderson objects to Plaintiff's Requests to the extent they purport to require

14  the City of Henderson to produce documents that are in the possession, custody or control of any

15  person or entity other than the City of Henderson.

16
        H.      This response will be made on the basis of documents available to and located by the

17  City of Henderson at this time.  There may be other and further documents respecting the requests

18  propounded by Plaintiff which the City of Henderson, despite its reasonable investigation and inquiry,

19  is currently unaware.  City of Henderson, therefore, reserves the right to modify or enlarge any

20  response with such pertinent additional documents as it may subsequently discover.

21
        I.      No incidental or implied admissions will be made by the responses to Plaintiff's

22  Requests.  The fact that the City of Henderson may respond or object to any request or any part

23  thereof shall not be deemed an admission that it accepts or admits the existence of any facts set forth

24  or assumed by such request, or that such response constitutes admissible evidence. The fact that the

25  City of Henderson responds to part of any request is not to be deemed a waiver by the City of

26

27

28

3

Henderson of its objections, including privilege, to other parts of such request.

J.     City of Henderson objects to any instruction or request to the extent that it would impose upon it greater duties than are set forth under the Federal Rules of Civil Procedure.  When necessary, City of Henderson will supplement its responses to requests as required by the Federal Rules of Civil Procedure.

K.     Each response will be subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any ground which would require the exclusion from evidence of any statement herein if any such statements were made by a witness present and testifying at trial, all of which objections and grounds are expressly reserved and may be interposed at hearings or trial.

**REQUEST NO. 13:**

Please produce any and all calls to dispatch by any of the officers that were at the scene of the robbery at Morrell Park on 6-17-2021 and communications to dispatch on 6-17-2021 where it was alleged that dispatch confirmed an alleged warrant related to the plaintiff.

**RESPONSE TO REQUEST NO. 13:**

Objection, this Request is compound. It is also vague and  overly broad as to scope, time and as to the use of the following terms and phrases:  "any and all," "communications," "to dispatch," "related to the robbery," "and communications to dispatch," "where it was alleged," "dispatch confirmed," "an alleged warrant" and "related to Plaintiff."  Further, this Request is unduly burdensome and duplicative to the extent that it appears to possibly seek production of documents and other materials that have previously been produced in this litigation, including, but not limited to the following: Henderson Police Department Reports DR#s 21-11044 and 21-11045,  the Henderson Police Department's CAD Incident Recall records related to DR#s 21-11044 and 21-11045 concerning the events and investigation that occurred at Morrell Park in Henderson on or about June

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

17, 2021 ("Incident"). The audio and video recordings from the MAV and BWC systems worn by the Henderson Police Officers who responded to Morrell Park related to the Incident have also been produced in this litigation. This Request is further objected to as beyond the scope of discovery permitted by FRCP 26 and is not proportional to the needs of the case.

**REQUEST NO. 14:**

Please produce the name of the individual who was on duty with the Henderson Dispatch that allegedly confirmed the alleged warrant related to the Plaintiff on 6-17-2021.

**RESPONSE TO REQUEST NO. 14:**

Objection, this Request is unintelligible. It is vague, overly broad as to scope, time and as to the use of the following terms and phrases: "produce the name," "the name," "the individual who was on duty," "that allegedly confirmed," "the alleged warrant" and "related to Plaintiff." It seeks that which is beyond the scope of FRCP 26 and 34 and is not proportional to the needs of the case. Further, this Request is unduly burdensome and duplicative to the extent that it appears to possibly seek production of documents and other materials that have previously been produced in this litigation, including, but not limited to the following: Henderson Police Department Reports DR#s 21-11044 and 21-11045, the Henderson Police Department's CAD Incident Recall records related to DR#s 21-11044 and 21-11045 concerning the events and investigation that occurred at Morrell Park in Henderson on or about June 17, 2021 ("Incident"). The audio and video recordings from the MAV and BWC systems worn by the Henderson Police Officers who responded to Morrell Park related to the Incident have also been produced in this litigation.

**REQUEST NO. 15:**

Please produce any and all affidavits filed in cases against any Henderson Police Department and its employees, officers, supervisors, chiefs between January 1, 2021 to December 31, 2024 which

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

was offered in cases related to discrimination and discriminatory acts by its employees, officers, supervisors and chiefs in the Henderson Police Department.

