**NICHOLAS G. VASKOV**
City Attorney
Nevada Bar No. 8298
**NANCY D. SAVAGE**
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
Nancy.Savage@cityofhenderson.com

Attorneys for Defendants
"Henderson Police Department," Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK CLIFFORD SYKES,<br><br>          Plaintiff,<br><br>v.<br><br>CITY    OF    HENDERSON    (A.K.A.)<br>HENDERSON POLICE DEPARTMENT of<br>CLARK COUNTY NEVADA, OFFICER C.<br>WATTS P#2171, OFFICER B. SHAFFER<br>P#2237, SERGEANT K. ABERNATHY<br>P#1207 in their individual capacity, et. al.,<br><br>          Defendants. | CASE NO. 2:22-cv-00956-JAD-EJY<br><br><br>**REQUEST FOR SUBMISSION OF**<br>**DEFENDANTS' UNOPPPOSED MOTION**<br>**FOR SUMMARY JUDGMENT FOR**<br>**DECISION (ECF 50)** |

        Defendants City of Henderson "(A.K.A.) Henderson Police Department," Officer C. Watts,

Officer B. Shaffer and Sgt. K. Abernathy, (collectively referred to as "Defendants"), by and through

their attorney Nancy D. Savage, Esq., Assistant City Attorney,  respectfully request this Honorable

Court to accept the submission of the Defendants' unopposed Motion for Summary Judgment (ECF

50) for decision pursuant to LR 7-2 and Fed. R. Civ. Proc. 56.

/ / /

/ / /

This Request is made and based upon the pleading and papers on file in the above-entitled case, and upon the Points and Authorities herein.

DATED October 9, 2025.

CITY OF HENDERSON

*/s/ Nancy D. Savage*
NANCY D. SAVAGE
Nevada State Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
Nancy.Savage@cityofhenderson.com
Attorneys for Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### PERTINENT BACKGROUND

On August 21, 2025, Defendants filed their Motion for Summary Judgment (ECF 50) in the above-entitled action. On August 22, 2025, the Court entered and served its Minute Order regarding *Klingele v. Eikenberry* and *Rand v. Rowland* (ECF 52) ordering non-moving party Plaintiff Mark Clifford Sykes's ("Plaintiff") opposition was due 21 days from the date of said Minute Order.   The resulting due date for Plaintiff to file his opposition was September 12, 2025.

On Friday September 12, 2025, the Court received Plaintiff's "1st Emergency Petition for Extension of Time to File Opposition to Defendant's (sic) Motion for Summary Judgment" (ECF 53) "Emergency Petition". A hand file stamp on the Plaintiff's Emergency Petition indicates that the Emergency Petition was filed by the Clerk of the Court on Friday, September 12, 2025. Defendants' counsel did not receive notification of the filing of the Emergency Petition until an e-filing

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

notification was received from the Court on Monday, September 15, 2025.[1]  *See* Declaration of counsel attached hereto.

On Monday September 15, 2025, the Court's Minute Order Granting Plaintiff's Motion to Extend Time (ECF 54) was received through the Court's electronic filing system. Therein the Court ordered that Plaintiff's response to Defendants' summary judgment motion was due on Monday, October 6, 2025.

As of October 9, 2025, Plaintiff Mark Sykes has not filed a response to Defendants' Motion for Summary Judgment.

## II.

## DEFENDANTS' UNOPPOSED MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED

In this Court's Minute Order (ECF 52) regarding the *Klingele* and *Rand* cases*,* served on Plaintiff on August 22, 2025, it stated, "If the non-moving party [on a motion for summary judgment], fails to oppose the motion within twenty-one days, or if the non-moving party fails to submit evidence supporting its opposition, the court may consider the facts as undisputed. Accordingly, if the motion for summary judgment has merit the Court may then grant the motion and enter judgment." ECF 52; *See also* LR- 7-2(d).

Defendants' Motion for Summary Judgment in the above-referenced matter is unopposed. Although the district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition[2], the Court may grant an unopposed motion for summary judgment if the movant's papers are, themselves, sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001); *Henry v. Gill Indus. Inc*., 983 F. 2d 943, 950

---

[1] Defendants' counsel checked the Court's online list of filings in the case on the evening of September 14, 2025.  The most recent filing displayed was the August 22, 2025 Minute Order (ECF 52)
[2] *Cristobal v. Siegel,* 26 F.3d 1488, 1494-95, n.4 (9th Cir. 1994)

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

(9th Cir. 1993); s*ee also North American Specialty Insurance Company v. Royal Surplus Lines Insurance Company*, 541 F.3d 552, 558 (5th Cir. 2008) (if no factual showing is made in opposition to a motion for summary judgment, the district court is not required to search the record *sua sponte* for a triable issue of fact).

The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). As Rule 56(e) explains, "[i]f a party fails ... to properly address another party's assertion of fact[,] ... the court may ... consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *Heinemann*, 731 F.3d at 917.

