**NICHOLAS G. VASKOV**
City Attorney
Nevada Bar No. 8298
**NANCY D. SAVAGE**
Assistant City Attorney
Nevada Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
Nancy.Savage@cityofhenderson.com

Attorneys for Defendants
City of Henderson, Officer C. Watts,
Officer B. Shaffer, Sgt. K. Abernathy

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARK CLIFFORD SYKES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HENDERSON, OFFICER C. WATTS P#2171, OFFICER B. SHAFFER P#2237, SERGEANT K. ABERNATHY P#1207 in their individual capacity, et. al.,<br><br>Defendants. | CASE NO. 2:22-cv-00956-JAD-EJY<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S "PETITION" FOR LEAVE TO FILE SURREPLY TO DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (ECF 59)** |

Defendants City of Henderson, Officer C. Watts, Officer B. Shaffer and Sgt. K. Abernathy, (collectively referred to as "Defendants"), by and through their attorney Nancy D. Savage, Esq., Assistant City Attorney, respectfully submit their Opposition to Plaintiff's "Petition" for Leave to File Surreply (sic) to Defendants' Reply in Support of Motion for Summary Judgment (ECF 59).

/ / /

/ / /

/ / /

/ / /

1

This Opposition is made and based upon the pleadings and papers on file in the above-entitled action, the Points and Authorities herein and arguments of counsel at the time of hearing, if any.

DATED: November 26, 2025

CITY OF HENDERSON

 /s/ Nancy D. Savage
NANCY D. SAVAGE
Nevada State Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
Nancy.Savage@cityofhenderson.com
Attorneys for Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### PROCEDURAL BACKGROUND

On August 21, 2025, Defendants filed their Motion for Summary Judgment (ECF 50) in the above-entitled action. On August 22, 2025, the Court entered and served its Minute Order regarding *Klingele v. Eikenberry* and *Rand v. Rowland* (ECF 52) ordering non-moving party Plaintiff Mark Clifford Sykes' ("Plaintiff") Opposition due 21 days from the date of said Minute Order. The resulting due date for Plaintiff to file his Opposition was September 12, 2025.

On Friday, September 12, 2025, the Court received Plaintiff's "1st Emergency Petition for Extension of Time to File Opposition to Defendant's (sic) Motion for Summary Judgment" (ECF 53) "Emergency Petition." A hand file stamp on the Plaintiff's Emergency Petition indicates that the Emergency Petition was filed by the Clerk of the Court on Friday, September 12, 2025. Defendants' counsel did not receive notification of the filing of the Emergency Petition until an e-filing notification was received from the Court on Monday, September 15, 2025.[1]

---

[1] See Declaration of Counsel filed with ECF 55.

2

On Monday, September 15, 2025, the Court's Minute Order granting Plaintiff's Motion to Extend Time (ECF 54) was received through the Court's electronic filing system. Therein, the Court ordered that Plaintiff's deadline to respond to Defendants' Motion for Summary Judgment was Monday, October 6, 2025.  Mr. Sykes' Opposition to Defendants' Motion for Summary Judgment (ECF 56) was not filed until October 9, 2025. His Opposition was seventeen (17) pages in length plus an eighteenth page containing a Certificate of Service.

Defendants' Reply in Support of Their Motion for Summary Judgment (ECF 57) was filed on October 23, 2025.

Plaintiff filed his "Petition" for Leave to File Surreply (sic) to Defendants' Reply in Support of their Motion for Summary Judgment (ECF 59) on November 12, 2025.  The Plaintiff's proposed Sur-Reply to Defendants' Reply in Support of Motion for Summary Judgment provided therewith, is at 16 pages, essentially as long as his original Opposition.  It contains a reiteration of the arguments that Plaintiff made in his Opposition to Defendants' Motion for Summary Judgment. It also contains several new arguments made for the first time.

## II.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY SHOULD BE DENIED**

**A.  LEGAL STANDARD**

Sur-replies "are highly disfavored, as they usually are a strategic and improper effort by the non-movant to have the last word on a matter." *Stevens v. Prentice*, 2018 WL 3758577 (D. Nev. 2018); *Avery v. Barsky,* No. 3:12–cv–0652, 2013 WL 1663612, at *2 (D.Nev. Apr. 17, 2013).  Local Rule 7-2(b) only allows for a motion, a response, and a reply. Because sur-replies are discouraged, "only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed."

