WILLIAM H. BROWN, ESQ. (7623)
THE LAW OFFICES OF
WILLIAM H. BROWN, LTD.
400 S. 4th St., Suite 600
Las Vegas, NV 89101
Tel.: (702) 816-2200
E-mail: WBrown@BrownMishler.com
*Attorney for Plaintiff Mark Clifford Sykes*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MARK CLIFFORD SYKES,<br>Plaintiff,<br>v.<br><br>OFFICER CODY WATTS, OFFICER BRIAN SHAFFER, and SERGEANT KEVIN ABERNATHY, in their individual capacities,<br>Defendants. | CASE NO.: 2:22-cv-00956-JAD-EJY<br><br>**Proposed Joint Pretrial Order** |

After pretrial proceedings in this case,

IT IS ORDERED

## I. NATURE OF ACTION AND PARTIES' CONTENTIONS

This civil-rights action proceeds to jury trial on Plaintiff Mark Clifford Sykes's claim under 42 U.S.C. § 1983 that Officers Cody Watts and Brian Shaffer and Sergeant Kevin Abernathy, in their individual capacities, violated the Fourth Amendment by continuing his investigatory detention beyond its lawful length or scope and arresting him before an independent lawful basis for arrest arose. The Court granted summary judgment for Defendants on all other claims. [ECF No. 62.] Plaintiff seeks nominal, compensatory, and punitive damages and any other relief permitted by law.

Plaintiff contends that, after officers learned that he and Deedrick Love were witnesses rather than robbery suspects, the justification for continuing the investigatory detention

dissipated; that officers nevertheless prolonged the detention and initiated his arrest before the bench warrant was sufficiently confirmed or another lawful basis for arrest existed; and that the individual Defendants are liable for the resulting damages.

Defendants contend that the encounter was a continuous lawful progression from a valid investigatory stop, through lawful identity and warrant inquiries, to an arrest supported by a facially valid bench warrant and probable cause; that each Defendant acted reasonably based on the information available to him; that no Defendant violated Plaintiff's Fourth Amendment rights or caused compensable injury; and that each Defendant is entitled to qualified immunity.

## II. STATEMENT OF JURISDICTION

The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) because the remaining claim arises under 42 U.S.C. § 1983 and the Fourth Amendment. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to the claim occurred in Henderson, Nevada, within this District.

## III. FACTS ADMITTED BY THE PARTIES AND REQUIRING NO PROOF

1. On June 17, 2021, Plaintiff Mark Clifford Sykes was present at Morrell Park in Henderson, Nevada, with Deedrick Love.

2. Henderson Police Department officers responded to Morrell Park after reports of a robbery and carjacking.

3. Officers Cody Watts and Brian Shaffer and Sergeant Kevin Abernathy were Henderson Police Department officers and acted under color of state law during the encounter with Plaintiff.

4. Officers conducted an investigatory stop of Plaintiff. The Court has determined that the initial investigatory stop was supported by reasonable suspicion.

5. During the encounter, a records inquiry returned an active Henderson Municipal Court bench warrant bearing Plaintiff's name.

6. Sergeant Abernathy directed Plaintiff to turn around, Officer Shaffer handcuffed Plaintiff, and Plaintiff was transported to the Henderson Detention Center.

7. Plaintiff was charged with obstruction and was later acquitted of that charge in Henderson Municipal Court.

8. On March 31, 2026, the Court granted summary judgment for Defendants on all claims except Plaintiff's Fourth Amendment false-arrest claim against Officers Watts and Shaffer and Sergeant Abernathy. ECF No. 62.

## IV. FACTS, THOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY

None.

## V. ISSUES OF FACT TO BE TRIED AND DETERMINED AT TRIAL

1. What information concerning the reported robbery, suspect descriptions, vehicles, and witnesses was communicated to each Defendant, and when.

2. When and how each Defendant learned that Plaintiff and Deedrick Love were witnesses rather than robbery suspects.

3. What each Defendant knew at each material stage of the encounter concerning Plaintiff's possible involvement in the reported robbery.

