**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Mark Clifford Sykes,

Plaintiff

v.

City of Henderson et al,

Defendants

Case No.: 2:22-cv-00956-JAD-EJY

**Order Denying Motion in Limine**

[ECF No. 77]

This case is headed to trial on Mark Clifford Sykes's false-arrest claim against Henderson Police Officers Shaffer, Watts, and Abernathy. He claims that the officers had no reasonable suspicion to hold him for a carjacking incident that took place nearby once it became clear that he was a witness to the crime and not the perpetrator, and they discovered and executed a preexisting arrest warrant while they were unlawfully detaining him. The defendants move in limine to preclude Sykes from making the argument that his post-warrant custody is compensable because the warrant was discovered during an allegedly unlawful detention or arrest and to limit any evidence of the post-warrant arrest to necessary background or chronology with an appropriate limiting instruction. They argue that the fruit-of-the-poisonous-tree doctrine does not apply to 42 U.S.C. § 1983 actions, so Sykes cannot argue that the lawful arrest would not have occurred but for a prior unconstitutional detention, and he cannot recover damages on a § 1983 claim based on that theory. Because Sykes's claim is about a pre-arrest civil-right violation and whether that allegedly unlawful detention caused the custody that followed, I deny the motion.

**Discussion**

A motion in limine permits the court to rule on the admissibility of evidence or testimony in advance of trial.[1] Though not explicitly authorized by the Federal Rules of Evidence (FRE), the practice of ruling in limine on evidentiary issues is based on the "district court's inherent authority to manage the course of trials."[2] "However, in limine rulings are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial."[3] And denying a motion in limine does not guarantee that all evidence raised in the motion will be admissible at trial;[4] it "merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."[5]

The remaining issue in this case is whether Sykes can show that reasonable suspicion for the carjacking incident dissipated and turned into unlawful detention prior to his arrest. The defendants argue that because Sykes was eventually arrested based on a valid warrant, he cannot recover damages from that arrest—even if his original detention was unconstitutional—because Ninth Circuit law holds that the fruit-of-the-poisonous-tree doctrine does not apply to § 1983 actions.[6] Sykes replies that because his claim includes a pre-arrest violation, the question is whether the unlawful detention caused the custody that followed.[7]

---

[1] *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *see Ohler v. United States*, 529 U.S. 753, 754–55 (2000) (affirming the district court's decision to admit prior felony convictions in limine).

[2] *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

[3] *Ohler*, 529 U.S. at 758 n.3 (emphasis omitted) (citing *Luce*, 469 U.S. at 41–42).

[4] *Tracey v. Am. Fam. Mut. Ins. Co.*, 2010 WL 3724896, at *2 (D. Nev. Sept. 17, 2010) (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

[5] *Id.*

[6] ECF No. 77 at 3.

[7] ECF No. 80 at 1.

The parties disagree about the framing of this inquiry and which Ninth Circuit precedent applies. The defendants argue that *Lingo v. City of Salem* is controlling, while Sykes contends that the causation principles applied in *Mendez v. County of Los Angeles* are applicable to this case. In *Lingo*, the Ninth Circuit held that "the exclusionary rule does not apply in § 1983 cases."[8] The court explained that the exclusionary rule and the fruit-of-the-poisonous-tree doctrine are "'judicially created means of deterring illegal searches and seizures'" and that "the Supreme Court has 'repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials.'"[9] And in *Mendez*, the court applied causation principles to the lawful use of force against a house's occupants and found that the injuries that resulted from a shooting were compensable because the earlier unlawful entry to the house was the but-for and proximate cause of them.[10]

I find that the logic in *Mendez* applies to this case. In that case, LA County Sheriff officers were looking for a parolee-at-large that they believed to be armed and dangerous, and they ended up at the shack in which the Mendezes lived and were asleep.[11] Two officers entered the structure without announcing their presence, and as Mr. Mendez got up from a futon, he grabbed a BB gun that was on the futon to put it on the floor.[12] In doing so, he briefly pointed the gun in the general direction of the officers; believing that the gun was a threat, the officers shot Mr. Mendez and his wife several times.[13] The Mendezes sued the officers under § 1983 for

---

[8] *Lingo v. City of Salem*, 832 F.3d 953, 958 (9th Cir. 2016).

[9] *Id.* (quoting *Penn Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 363 (1998)).

[10] *Mendez v. Cnty. of Los Angeles*, 897 F.3d 1067, 1076 (9th Cir. 2018).

[11] *Id.* at 1072.

[12] *Id.*

[13] *Id.*

Fourth Amendment violations.[14] The question was not whether the shooting itself was reasonable (the court held that it was); the issue was whether the injuries were actually and proximately caused by the earlier unlawful entry into the home. The Ninth Circuit held that they were and that the Mendezes could recover damages under § 1983, noting that "an armed officer's high-alert entry can foreseeably lead the officer to use deadly force in response to a misapprehended threat."[15]

Here, like in *Mendez*, the relevant question is not whether the later decision by officers was lawful. If Sykes can convince a jury that prior to his arrest his detention had become unlawful because reasonable suspicion had dissipated, the question of whether his post-warrant custody is compensable is a question of causation. The question would be whether injuries resulting from a lawful choice (the arrest)[16] are compensable because the earlier unlawful action (in *Mendez* the entry without a warrant, and in this case the detention after reasonable suspicion had dissipated) was their proximate and but-for cause.

The holdings of *Lingo* (and the Seventh Circuit case *Atkins v. City of Chicago*, which the defendants also rely on) are about whether an arrest itself was lawful.[17] Because the inquiry here is about whether a pre-arrest civil-rights violation was the proximate and but-for reason Sykes spent time in custody, it is distinct from those cases, so I deny the defendants' motion.

---

[14] *Id.*

[15] *Id.* at 1077.

[16] Sykes does not concede that his arrest was lawful, still for the purpose of analogizing the case to *Mendez*, I posit that if it were lawful, that does not end the inquiry.

[17] *Lingo*, 832 F.3d at 957; *Atkins v. City of Chicago*, 631 F.3d 823, 827 (7th Cir. 2011).

**Conclusion**

IT IS THEREFORE ORDERED that the motion in limine **[ECF No. 77] is DENIED.**

U.S. District Judge Jennifer A. Dorsey
November 9, 2026