**RESPONSE TO REQUEST NO. 15:**

Objection, this Request is unintelligible and unduly burdensome. It is vague, overly broad as to scope, time, subject matter and as to the use of the following terms and phrases: "any and all," "filed," "cases," "against," "any Henderson Police Department and its employees, officers, supervisor, chiefs," "which was offered," "related to," "discrimination," "discriminatory acts," "by its employees, officers, supervisors and chiefs," "in the Henderson Police Department." It seeks that which is beyond the scope of FRCP 26, not relevant to the matters in issue in this matter, and is not proportional to the needs of the case

**REQUEST NO. 16:**

Please produce any and all video surveillances of the facility, the Henderson Detention Center (HDC) on 6-17-2021 at the time Plaintiff was escorted to and booked which shows Plaintiff receiving a copy of the warrant when Plaintiff asked to see the warrant.

**RESPONSE TO REQUEST NO. 16:**

Objection, this Request is vague and overly broad with respect to scope, subject matter, time and as to the use of the following terms and phrases: "any and all," "video surveillances," "of the facility, the Henderson Detention Center," "at the time," "Plaintiff was escorted to," "and booked," "which shows," "Plaintiff receiving a copy of the warrant," "the warrant," "when Plaintiff asked to

/ / /

/ / /

/ / /

/ / /

/ / /

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

see the warrant." It seeks that which is beyond the scope of FRCP 26. It is not proportional to the needs of the case.

DATED this 6th day of March 2025.

CITY OF HENDERSON

_____
NANCY D. SAVAGE
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, Nevada 89015
Attorneys for Defendants
City of Henderson, Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

### CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of the CITY OF HENDERSON, and that on the 6th day of March 2025, I served by depositing the same in the United States Mail, postage fully prepaid thereon, a true and correct copy of the foregoing **DEFENDANT CITY OF HENDERSON'S RESPONSES TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**, addressed as follows:

Mark Clifford Sykes
c/o Ariel E. Mitchell, Esq.
P.O. Box 12864
Miami, Florida 33101

_____
Employee of the Henderson City Attorney's Office

# EXHIBIT G

**NICHOLAS G. VASKOV**
City Attorney
Nevada Bar No. 8298
**NANCY D. SAVAGE**
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
nancy.savage@cityofhenderson.com

Attorneys for Defendants
City of Henderson, Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK CLIFFORD SYKES, | CASE NO.: 2:22-cv-00956-JAD-EJY |
| Plaintiff, | |
| v. | **<u>DEFENDANT OFFICER B. SHAFFER'S ANSWER TO PLAINTIFF'S SECOND SET OF INTERROGATORIES</u>** |
| CITY OF HENDERSON (A.K.A.) HENDERSON POLICE DEPARTMENT of CLARK COUNTY NEVADA, OFFICER C. WATTS P#2171, OFFICER B. SHAFFER P#2237, SERGEANT K. ABERNATHY P#1207 in their individual capacity, et.al., | |
| Defendants. | |

TO:    Mark Clifford Sykes, Plaintiff

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Officer B. Shaffer ("Defendant") responds to Plaintiff Mark Clifford Sykes' Second Set of Interrogatories, as follows:

The following definitions apply to Defendant's objections:

A.    "Nondiscoverable/Irrelevant" – The interrogatory in question concerns a matter that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

1

B.     "Unduly burdensome" – The interrogatory in question seeks discovery which is unduly burdensome or expensive, taking into account the needs of the case, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

C.     "Vague" – The interrogatory in question contains a word or phrase which is not adequately defined, or the overall request is confusing or ambiguous within the context that it is used, and Defendant is unable to reasonably ascertain what information or documents Plaintiff seeks in the request.

D.     "Overly broad" – The request seeks information beyond the scope of, or beyond the time period relevant to, the subject matter of this litigation and, accordingly, seeks information which is non-discoverable/irrelevant and is unduly burdensome.

## GENERAL OBJECTIONS

Defendant Officer B. Shaffer objects to Plaintiff's interrogatories on the following grounds:

A.     Defendant objects to Plaintiff's interrogatories to the extent that they seek any information protected by any absolute or qualified privilege or exemption, including, but not limited to the attorney-client privilege, the attorney work-product exemption, statutory exemption and/or the consulting expert exemption.