The Defendants' Motion for Summary Judgment (ECF 50) should be granted. It is well established that the moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby Inc.,* 477 U.S.242, 248. Fed. R. Civ. Proc. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Defendants' Motion for Summary Judgment establishes that summary judgment should be entered in Defendants' favor premised upon the undisputed facts and applicable law set forth therein. Defendants' Motion for Summary Judgment establishes that summary judgment in favor of the Defendants, and each of them, is appropriate because a constitutional violation did not occur.  There

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

is no evidence in this matter that would establish the existence of a viable *Monell* claim against the City of Henderson and judgment should be rendered in favor of the City on that claim.

Plaintiff has failed to provide either admissible evidence or relevant legal authority, both of which are necessary to overcome Defendant Officers' qualified immunity defense. Although qualified immunity is a defense raised by the Defendants, it is the plaintiff who "bears the burden of showing that the rights allegedly violated were clearly established." *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017) (quoting *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000)). The occurrence of a constitutional violation is necessary for Plaintiff to recover pursuant to any of his claims. Under the circumstances, summary judgment in favor of each of the Defendants is appropriate.

## III.

## CONCLUSION

For the foregoing reasons, Defendants City of Henderson, Officer C. Watts, Officer B. Shaffer, and Sgt. Abernathy respectfully request this Honorable Court accept the submission of the Defendants' unopposed Motion for Summary Judgment for decision, and to enter its Order granting Defendants' Motion for Summary Judgment for the reasons set forth therein.

DATED October 9, 2025.

CITY OF HENDERSON


  */s/ Nancy D. Savage*
NANCY D. SAVAGE
Nevada State Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
Nancy.Savage@cityofhenderson.com
*Attorneys for Defendants*

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET  MSC 144
HENDERSON, NV 89015

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October 2025, I served the above and foregoing **REQUEST FOR SUBMISSION OF DEFENDANTS' UNOPPPOSED MOTION FOR SUMMARY JUDGMENT FOR DECISION (ECF 50)** through the Court's electronic filing system and by depositing a true and correct copy thereof in the United States Mail, postage fully prepaid thereon, and addressed to the following:

Mark Clifford Sykes
P.O. Box 674
Russellville, Arkansas 72811

_/s/ Shonda Johnson_
An Employee of the City of Henderson
City Attorney's Office

**DECLARATION OF NANCY D. SAVAGE ESQ. IN SUPPORT OF DEFENDANTS'**
**REQUEST FOR SUBMISSION OF DEFENDANTS' UNOPPPOSED MOTION FOR**
**SUMMARY JUDGMENT FOR DECISION (ECF 50)**

Nancy D. Savage declares, and states as follows:

1.      I am an attorney duly licensed and practicing law in the State of Nevada, County of Clark and am a member of the Nevada State Bar in good standing.  I am currently employed as an Assistant City Attorney by the City of Henderson at 240 Water Street, Henderson, Nevada 89015 and represent the Defendants City of Henderson, Officer C. Watts, Officer B. Shaffer, and Sgt. K. Abernathy in the above-entitled case.

2.      I am over the age of 18 years and have personal knowledge of the facts stated herein, except for those stated on information and belief, and as to those, I believe them to be true. I am competent to testify to the facts set forth herein and will so testify if called.

3.      On August 21, 2025, Defendants filed their Motion for Summary Judgment (ECF 50) in the above-entitled action.

4.      Plaintiff's opposition to the Defendant's Motion for Summary Judgment was due 21 days after the court entered its Klingele Order, which made the due date Friday September 12, 2025.

5.      Declarant did not receive Plaintiff's Opposition to the Motion for Summary Judgment on September 12, 2025.

6.      The court apparently received 1st Emergency Petition for Extension of Time to File Opposition to Defendant's (sic) Motion for Summary Judgment" (ECF 53) ("Emergency Petition") on September 12, 2025.

7.      Defendants' counsel did not receive notification of the filing of the Emergency Petition until an e-filing notification was received from the Court on Monday, September 15, 2025.

8.      The Emergency Petition was not shown in Pacer with the records for this case on the night of Sunday, September 14, 2025.

1

9.      When the Declarant received the Emergency Petition through the court's electronic filing system on Monday, September 15, 2025, there was a hand file stamp on the Petition indicating that the Emergency Petition was filed by the Clerk of the Court on Friday, September 12, 2025.

10.     On Monday September 15, 2025, the Court's Minute Order Granting Plaintiff's Emergency Petition to Extend Time (ECF 54) was received through the Court's electronic filing system.

11.     Through the Court's Minute Order (ECF 54) extending the time, Plaintiff Mark Sykes' response to the Defendants' Motion for Summary Judgment became due, expressly, on Monday, October 6, 2025.

12.     As of October 9, 2025, Mr. Sykes has not filed a response to Defendants' Motion for Summary Judgment.

13.     Plaintiff having failed to file a response, and there being no opposition to the Defendants' Motion for Summary Judgment, Defendants are filing their instant Request for Submission of their Unopposed Motion for Summary Judgment in good faith, for the purpose of obtaining a ruling from the upon said motion.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 9th day of October 2025.

/s/ Nancy D. Savage
NANCY D. SAVAGE

2