*Stevens v. Prentice, supra,* at *1; *Dahar v. Pennymac Loan Services, LLC*, 2024 WL 402732 (D. Nev. 2024); and *Borenstein v. Animal Foundation*, 2023 WL 2810258 (D. Nev. 2023).[2]

In *Rice v. City of North Las Vegas*, 2023 WL 6141667 (D. Nev. 2023) the non-movant plaintiff sought to strike portions of the defendants' reply in support of their motion for summary judgment, contending, as the Plaintiff has here, that the reply contained new arguments and evidence. In denying the motion to strike, the court stated:

> **The main purpose of a reply brief is to rebut the nonmovant's response**. *Vitale & Assocs., LLC v. Lowden*, No: 2:12-cv-01400-JAD-VCF, 2014 WL 1764715, at *4 (D. Nev. May 2, 2014); *see, e.g., Evans v. Encore Event Techs., Inc.*, No 2:15-cv-01120-GMN-CWH, 2017 WL 986357, at *1 n.1 (D. Nev. Mar. 14, 2017) **("[i]n a reply, a party may use evidence to rebut evidence presented in an opposition to a motion for summary judgment.")**. *Emphasis added*.

The reply in *Rice* included exhibits that had not been included in the defendants' motion for summary judgment. The Court stated that "[d]efendants are entitled to rebut the arguments in plaintiff's response [in opposition]." At *5. The Court held that the exhibits in defendants' reply were within the scope of responding to plaintiff's opposition and denied the plaintiff's motion to strike upon that basis.

While the Court can refuse to consider evidence or argument offered for the first time in a reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007), it is well established that the court can properly consider evidence and argument offered in a reply that is responsive to points raised in the non-moving party's opposition. *United States v. Taibi*, No. 10–CV–2250 JLS, 2012 WL 553143, *4 (S.D. Cal. Feb. 21, 2012) ("[B]ecause the[ ] documents respond directly to defendant's allegations made in his opposition brief, the Court finds it may properly consider this rebuttal evidence even

---

[2] Generally courts agree that surreplies will not be allowed except "in the most extraordinary circumstances." *Beckner v. Astrue,* 2007 WL 2013608 *1 (D.Kan.2007). *See also Gen.Elec. Co. v. Latin Am. Imports, S.A.,* 187 F. Supp 2d 749, 752 n. 1 (W.D.Ky.2001) ("[M]otions for surreplies ... will be summarily denied absent extraordinary circumstances."); *Atlin v. Mendes,* 2008 WL 5422871 *3 (N.D.Tex.2008) (moving party must set forth "exceptional or extraordinary circumstances warranting a surreply."); *Starr v. Cox,* 2008 WL 1914286 *2 (D.N.H.2008) (it is proper to deny "a motion for leave to file a surreply where the party failed to demonstrate that the case presented extraordinary circumstances warranting the relief sought.")

though it was offered for the first time in plaintiff's reply brief,") *EEOC v. Creative Networks, LLC and Res–Care, Inc.*, No. CV–05–3032–PHX–SMM, 2008 WL 5225807, *2 (D. Ariz. Dec. 15, 2008) (reviewing the rule that a party may not provide "new" evidence in a reply and deprive the opposing party of an opportunity to respond to it, but denying a motion to strike because the challenged evidence was not "new," as it properly rebutted arguments first raised in opposition to the motion for summary judgment)); *Aguirre v. Munk*, No. C 09–763 MHP, 2011 WL 2149087, *13 (N.D. Cal. June 1, 2011) ("There was no new evidence in defendants' reply. Any shift in focus between the motion and the reply was responsive to Aguirre's arguments and 'evidence' in opposition that were different from the allegations in the amended complaint"); *Bell v. Santa Ana City Jail*, No. SA CV 07–1218–ODW, 2010 WL 582543, *1 n. 3 (C.D. Cal. Feb. 16, 2010) ("The Court concurs with defendant that the evidence adduced in her reply raises no new issues and consists solely of a response to the arguments that plaintiff first raised in his opposition"); *QBAS Co., Ltd. v. C Walters Intercoastal Corp.*, No. SACV 10–406 AG, 2010 WL 7785995, *3–4 (C.D. Cal. Dec. 16, 2010) ("Defendants argue that new evidence submitted for the first time with a reply brief should not be considered. This issue arises frequently, and it's sometimes tricky to distinguish between impermissible 'new' evidence in a reply and evidence that is permissibly responsive to an argument made in the opposing party's opposition. In this case, the issue is not so tricky. Plaintiffs' evidence ... submitted with their reply is clearly permissible evidence responsive to Defendants' ... arguments. Thus, the ... objections are OVERRULED").