4. What was said concerning which vehicle Plaintiff owned or drove, whether Plaintiff possessed a driver's license, and whether any vehicle Plaintiff owned or controlled was connected to the reported robbery.

5. What identifying information each Defendant requested from Plaintiff; what information Plaintiff provided, declined to provide, or offered to obtain; and when.

6. When any identification, driver's-license, records, or warrant inquiry concerning Plaintiff was initiated and what information each inquiry returned.

7. When the bench warrant bearing Plaintiff's name was located; what additional information was sought to determine whether the warrant applied to Plaintiff; when the warrant was confirmed as Plaintiff's warrant; and when that information was communicated to each Defendant.

8. When Sergeant Abernathy directed Plaintiff to turn around and when Officer Shaffer began restraining and handcuffing Plaintiff.

9. Whether Plaintiff's middle name was requested before or after Sergeant Abernathy directed him to turn around and Officer Shaffer began restraining or handcuffing him.

10. When Plaintiff was told that he was being arrested on the bench warrant.

11. When Plaintiff was warned that declining to provide his middle name could result in an obstruction charge.

12. What actions each Defendant took in continuing Plaintiff's detention and effectuating his arrest, and when each action occurred.

13. What each Defendant knew when he took each action concerning Plaintiff's detention or arrest.

14. The duration of each material stage of Plaintiff's detention before he was arrested.

15. Whether Plaintiff suffered any injury or damages caused by any period of detention or arrest found to be unconstitutional and, if so, the nature and amount of those damages.

16. What each Defendant said, did, and knew concerning Plaintiff's continued detention and arrest, to the extent those facts bear on punitive damages.

## VI. ISSUES OF LAW TO BE TRIED AND DETERMINED AT TRIAL

The Court has determined that the initial investigatory stop was supported by

reasonable suspicion. ECF No. 62 at 11–13. The lawfulness of the initial stop is not an issue remaining for trial.

1. Whether, under the historical facts found by the jury, the justification for continuing to detain Plaintiff in connection with the robbery had dissipated.

2. Whether the identification, driver's-license, records, or warrant inquiries remained within the lawful mission and scope of the investigatory stop.

3. Whether any inquiry unrelated to the robbery unlawfully prolonged Plaintiff's detention without an independent lawful basis.

4. When Plaintiff's investigatory detention became an arrest for purposes of the Fourth Amendment.

5. Whether, at the time Plaintiff's arrest began, the bench warrant had been sufficiently confirmed as applicable to Plaintiff to supply probable cause for his arrest.

6. Whether, at the time Plaintiff's arrest began, probable cause existed to arrest Plaintiff for obstruction or on any other independent lawful basis.

7. Whether Plaintiff's continued detention or arrest violated the Fourth Amendment.

8. Whether the confirmed warrant supplied an independent lawful basis for Plaintiff's arrest and limits any recoverable damages to injuries caused before that lawful basis arose.

9. Whether each Defendant personally participated in or legally caused a violation of Plaintiff's Fourth Amendment rights.

10. Whether, after resolution of the disputed historical facts material to qualified immunity, each Defendant is entitled to qualified immunity as a matter of law.

11. Whether Plaintiff is legally entitled to nominal, compensatory, or punitive damages and the standards governing each available category of damages.

12. Whether Defendants are entitled to judgment as a matter of law under Rule 50(a) on

the constitutional violation, individual participation, causation, qualified immunity, or damages.