B.     Defendant objects to Plaintiff's interrogatories to the extent they seek trade secrets, commercially sensitive information, or confidential proprietary data entitled to protection under FRCP 26.

C.     Defendant objects to Plaintiff's interrogatories to the extent they purport to impose obligations that are greater than or inconsistent with those set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Nevada.

D.     Answers will be made on the basis of information and writings available to and located by the Defendant at this time. There may be other and further information respecting the

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

2

interrogatories propounded by Plaintiff which the Defendant, despite his reasonable investigation and inquiry, is currently unaware. The Defendant reserves the right to modify or enlarge any answer with such pertinent additional information as he may subsequently discover.

      E.      No incidental or implied admissions will be made by the responses to interrogatories. The fact that Defendant may respond or object to any interrogatory or part thereof, shall not be deemed an admission that he accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence. The fact that the Defendant responds to part of any interrogatory is not to be deemed a waiver by the Defendant of his objections, including privilege, to other parts of such interrogatory.

      F.      The Defendant objects to any instruction or interrogatory to the extent that it would impose upon Defendant greater duties than are set forth under the Federal Rules of Civil Procedure. Defendant will supplement its responses to certain requests as required by Rule 26(e) of the Federal Rules of Civil Procedure.

      G.      Each response will be subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any ground which would require the exclusion from evidence of any statement herein if any such statements were made by a witness present and testifying at trial, all of which objections and grounds are expressly reserved and may be interposed at such hearings.

## INTERROGATORY NO. 9:

Please explain in full complete detail all of the exact information provided to dispatch, the time that was provided to dispatch that was used to allegedly confirm any alleged warrants related to the Plaintiff as presented in your "Narratives Original Report" dated 6-17-2021 at Morrell Park before Plaintiff's was arrested.

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET, MSC 144
HENDERSON, NV 89015

**ANSWER TO INTERROGATORY NO. 9:**

Objection, this interrogatory is unintelligible, vague and overly broad as to scope, context, time, and as to the use of the following terms and phrases: "full complete detail," "all of the exact information," "provided to dispatch," "the time that was provided to dispatch," "any alleged warrants related to the Plaintiff as presented," " your Narratives Original Report" and "before Plaintiff's was arrested." Further, this Interrogatory is unduly burdensome in that it seeks information that is beyond the personal knowledge of this answering Defendant, and is duplicative of information previously produced in this litigation, including, but not limited to the previous production of the following: Henderson Police Department Reports DR#s 21-11044 and 21-11045, the Bench Warrant 20M06162, the Henderson Police Department's CAD Incident Recall records related to DR#s 21-11044 and 21-11045 concerning the events and investigation that occurred at Morrow Park in Henderson on or about June 17, 2021 ("Incident"). The audio and video recordings from the MAV and BWC systems worn by the Henderson Police Officers who responded to Morrell Park related to the Incident have also been produced in this litigation.

This Interrogatory is further objected to as beyond the scope of discovery permitted by FRCP 26 and is not proportional to the needs of the case.

DATED this 6th day of March 2025.

CITY OF HENDERSON

NANCY D. SAVAGE, ESQ.
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, Nevada 89015
Attorneys for Defendants
City of Henderson, Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

4

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of the CITY OF HENDERSON, and that on the 6th day of March 2025, I served by depositing the same in the United States Mail, postage fully prepaid thereon, a true and correct copy of the foregoing **DEFENDANT OFFICER B. SHAFFER'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**, addressed as follows:

Mark Clifford Sykes
c/o Ariel E. Mitchell, Esq.
P.O. Box 12864
Miami, Florida 33101

Employee of the Henderson City Attorney's Office

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

5

# EXHIBIT H

1   **NICHOLAS G. VASKOV**
    City Attorney
2   Nevada Bar No. 8298
    **NANCY D. SAVAGE**
3   Assistant City Attorney
    Nevada Bar No. 392
4   240 Water Street, MSC 144
    Henderson, NV 89015
5   (702) 267-1200 Telephone
    (702) 267-1201 Facsimile
6   nancy.savage@cityofhenderson.com
7
8   Attorneys for Defendants
    City of Henderson, Officer C. Watts,
9   Officer B. Shaffer, Sgt. K. Abernathy