See also *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 WL 880408, at *1 (D. Ariz. Mar. 6, 2014) (denying motion to strike and holding the moving party "may file 'rebuttal' evidence to contravene arguments first raised by the non-moving party in its opposition"); *Evans v. Scribe One Limited LLC*, 2022 WL 194529, at *1 (D. Ariz. Jan. 21, 2022) (denying motion to strike and holding "[t]his District has repeatedly recognized, however, that [w]hile a party may not file new evidence

5

with a reply, *it may file rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition*" (internal quotations and citations omitted)). *Emphasis added*.

In the present matter, the arguments and evidence included in the Defendants' Reply in Support of their Motion for Summary Judgment are, in all instances, made in rebuttal to the arguments and evidence included in Plaintiff's Opposition to the Defendants' Motion for Summary Judgment. Under the circumstances, the Defendants' arguments and evidence were properly asserted, are appropriately considered by the court, and do not provide any basis for Plaintiff to be granted leave to file a sur-reply.

### B. PLAINTIFF HAS FAILED TO ESTABLISH THE EXISTENCE OF EXCEPTIONAL OR EXTRORDINARY CIRCUMSTANCES THAT WOULD WARRANT ALLOWING PLAINTIFF TO FILE A SUR-REPLY

A review of the Defendants' Reply in conjunction with the Plaintiff's Opposition to Defendants' Motion for Summary Judgment, establishes that the Reply specifically was made in rebuttal to the Plaintiff's arguments and evidence that were asserted in Plaintiff's Opposition. As more fully described in the Legal Standards section above, it is well established that arguments made and evidence provided in a reply, that are made in rebuttal to the non-movant's opposition, should not be precluded as "new arguments or evidence." It is expected that a reply will address and rebut arguments and evidence made in opposition to a motion for summary judgment.

None of the items/arguments that Plaintiff lists on page 2 of his Motion for Leave to File a Sur-reply are "new issues" raised by Defendants' Reply. A response to Plaintiff's contention that the six items on the list that is the basis for Plaintiff's Motion for Leave to File a Sur-Reply, is set forth as follows[3]:

    1. *"Alleging that Plaintiff's Opposition was untimely and should be disregarded."*

        There is **nothing** in Defendants' Reply that alleges or states that Plaintiff's

---

[3] The italicized sentence for each item is a direct quote from Plaintiff's list of new issues allegedly raised in Defendants' Reply as listed on p. 2 of Plaintiff's Motion for Leave to File a Sur-Reply.

Opposition was untimely and should be disregarded.

This claim is listed in Plaintiff's proposed sur-reply on page 1 of 16.

2. *"Arguing that Plaintiff abandoned certain claims by not addressing each individually."* Such an argument could not have been made in the Motion for Summary Judgment, but was appropriate rebuttal made in response to Plaintiff's failure to address claims in his Opposition. Plaintiff bears the burden of establishing his claims against each Defendant.

This claim is listed in Plaintiff's proposed sur-reply on page 1 of 16. It is not found in Plaintiff's Opposition.

3. *"Asserting that Plaintiff's Verified Complaint is not admissible evidence pursuant to Rule 56(c)."* Plaintiff did not cite any allegations or statements from his 1st Amended Verified Complaint in his Opposition. Fed. R. Civ. Proc. 56(c) was likewise not cited in the Defendants' Reply. There are certainly portions of Plaintiff's 1st Amended Verified Complaint that would be inadmissible. However, since Plaintiff failed to cite any specific statement from his 1st Amended Verified Complaint in his Opposition, Defendants were not required to, and it would have been unduly burdensome to go through Plaintiff's 56 page 1st Amended Verified Complaint (ECF 6) to provide, an advisory opinion regarding the admissibility of each of the allegations contained therein. Fed. R. Civ. Proc. 56(c)(3) provides, in pertinent part that on summary judgment, "[t]he court need only consider the cited materials . . . ;" Plaintiff did not cite anything specific from his 1st Amended Verified Complaint in his Opposition, and generically referring to the whole pleading does not provide an adequate citation for the opposing parties' response, or for the Court's consideration.