## VII. EXHIBITS, ELECTRONIC EVIDENCE, DEPOSITIONS, AND DEPOSITION OBJECTIONS

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the Clerk:

| Exhibit No. | Description | Offered By |
|---|---|---|
| S-1 | CONFIDENTIAL 407(1), Cody Watts Dash Cam (2), Bate No. COH000205; | |
| S-2 | CONFIDENTIAL 407(2), Cody Watts BWC, Bate No. COH000206; | |
| S-3 | CONFIDENTIAL 407(3), Danny Navarro Dash Cam (2), Bate No. COH000207; | |
| S-4 | CONFIDENTIAL 407(4), Ed Bogdanowicz BWC, Bate No. COH000208; | |
| S-5 | CONFIDENTIAL 407(5), Cody Watts Dash Cam, Bate No. COH000209; | |
| S-6 | CONFIDENTIAL 407(6), Ed Bogdanowicz Dash Cam, Bate No. COH000210; | |
| S-7 | CONFIDENTIAL 407(7), Danny Navarro BWC (2), Bate No. COH000211; | |
| S-8 | CONFIDENTIAL 407(8), Danny Navarro Dash Cam, Bate No. COH000212; | |
| S-9 | CONFIDENTIAL 407, Danny Navarro BWC, Bate No. COH000213; | |
| S-10 | CONFIDENTIAL M Corad BWC, Bate No. COH000468; | |
| S-11 | CONFIDENTIAL M Corad Dash Cam (2), Bate | |

| Exhibit No. | Description | Offered By |
|---|---|---|
| | No. COH000469; | |
| S-12 | CONFIDENTIAL M Corad Dash Cam, Bate No. COH000470; | |
| S-13 | CONFIDENTIAL M Corad Dash Cam- Seat (3), Bate No. COH000471; | |
| S-14 | CONFIDENTIAL M Corad Dash Cam-Seat (4), Bate No. COH000472; | |
| S-15 | CONFIDENTIAL 400, Brian Shaffer Dash Cam, Bate No. COH000214; | |
| S-16 | CONFIDENTIAL 440 (1), Brian Shaffer Dash Cam (2), Bate No. COH000215; | |
| S-17 | CONFIDENTIAL 440 (2), Brian Shaffer BWC, Bate No. COH000216; | |
| S-18 | CONFIDENTIAL 407, Kevin Abernathy BWC, Bate No. COH000217; | |
| S-19 | CONFIDENTIAL 407 (1), Kevin Abernathy Dash Cam, Bate No. COH000218; | |
| S-20 | Phone Call DR#21-11044 COH000204 | |
| S-21 | TOW FEE'S - EXHIBIT C | |
| S-22 | BAILBOND CONTRACT | |
| S-23 | DOCKET SHEET - EXHIBIT A | |
| S-24 | SYKES.407 Report 21-11044_REDACTED COH000001-COH000006 - Cody Watts and Danny Navarro Incident report and Statement (Narrative) | |
| S-25 | SYKES. Report 21-11045_REDACTED COH000007-COH000010 - Brian Shaffer Incident Report and Statement | |

| Exhibit No. | Description | Offered By |
|---|---|---|
| | (Narrative); | |
| S-26 | 6.17.21 CAD Incident Recall DR #21-11045 COH000035-COH000044 | |
| S-27 | 6.17.21 CAD Incident Recall HF210617000105 COH000045-COH000050 | |
| S-28 | 6.17.21 CAD Incident Recall HF210617000112 COH000051-COH000058 | |
| S-29 | 6.17.21 Incident Details - Call Data Records_Redacted COH000059-COH000073 | |
| S-30 | CAD2_HPD Incident Report Redacted COH000224-COH000225 | |
| S-31 | Witness Statement - Gudiel Gomez Redacted COH000226 | |
| S-32 | Witness Statement - Heather Tuohy Redacted COH000227 | |
| S-33 | DP400 - HPD Policy Re Preliminary Investigations COH000229-COH000233 (1) | |
| S-34 | Henderson Municipal Court Bench Warrant dated June 17, 2021 COH000034 | |
| S-35 | Amended First Verified Complaint dated November 3, 2022 COH000116-COH000171 | |
| S-36 | CAD Incident Recall w/Audit Trail (Certified) for Incident HP210617000841 COH000541 | |
| S-37 | CAD Incident Recall w/Audit Trail (Certified) | |

| Exhibit No. | Description | Offered By |
|---|---|---|
| | for Incident HP210617000843 COH000542-COH000551 | |
| S-38 | Mark Clifford Sykes Declaration of Arrest dated June 17, 2021 COH000552-COH000553 | |
| S-39 | Transcript of Telephone Call DR#21-11044 COH000554-COH000569 | |