10              **UNITED STATES DISTRICT COURT**

11                  **DISTRICT OF NEVADA**

12  MARK CLIFFORD SYKES,                CASE NO.: 2:22-cv-00956-JAD-EJY
13              Plaintiff,
14  v.
15                                      **DEFENDANT OFFICER B.**
                                        **SHAFFER'S RESPONSES TO**
16  CITY OF HENDERSON (A.K.A.)          **PLAINTIFF'S SECOND OF**
    HENDERSON POLICE DEPARTMENT of      **REQUESTS FOR PRODUCTION OF**
17  CLARK COUNTY NEVADA, OFFICER C.     **DOCUMENTS**
    WATTS P#2171, OFFICER B. SHAFFER
18  P#2237, SERGEANT K. ABERNATHY
    P#1207 in their individual capacity, et.al.,
19
20              Defendants.

21  TO:    Mark Clifford Sykes, Plaintiff

22          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Officer C. Watts

23  ("Defendant"), hereby submits his Responses to Plaintiff's Second Set of Requests for Production of

24  Documents, as follows:

25                       **DEFINITIONS**

26          The following definitions apply to Defendant's objections:

27          A.      "Nondiscoverable/Irrelevant" – The request in question concerns a matter that is not

28

                                    1

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET, MSC 144
HENDERSON, NV 89015

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

B.      "Unduly burdensome" – The request in question seeks discovery which is unduly burdensome or expensive, taking into account the needs of the case, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

C.      "Vague" – The request in question contains a word or phrase which is not adequately defined, or the overall request is confusing or ambiguous, and Defendant is unable to reasonably ascertain what information or documents Plaintiff, Mark Clifford Sykes ("Plaintiff") seeks in the request.

D.      "Overly broad" – The request seeks information or documents beyond the scope of, or beyond the time period relevant to, the subject matter of this litigation and, accordingly, seeks information or documents which are non-discoverable/irrelevant and is unduly burdensome.

## GENERAL OBJECTIONS

Defendant objects to Plaintiff's First Set of Requests for Production of Documents ("Requests") on the following grounds:

A.      Defendant objects to Plaintiff's Requests to the extent that they seek any information protected by any absolute or qualified privilege or exemption, including, but not limited to the attorney-client privilege, the attorney work-product exemption, statutory exemption and/or the consulting expert exemption.

B.      Defendant objects to Plaintiff's Requests to the extent they seek documents or disclosure of information that is protected from disclosure by the work-product exemption in accordance with Rule 26 of the Federal Rules of Civil Procedure and applicable case law.

C.      Defendant objects to Plaintiff's Requests to the extent they seek documents or information protected from the disclosure pursuant to the consultant-expert exemption in accordance

2

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

with Rule 26 of the Federal Rules of Civil Procedure and applicable case law.

D.    Defendant objects to Plaintiff's Requests to the extent they seek trade secrets, commercially sensitive information, or confidential information or proprietary data entitled to protection under Rule 26 of the Federal Rules of Civil Procedure and section 49.325 of the Nevada Revised Statutes or other applicable law.

E.    Defendant objects to Plaintiff's Requests to the extent they purport to impose obligations that are greater than or inconsistent with those set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Nevada.

F.    Defendant objects to Plaintiff's Requests to the extent they are excessively burdensome and that much of the information requested may be obtained by Plaintiff from other sources more conveniently, less expensively, and with less burden.

G.    Defendant objects to Plaintiff's Requests to the extent they purport to require the Defendant to produce documents that are in the possession, custody or control of any person or entity other than the Defendant.

H.    This response will be made on the basis of documents available to and located by the Defendant at this time.  There may be other and further documents respecting the requests propounded by Plaintiff which the Defendant, despite his reasonable investigation and inquiry, is currently unaware.  Defendant therefore reserves the right to modify or enlarge any response with such pertinent additional documents as he may subsequently discover.

I.    No incidental or implied admissions will be made by the responses to Plaintiff's Requests.  The fact that the Defendant may respond or object to any request or any part thereof shall not be deemed an admission that he accepts or admits the existence of any facts set forth or assumed by such request, or that such response constitutes admissible evidence. The fact that the Defendant responds to part of any request is not to be deemed a waiver by the Defendant of his objections,

including privilege, to other parts of such request.