This claim appears to be listed in Plaintiff's proposed sur-reply on page 3 of

16. Essentially the same reference is contained in Plaintiff's Opposition Section A, page 5.

4. *"Recasting the bodycam and dashcam footage with new interpretations not presented in the original motion."* The purpose of a reply is to respond to Plaintiff's arguments and rebut them when appropriate. The videos referenced by Plaintiff were referred to in the Defendants' Motion for Summary Judgment and by Plaintiff in his Opposition. Rebuttal arguments in the Defendants' Reply were appropriate and do not establish the existence of exceptional or extraordinary circumstances that would warrant granting leave for Plaintiff to file a sur-reply.

This claim appears to be listed in Plaintiff's proposed sur-reply on pages 2 to 3 of 16. The videos are referenced in multiple sections of Plaintiff's Opposition.

5. *"Arguing that the court should resolve qualified immunity without jury review of facts."* The Defendants' arguments concerning application of qualified immunity as a basis for the granting summary judgment in favor of the Defendant officers in the present case, were made in the Defendants' original Motion for Summary Judgment.  As a result, qualified immunity was not even arguably a "new argument" when it was addressed further in the Defendants' Reply. The arguments in the Reply concerning qualified immunity were also made in rebuttal to Plaintiff's arguments in his Opposition.

This claim appears to be listed in Plaintiff's proposed sur-reply on pages 6 and 7 of 16.  It is already addressed in Plaintiff's Opposition, Section I, 1, pages 11 through 18.

6. *"Attempting to justify extending the investigative stop beyond its original purpose, robbery to warrant search."*  There is no "new argument" at the reply stage on this subject matter.  The propriety and the validity of the stop and the Plaintiff's arrest

pursuant to the bench warrant were initially covered by Defendants in their Motion for Summary Judgment. The Defendants' Reply appropriately addressed and rebutted the Plaintiff's arguments and factual assertions contained in his Opposition. This claim appears to be addressed on pages 9 through 12 of Plaintiff's proposed sur-reply, which includes an extensive list of cases that were not included in Plaintiff's Opposition. The cases that Plaintiff cited in his proposed sur-reply appear to cover a broad range of topics and scenarios that are, for the most part, distinguishable from the facts and circumstances of the instant case.

This subject matter was already covered by Plaintiff in his Opposition at Section B, pages 5 through 7.

In addition to the above items/topics that Plaintiff claims are the reasons that he should be given leave to file a sur-reply, the Plaintiff's proposed Sur-Reply contains numerous additional topics/sections with argument and authorities that are not referenced in his petition/motion for leave to file a sur-reply. Plaintiff's sur-reply has not even attempted to justify the inclusion of the following numerous subjects in a sur-reply:

1. "Municipal Liability (Monell Claims) Remains (sic) Properly Pled and Preserved";

2. "Factual Disputes Over Video Evidence Remain";

3. Section Titled "Targeted Rebuttal to Defendants' Reply", Section VII contains the following Sub-Headings: "DP400 as Evidence – Not Standalone Claim"; "Pattern/Practice Evidence is Usable at Summary Judgment"; "Equal Protection Objective Framework, Not 'Subjective Belief'"; "Hiibel Does Not Authorize Mission Creep"; "Probable Cause Must Exist at the Moment of Arrest"; "Tiong is Inapposite After RS Dissipates"; and "Individualized Conduct (Qualified Immunity).

9

4. Section IX of Plaintiff's Proposed Sur-Reply is titled "Supplemental Clarifications and Rebuttals to Defendants' Reply" and contains several disjointed responses to the arguments made by Defendants in their Reply.

5. Section XI titled "Reasonable Suspicion is Not Law" at page 12. The same topic was already included in Plaintiff's Opposition pages 10 to 11.

6. Section XII titled "Request for Judicial Notice and Consideration" pages 12-13 of Plaintiff's Proposed Sur-Reply;

7. Section XIII, titled "Genuine Issues for Trial" on pages 13-14 of Plaintiff's Proposed Sur-Reply. This section appears to supplement a list contained in Plaintiff's Opposition (Section V, pages 16 to 17). This new list has ten additional alleged issues to be tried; and

8. Sections XIV and XV objecting to Counsel's Declaration in Supporting Defendants' Reply and incorrectly alleging that Defendants' Counsel's Declaration violates Nevada RPC 3.7(a).