**(b) As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:**

| Exhibit No. | Description | Objecting Party | Objection / Grounds |
|---|---|---|---|
| P-1 | Confidential - Thedrick Andres Freedom of Information Request 06 24 2021 | | FRE 401/402: Irrelevant; no nexus to Defendants or this incident. FRE 403: Unfairly prejudicial, confusing, and collateral. FRE 404: Improper character and propensity evidence. FRE 802/805: Hearsay and hearsay within hearsay. FRE 901: Lacks authentication and foundation. |
| P-2 | Affidavit of Hector Villa and Xavier Johnson former HPD (indication of discrimination of black individuals in the workforce. | Defendants | FRE 401/402: Irrelevant; no nexus to Defendants or this incident. FRE 403: Unfairly prejudicial, confusing, and collateral. |

| Exhibit No. | Description | Objecting Party | Objection / Grounds |
|---|---|---|---|
| | | | FRE 404: Improper character and propensity evidence. FRE 802/805: Hearsay and hearsay within hearsay. FRE 901: Lacks authentication and foundation. |

The parties have made stipulations on admissibility, authenticity, and identification whenever possible.

**(c) Electronic evidence:**

The parties intend to present admitted body-worn-camera video, dash-camera video, dispatch material, and other electronic evidence in a format compatible with the Court's electronic jury-evidence display system. Subject to the Court's direction, admitted electronic exhibits may be made available to the jury during deliberations.

The parties will consult the District of Nevada's applicable electronic-evidence requirements and contact Judge Jennifer A. Dorsey's courtroom administrator regarding any chambers-specific requirements for preparing and submitting electronic evidence, exhibit binders, deposition materials, and trial technology.

**(d) Depositions:**

The parties do not presently intend to offer deposition testimony in lieu of live testimony. This statement does not limit impeachment use permitted by Fed. R. Civ. P. 32(a)(2). If either party later intends to offer deposition testimony substantively, the party must identify the deponent and designate the page-and-line portions offered in this section,

and the opposing party must state any objections and grounds here.

## VIII. WITNESSES

*The following witnesses may be called by the parties at trial. The list does not include witnesses offered solely for impeachment.*

**(a) Plaintiff's witnesses:**

| Name | Address / Business Address | Expected / May Call | Subject Matter |
|---|---|---|---|
| (Plaintiff) Mark Clifford Sykes | c/o counsel | Expected | Facts and circumstance of investigation and arrest |
| (Defendant) Officer Cody Watts | c/o counsel | Expected | Facts and circumstance of investigation and arrest |
| (Defendant) Officer Brian Shaffer | c/o counsel | Expected | Facts and circumstance of investigation and arrest |
| (Defendant) Sergeant Kevin Abernathy | c/o counsel | Expected | Facts and circumstance of investigation and arrest |
| HPD Officer O. Navarro | c/o counsel | Expected | Facts and circumstance of investigation and arrest |
| HPD Officer M. Corad | c/o counsel | Expected | Facts and circumstance of investigation and arrest |
| HPD Capt. Ed Bogdanowicz | c/o counsel | Expected | Facts and circumstance of investigation and arrest |
| HPD Officer E. Tschirgi | c/o counsel | Expected | Facts and circumstance of investigation and arrest |
| HPD Officer J. Hijar | c/o counsel | Expected | Facts and circumstance of investigation and |

| Name | Address / Business Address | Expected / May Call | Subject Matter |
|---|---|---|---|
| | | | arrest |
| Heather Tuohy | 419 Pumpkin Way Henderson, Nevada 89015 | Expected | Conversation with HPD Officer O. Navarro |
| Eliel Rivas | 216 Fullerton A venue Henderson, Nevada 89015 | Expected | Report of carjacking |
| Jamia Cruz | Address unknown | Expected | Witnessed incident(s) |
| Custodian(s) of records for HPD dispatch, BWC repository, and HPD Policy DP400 | c/o counsel | May call absent stipulation | Authentication of exhibits absent stipulation |
| TBD: Dispatcher | c/o counsel | Expected | Dispatched response |
| | | | |