        J.      Defendant objects to any instruction or request to the extent that it would impose upon him greater duties than are set forth under the Federal Rules of Civil Procedure. When necessary, Defendant will supplement his responses to requests as required by the Federal Rules of Civil Procedure.

        K.      Each response will be subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any ground which would require the exclusion from evidence of any statement herein if any such statements were made by a witness present and testifying at trial, all of which objections and grounds are expressly reserved and may be interposed at hearings or trial.

**REQUEST NO. 13:**

        Please produce any and all communications to dispatch by you related to the robbery at Morrell Park on 6-17-2021 and communications to dispatch on 6-17-2021 where it was alleged that dispatch confirmed an alleged warrant related to the Plaintiff.

**RESPONSE TO REQUEST NO. 13:**

        Objection, this Request is compound. It is also vague and overly broad as to scope, time and as to the use of the following terms and phrases: "any and all," "communications," "to dispatch," "related to the robbery," "and communications to dispatch," "where it was alleged," "dispatch confirmed," "an alleged warrant" and "related to Plaintiff." Further, this Request is unduly burdensome and duplicative to the extent that it appears to possibly seek production of documents and other materials that have previously been produced in this litigation, including, but not limited to the following: Henderson Police Department Reports DR#s 21-11044 and 21-11045, the Henderson Police Department's CAD Incident Recall records related to DR#s 21-11044 and 21-11045 concerning the events and investigation that occurred at Morrell Park in Henderson on or about June

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

17, 2021 ("Incident"). The audio and video recordings from the MAV and BWC systems worn by the Henderson Police Officers who responded to Morrell Park related to the Incident have also been produced in this litigation. This Request is further objected to as beyond the scope of discovery permitted by FRCP 26, and is not proportional to the needs of the case.

**REQUEST NO. 14:**

Please produce the name of the individual dispatch (sic) who was on duty with Henderson Dispatch that you allegedly spoke to that allegedly confirmed the alleged warrant related to the Plaintiff on 6-17-2021.

**RESPONSE TO REQUEST NO. 14:**

Objection, this Request is unintelligible. It is vague, overly broad as to scope, time and as to the use of the following terms and phrases: "produce the name," "the name," "the individual dispatch," "who was on duty," "that you allegedly spoke to," "allegedly confirmed the alleged warrant" and "related to." It seeks that which is beyond the scope of FRCP 26 and 34 and is not proportional to the needs of the case. Further, this Request is unduly burdensome and duplicative to the extent that it appears to possibly seek production of documents and other materials that have previously been produced in this litigation, including, but not limited to the following: Henderson Police Department Reports DR#s 21-11044 and 21-11045, the Henderson Police Department's CAD Incident Recall records related to DR#s 21-11044 and 21-11045 concerning the events and investigation that occurred at Morrell Park in Henderson on or about June 17, 2021 ("Incident"). The

/ / /

/ / /

/ / /

/ / /

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

5

1    audio and video recordings from the MAV and BWC systems worn by the Henderson Police Officers

2    who responded to Morrell Park related to the Incident have also been produced in this litigation.

3        DATED this 6th day of March 2025.

4

5                                    CITY OF HENDERSON

6

7

8                                    NANCY D. SAVAGE
                                     Assistant City Attorney
9                                    Nevada Bar No. 392
                                     240 Water Street, MSC 144
10                                   Henderson, Nevada 89015
                                     Attorneys for Defendants
11                                   City of Henderson, Officer C. Watts,
                                     Officer B. Shaffer, Sgt. K. Abernathy
12

13

14                          **CERTIFICATE OF SERVICE**

15        Pursuant to FRCP 5(b), I hereby certify that I am an employee of the CITY OF

16    HENDERSON, and that on the 6th day of March 2025, I served by depositing the same in the United

17    States Mail, postage fully prepaid thereon, a true and correct copy of the foregoing **DEFENDANT**

18    **OFFICER B. SHAFFER'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS**

19    **FOR PRODUCTION OF DOCUMENTS**, addressed as follows:

20                            Mark Clifford Sykes
21                            c/o Ariel E. Mitchell, Esq.
                              P.O. Box 12864
22                            Miami, Florida 33101

23

24                          Employee of the Henderson City Attorney's Office

25

26

27

28

                                         6