Nevada RPC 3.7(a) provides as follows:

> (a) A lawyer shall not act as advocate **at a trial in which the lawyer is likely to be a necessary witness unless**:
>
> (1) The testimony relates to an uncontested issue;
>
> (2) The testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) Disqualification of the lawyer would work substantial hardship on the client. Emphasis added.

Counsel's Declaration in Support of Defendants' Reply is not being submitted at trial, and Defendants' attorney is not being called or expected to be called as a witness at trial of this case. Defendants' counsel is certainly not a necessary witness. Under the circumstances, Nevada RPC 3.7(a) does not apply to Counsel's Declaration contained in Defendants' Reply in Support of Motion

for Summary Judgment (ECF 57) at pages 16-17.

Plaintiff should not be permitted to add arguments concerning the above extensive list of topics, that were overwhelmingly absent from Plaintiff's original Opposition, through a Sur-reply.

### C. PLAINTIFF'S "PETITION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED

Defendants' arguments and evidence offered in rebuttal to Plaintiff's Opposition were appropriate and did not create exceptional or extraordinary circumstances that would support granting Plaintiff's Motion for Leave to File a Sur-reply. If they did, non-movants would be allowed to file sur-replies in every case in which a reply is filed. Plaintiff's proposed sur-reply is a reiteration, repetition, and supplementation of the arguments that he already made in his Opposition. In his proposed sur-reply, Plaintiff has included voluminous additional authorities that ostensibly support the same arguments that he already made and/or arguments that could have been made in his original Opposition but were not. Plaintiff obtained an extension of several weeks to prepare and file his Opposition and could have requested an additional extension if it was needed. He only decided to seek leave to submit more authorities and arguments after Defendants had filed their reply.

Applicable law is unequivocal. To be granted leave to file a sur-reply, the party seeking leave must establish that there are exceptional or extraordinary circumstances that warrant granting such leave. Here, Plaintiff seems to assume that leave would be granted to him, just because he filed an (inadequate) "petition." Plaintiff's petition/motion for leave to file a sur-reply fails to provide anything that establishes the required existence of exceptional or extraordinary circumstances necessary to warrant granting him leave to file a sur-reply. Upon that basis alone, Plaintiff's Petition/Motion for Leave to File a Sur-Reply should be denied.

What Plaintiff includes in his proposed sur-reply is not, for the most part, even referenced in Plaintiff's Motion for Leave to File a Sur-reply. It is obvious from a review of the proposed sur-reply that Plaintiff is seeking a second bite at the apple to further oppose the Defendants' Motion for

Summary Judgment. The proposed sur-reply is equivalent in length to Plaintiff's original Reply and is repetitive of most of the arguments that Plaintiff has already covered, in addition to a significant number of additional authorities in support, and arguments not previously made. Many of the added authorities have no applicability to the circumstances underlying the issues in the instant case.

Sur-replies are highly disfavored because they are usually a strategic effort by the non-movant to have the last word on the matter. *Sims v. Paramount Gold and Silver Corp.*, 2010 WL 5364783 (D. Ariz. 2010). Plaintiff's proposed sur-reply is clearly intended for that purpose, as well as to shore up his Opposition with arguments and authorities that could have been made and cited at the time that he prepared and filed his original Opposition.

### III.
### CONCLUSION

For the foregoing reasons, Defendants City of Henderson, Officer C. Watts, Officer B. Shaffer and Sgt. K. Abernathy, respectfully request this Honorable Court to deny Plaintiff's Petition for Leave to File Sur-Reply to Defendants' Reply in Support of their Motion for Summary Judgment.

DATED: November 26, 2025.

CITY OF HENDERSON

*/s/ Nancy D. Savage*
NANCY D. SAVAGE
Nevada State Bar No. 392
240 Water Street, MSC 144
Henderson, NV 89015
(702) 267-1200 Telephone
Nancy.Savage@cityofhenderson.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November 2025, I served the above and foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S "PETITION" FOR LEAVE TO FILE SURREPLY TO DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (ECF 59),** through the Court's electronic filing system and by depositing a true and correct copy thereof in the United States Mail, postage fully prepaid thereon, and addressed to the following:

Mark Clifford Sykes
P.O. Box 674
Russellville, Arkansas 72811

*/s/ Laura Kopanski*
An Employee of the City of Henderson
City Attorney's Office