**(b) Defendant's witnesses:**

| Name | Address / Business Address | Expected / May Call | Subject Matter |
|---|---|---|---|
| (Plaintiff) Mark Clifford Sykes | c/o counsel | Expected | Facts and circumstance of investigation and arrest |
| (Defendant) Officer Cody Watts | c/o counsel | Expected | Facts and circumstance of investigation and arrest |
| (Defendant) Officer Brian Shaffer | c/o counsel | Expected | Facts and circumstance of investigation and arrest |
| (Defendant) Sergeant Kevin Abernathy | c/o counsel | Expected | Facts and circumstance of investigation and arrest |
| HPD Officer O. Navarro | c/o counsel | Expected | Facts and circumstance of investigation and arrest |

| Name | Address / Business Address | Expected / May Call | Subject Matter |
|---|---|---|---|
| HPD Capt. Ed Bogdanowicz | c/o counsel | Expected | Facts and circumstance of investigation and arrest |
| TBD: Dispatcher | c/o counsel | Expected | Dispatched response |

## IX. PROPOSED TRIAL DATES

The attorneys or parties have met and jointly offer these three trial dates:

10/26/2026 – 10/30/2026

11/2/2026 – 11/12/2026

11/18/2026 – 11/25/2026

It is expressly understood by the undersigned that the Court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

It is estimated that the trial will take a total of 4 days.

## X. MOTIONS IN LIMINE

No motions in limine have been filed as of the date of this proposed Joint Pretrial Order.

**APPROVED AS TO FORM AND CONTENT:**

/s/ *William Brown*
WILLIAM H. BROWN, ESQ.
The Law Offices of William H. Brown, Ltd.
Attorney for Plaintiff Mark Clifford Sykes

DATED: August 9, 2026

/s/ *Brandon Kemble*
BRANDON P. KEMBLE
Assistant City Attorney
Nevada Bar No. 011175
Attorney for Defendants

DATED: August 9, 2026

## XI. ACTION BY THE COURT

1. Trial date. This case is set for a jury trial on

______________________________________________.

2. Calendar call. The parties must appear for Calendar Call on

______________________________________________.

3. Length of trial. The parties must plan and prepare their witness schedules to finish this trial within four trial days.

4. Trial documents must be filed by Calendar Call. No later than noon on the day before the scheduled Calendar Call, each party must file with the Court: (a) the parties' trial briefs; (b) a list of each party's witnesses; (c) a stipulated exhibit list, and separate exhibit lists for exhibits that are not stipulated; (d) jointly proposed jury instructions and separate jury instructions for proposed instructions that are not stipulated to; and (e) each party's proposed voir dire questions.

5. Deposition designations due 30 days before trial. Any party who anticipates presenting

deposition testimony in lieu of live testimony must file page-and-line designations and a mini version of each relevant deposition transcript at least 30 days before trial. Objections to those designations must be filed no later than five calendar days after the designations are filed. Responses to objections are due three calendar days after the objections are filed.

6. Motions in limine. Motions in limine are due ________________________________, and responses are due 14 days later. Replies will be allowed only with leave of court. Before filing any motion in limine, the parties must meaningfully meet and confer by telephone or in person. A party raising multiple in-limine issues must include them in a single omnibus motion that numbers each issue consecutively. Motions in limine must address true evidentiary issues and must identify the particular evidence or argument at issue.

DATED: ________________________________.

__________________________________________
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of THE LAW OFFICE OF WILLIAM H. BROWN, LTD., and that on August 10, 2026, I served the foregoing Proposed Joint Pretrial Order via the Court's CM/ECF platform.

By: /s/ *William Brown*
An employee of
THE LAW OFFICE OF
WILLIAM H. BROWN, LTD.